399. Plaintiff's 2nd ANR plan as submitted to the PBH is in compliance with all applicable requirements and regulations, under M.G.L. and zoning bylaws of the town of Holland.

400. Members of the PBH had no discretion in endorsing plaintiff's 2nd ANR application. Endorsement of plaintiff's 2nd ANR plan by the PBH was ministerial act and mandatory according to M.G.L., c.41,s.81P.

401. Plaintiff had a constitutionally protected property interest in the endorsement of his 2, ANR plan.

402. October 17, 2002: Plaintiff filed a written notice with the town clerk on submission of said plan pursuant to M.G.L., c.41,s.81T.

403. November 7, 2002: Contrary to the provisions of M.G.L., c.41,s.81P, the Board failed to act upon plaintiff's submission within 21 days. M.G.L., c.41,s.81P requires that endorsement be entered "forthwith" by the PBH if plan does not involve a subdivision.

404. November 7, 2002: By the PBH's inaction, plaintiff's 2nd ANR plan becomes constructively endorsed according to M.G.L., c.41,s.81P.

405. PBH failed to take a vote (final action) and failed to send plaintiff "written notice of its determination", two statutory requirements pursuant to M.G.L., c.41,s.81P.

406. November 19, 2002: Plaintiff, accompanied by three witnesses, asked the town clerk if he had any decision filed from the PBH on his 2nd ANR plan.

407. Town clerk was unable to produce any documents and stated that he would not have anything on file on plaintiff's 2nd ANR plan. Afterwards, plaintiff attended the PBH meeting and Debra Benveniste was able to produce a copy of the PBH's written decision on plaintiffs 2nd ANR plan.

408. The members of the PBH inform plaintiff that his 2nd ANR application was denied.

409. Plaintiff informs the Board, that he will file a lawsuit in Superior Court against the Board, since the Board failed to take "final action", failed to follow proper procedures, and also failed to notify plaintiff by mailing a written notice of the Board's decision, statutory requirements under M.G.L., c.41,s.81P; and the open meeting law M.G.L., c.39,s.23B.

410. November 19, 2002: On or after this day, members of the PBH fraudulently falsified the official record (minutes) to the meeting of October 16, 2002. Members of the Board crossed out by hand the words "will deny" and added "voted to deny" by hand.

unable to sell same due to the failure of the Defendant(s) to properly act upon his submission of his plan.

420. December 10, 2002: Notice of deposition of three members of the PBH.

421. December 16, 2002: Answer of the defendant and counterclaim.

422. December 17, 2002: Filing of plaintiff's request for entry of default.

423. December 18, 2002: Letter from Vincent McCaughey, attorney of defendant(s), containing misleading manipulative statements stating facts about a phone conversation between plaintiff and Vincent McCaughey that were incorrect.

424. December 19, 2002: Letter from plaintiff to Vincent McCaughey, attorney of defendant(s), setting the record straight.

425. December 30, 2002: Plaintiff deposes Joanne May and Earl Johnson Debra Benveniste ignores the notice. At a deposition, she testified that she had to work that day.

426. Deponent Earl Johnson, member of the PBH and town selectman, and represented by counsel Vincent McCaughey, commited perjury when he testified under oath. Quoting Mr. Johnson:

> "But in essence, Mr. Frei we denied your project (1st ANR plan) back in July and sent you a letter to that effect,".

427. Compliance or noncompliance of the notification requirement, mandated under M.G.L., c.41,s.81P, is a material matter in this case.

428. Earl Johnson, in furtherance of an ongoing conspiracy between Debra Benveniste, himself, and other town officials, testified falsely to a material matter which he did believed not to be true and testified that the PBH sent plaintiff a letter denying plaintiff's 1st ANR plan, whereas in truth and in fact, the defendant, then and there, well knew that the PBH failed to notify plaintiff, and that he was swearing falsely in violation of M.G.L., c.268,s.1.

429. Debra Benveniste admitted in a letter, dated December 22, 2003, that the PBH failed to comply with the mandatory notification requirement and failed to mail such document on plaintiff's 1st ANR plan. Interestingly, Earl Johnson was not even questioned to this fact; Earl Johnson volunteered this information, and willfully and knowingly committed perjury. This deposition took place at the offices of Catuogno Court Reporting Services, One Monarch Place, 1414 Main Street, Springfield Massachusetts, at 9:30 a.m.

430. January 21, 2003: According to the minutes of the PBH meeting on this date, Defendant Debra Benveniste, chairman of the PBH,

allegedly placed a "no trespassing order" against plaintiff because plaintiff asked town clerk for her address.

431. January 28, 2003: Plaintiff inquires with the Holland Police about the break-in of June 22, 2002, since he has not heard any thing from the court and he is unable to get restitution for the damage done by the suspects. Kevin Gleason, now Chief of Police, explained to plaintiff, that it would not be unusual if plaintiff did not hear any thing from the court. A lot of times, suspects would enter a plea-bargain or the case would get thrown out without notification or involvement of the victim.

432. No attempt was made by the chief of police to find out why plaintiff had not heard anything or if the two juveniles were arraigned or charged.

433. Plaintiff claims that Kevin Gleason deliberately failed to forward the papers and failed to file them with the court. Kevin Gleason conspired with Sally Blais, Earl Johnson, and maybe other town officials against plaintiff.

434. March 10, 2003: On his way home, plaintiff was followed by Holland Police, in a marked police cruiser, crossing the state line into Connecticut. As plaintiff pulls over to the left side at the entrance to a sand pit off of Gilbronson Road, (Connecticut) and stops his car, the officer in the marked cruiser stops his cruiser and blinds plaintiff with his search light for no reason. The Holland Police Department does not have any jurisdiction in the state of Connecticut. The officer finally drove off without any further actions. This was an attempt to intimidate plaintiff.

435. March 14, 2003: Kevin Gleason explained to plaintiff that he allegedly filed the papers in juvenile court in Sringfield. Kevin also explained, that he would be more than glad to re-file the papers in case they could not find the copy he (allegedly) filed in Springfield with the juvenile court on June 24, 2002.

436. March 19, 2003: Plaintiff talks to Assistant District Attorney, Richard Morse, at the Superior Court House in Springfield. Plaintiff suspects that Kevin Gleason, chief of police, never forwarded papers on the "break-in" of his cottage due to discriminatory animus.

437. Kevin Gleason did get his job as Chief of Police in Holland, because the Selectman, Earl Johnson, made it possible. Earl Johnson is also a member of the PBH.

438. Richard Morse's investigation into the matter revealed that there was no indication to confirm that Kevin Gleason ever filed the papers regarding the break-in with the court as stated, or that the two juveniles were ever charged.

439. April 7, 2003: Vincent McCaughey, in his "DEFENDANT'S

OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT", states:

> "It is apparent that the Plaintiff was aware of the time frame in his failure to appeal by a subsequent filing of an "ANR" plan in October of 2002. The refusal of the Planning Board of the Town of Holland to endorse that plan is currently before this Court".

440. Vincent McCaughey knew, or should have known, that plaintiff filed his 2nd ANR to have his parcel subdivided into 3 lots. Plaintiff's 1st ANR subdivided his parcel into 2 lots.

441. In order to deceive the court, Vincent McCaughey made wrong statements of facts.

442. August 21, 2003: Vincent McCaughey produces documents requested by plaintiff per discovery order. Plaintiff requested, among other documents, copies of all ANR plan applications submitted since May 1, 1997. All of the submitted ANR plans but plaintiff's ANR plan were accepted and endorsed by the PBH. One of the ANR plans was accepted despite the fact that it did not comply with the frontage requirements, see entry December 18, 2001.

443. September 11, 2003: During a deposition in which plaintiff deposed Debra Benveniste, Vincent McCaughey interfered in an attempt to intimidate plaintiff and hinder plaintiff from deposing Debra Benveniste. Vincent McCaughey repeatedly objected to plaintiff's questions. Plaintiff asked him for the basis of his repeated and interfering objections; Mr. McCaughey's answer was, quote:

> "It's a leading question",

plaintiff:
> "I have a right to lead",

Vincent McCaughey:
> "You do not have a right to lead. Mr. Frei, I am not going to debate the issue",

plaintiff:
> "It is an issue. I just want to have it on the record...".

444. Plaintiff then informed Mr. McCaughey that plaintiff is aware of Mass. Rules of Civ. P. rule 43(b), after which Mr. McCaughey stopped interfering.

445. Mr. McCaughey knew, or should have known, that plaintiff has

Page 45 of 90 Pages

the right to examine Debra Benveniste, defendant, by leading questions.

446. September 12, 2003: Plaintiff notified Robert Ford, former town clerk, in a timely fashion, of a deposition scheduled for this day, in which plaintiff was going to depose Robert Ford. Robert Ford had moved to Connecticut and refused to accept certified letter containing notice at his new address. Robert Ford did not attend the deposition.

447. October 16, 2003: During a deposition of Debra Benveniste, chairman of the PBH, Debra Benveniste under oath swore that she would testify truly, did willfully testify falsely to a material matter which she did not believe to be true, to wit: the defendant testified that the members of the PBH voted on plaintiff's 1st ANR plan during the regular meeting of July 2, 2002, when in fact, the members of the PBH did not take a vote during that meeting, (final action). To utter Debra Benveniste's perjury, plaintiff handed her document "written notice of decision", which the PBH is mandated to mail the applicant, (plaintiff). Plaintiff then asked Debra Benveniste to identify the document. Debra Benveniste identified the document, testified that she wrote the document, and that she signed the document. This document "written notice of decision" is dated June 24, 2002, handwritten and signed by Debra Benveniste one week prior to the alleged vote that was allegedly taken during the meeting of July 2, 2002. This document is also time stamped by the town clerk on June 24, 2002. Debra Benveniste, defendant, in truth and in fact, then and there well knew that the members of the PBH did not take a vote on plaintiff's 2nd ANR plan during the meeting on July 2, 2002, (final action), and that Debra Benveniste was swearing falsely in violation of M.G.L., c.268,s.1 and M.G.L., c.265,s.37. Debra Benveniste was represented by counsel, Vincent McCaughey, who was present at all times during this deposition which took place at the offices of Catuogno Court Reporting Services, One Monarch Place, 1414 Main Street, Springfield, Massachusetts, at 9:00 a.m. Perjured testimony was in regards to a material issue in the Superior Court case, docket number HDCV2002-1196.

448. October 16, 2003: During the same deposition of Debra Benveniste, chairman of the PBH, Debra Benveniste under oath swore that she would testify truly, did willfully testify falsely to a material matter which she did not believe to be true, to wit: the defendant testified, that the members of the PBH mailed a "written notification" on the PBH's decision on plaintiff's 1st ANR plan application to plaintiff, when in fact Debra Benveniste, in truth and in fact, then and there, well knew that the members of the PBH failed to mail said document "written notification" to plaintiff, and that Debra Benveniste was swearing falsely in violation of M.G.L., c.268,s.1, and M.G.L., c.265,s.37. Debra Benveniste was represented by counsel, Vincent McCaughey, who was present at all times during this deposition which took place at the offices of Catuogno Court Reporting Services, One Monarch

      Place, 1414 Main Street, Springfield, Massachusetts, at 9:00 a.m. Perjured testimony was in regards to a material issue in the Superior Court case, docket number HDCV2002-1196.

449. October 16, 2003: During the same deposition of Debra Benveniste, chairman of the PBH, Debra Benveniste under oath swore that she would testify truly, did willfully testify falsely to a material matter which she did not believe to be true, to wit: the defendant testified, that plaintiff was present during the alleged taking of the vote by the PBH, when in fact Debra Benveniste, in truth and in fact, then and there, well knew that plaintiff could not have been present, as the PBH never took a vote, and that Debra Benveniste was swearing falsely in violation of M.G.L., c.268,s.1, and M.G.L., c.265,s.37. Debra Benveniste was represented by counsel, Vincent McCaughey, who was present at all times during this deposition which took place at the offices of Catuogno Court Reporting Services, One Monarch Place, 1414 Main Street, Springfield, Massachusetts, at 9:00 a.m. Perjured testimony was in regards to a material issue in the Superior Court case, docket number HDCV2002-1196.

450. December 29, 2003: In the JOINT PRE-TRIAL MEMORANDUM, Mr. McCaughey deliberately stated facts known to him to be wrong. He stated, quote:

> "This case has been pleaded by the plaintiff as an appeal of the denial of an ANR plan yet he is seeking damages for said denial".

451. Counsel McCaughey is under "continuous obligation" to inform himself about the facts of the case. Vincent McCaughey, by making this false statement and others, violated M.G.L., c.221,s.38, M.G.L., c.265,s.37; and engaged in unethical conduct in violation of SJC RULE 3:07 (rule 3.3(a), rule 3.4). SJC RULE 3:07 (rule 3.3 and rule 3.4)

452. Plaintiff pleaded under COUNT I:

> Defendant(s) failed to execute their non-discretionary duty and therefore constructively endorsed plan as "no approval required plan",

Wherefore, Plaintiff respectfully demands that judgment be entered in his favor and against the defendant(s);

> that the court issues an order of Mandamus against the Defendant(s), and that the court compels the Defendant(s) to endorse plan submitted by Plaintiff without any further delay, and that Defendant(s) issue required certificate;

453. Plaintiff never pleaded to be aggrieved by the decision of the PBH, instead, Plaintiff claimed that failure of planning board

to take final action concerning 2nd ANR plan within required time resulted in endorsement being deemed granted.

454. December 16, 2003: Plaintiff suggested to defendant(s) attorney during preparation of the joint pre trial hearing in the Superior court case docket number HDCV2002-1196, to waive the protection of the best evidence rule. Defendant(s) attorney declined and insisted to invoke the protection.

455. To obtain authenticated and certified copies of needed minutes and other documents, plaintiff together with a witness attended the open meeting with the PBH on this day. Despite the fact that the attending members, Debra Benveniste, chairman, and Joanne May, clerk, were present, Debra Benveniste said, quote: "I'm in a meeting. I don't have time for that", and "I want to talk to Vincent McCaughey before I give you anything". Plaintiff showed her copy of rule 44 of the Mass. Rules of civ.P. She then promised to send plaintiff the requested copies, as long as it would be okay with Vincent McCaughey, defendant(s) counsel.

456. December 22, 2003: Debra Benveniste sends letter to plaintiff, stating that the keeper of the records would be the town clerk and a request for true copies would have to be made in writing to the town clerk. Debra Benveniste also promised in said letter, that she would send plaintiff a copy of the minutes to the meeting of December 16, 2003, which would be approved at the next meeting on January 20, 2004.

457. March 23, 2004: Town clerk sends letter to plaintiff, explaining that town clerk would not be statutory custodian of planning board minutes and other planning board documents.

458. To this day, the filing date of this complaint, plaintiff was unable to get true copies despite numerous phone calls and visits with the town clerk. Debra Benveniste never mailed the copy of the Minutes she promised to send.

**COUNT I,** (violation of equal protection of the laws)

459. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 458 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 35, 36, 40, 41, 44 above, and further states, that:

460. Harold Congdon, chairman of the BOH, Robert Dymon, member of BOH, defendant(s), and other members of the BOH, refused to issue plaintiff a percolation test permit, instead, the BCH requested that plaintiff install a septic system with a holding tank (tight-tank), without a leach facility, in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

461. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L. Defendant(s) therefore violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

462. Defendant(s) had no discretion in approving or endorsing plaintiff's plan or application, or issuing plaintiff the sought permit, which was in compliance with all statutory requirements under M.G.L., and was also in compliance with all applicable sections of the Code of Massachusetts Regulations, and applicable bylaws of the town of Holland.

463. Defendant(s) were motivated by bias, bad faith, or improper motive. By their actions, defendant(s) abused their power, and interfered or attempted to interfere with M.G.L., c.265, s.37.

464. Plaintiff had an entitlement in the approval or endorsement of his plan, or issuing of the sought permit, and approval or endorsement or issuing of plan or application or permit, was ministerial act, mandated by law. Defendant(s) do not enjoy qualified governmental immunity, as such immunity is only available for discretionary acts.

465. Defendant(s) arbitrary, irrational conduct is not rationally related to legitimate concerns of actors, government or public interest, and injured plaintiff directly or indirectly in his person and personal property.

466. Defendant(s) singled out plaintiff and treated him different than other persons in the same or similar situations, without respect to the statutory criteria, which the equal protection clause forbids.

467. Plaintiff informed defendant(s) of his rights and informed defendant(s) of the detriment of their unlawful acts. Defendant(s) therefore had knowledge of the wrongs to be done, and would have had the power to prevent the commission of the wrongs, but failed to do so.

468. This denial of plaintiff's right to equal protection under the laws by the defendant(s), consistently relates to the development, enjoyment, and/or sale of part of his property.

469. Defendant(s) violations create on their face a mandatory entitlement for redress.

470. Defendant(s) acted at all times under color of state law in their treatment of plaintiff's various applications.

471. As a result of the defendant(s)' violation of plaintiff's right to equal protection of the laws, plaintiff suffered one or more of the following: Substantial damages, including but

not limited to, delayed and/or blocked development of his property, denial of enjoyment of his property, failed execution of sale of part of his property, lost profits, inability to finance the completion of his two-story garage, and extreme mental and emotional distress.

**COUNT II,** (violation of equal protection of the laws)

472. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 471 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 37, 38, 40, 44, 462-471 above, and further states, that:

473. Harold Congdon, chairman of the BOH, Robert Dymon, member of BOH, defendant(s), and other members of the BOH, failed to approve plaintiff's 1st set of plans for an individual subsurface sewage disposal system and requested instead that plaintiff submit plans without a leaching facility, and with a holding tank (tight-tank) instead, in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

474. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L. Defendant(s) therefore violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT III,** (violation of equal protection of the laws)

475. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 474 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 39-44, 462-472 above, and further states, that:

476. Harold Congdon, chairman of the BOH, Robert Dymon, member of BOH, defendant(s), and other members of the BOH, failed to approve plaintiff's application for a construction permit for a individual subsurface sewage disposal system and requested instead, that plaintiff install a septic system with a holding tank (tight-tank), without a leaching facility, in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

477. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L. Defendant(s) therefore violated plaintiff's right to equal protection under the laws, guaranteed under

    Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

### COUNT IV, (violation of substantive due process)

478. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 477 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 35, 36, 40, 41, 44 above, and further states, that:

479. Harold Congdon, chairman of the BOH, Robert Dymon, member of BOH, defendant(s), and other members of the BOH, refused to issue plaintiff a percolation test permit, instead, the BOH requested that plaintiff install a septic system with a holding tank (tight-tank), without a leaching facility, in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; and M.G.L., c.265,s.37.

480. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process. Defendant(s) therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

481. Defendant(s) deliberate egregious misconduct is shocking to the conscience, and/or plaintiff has a constitutionally protected property interest or entitlement in the approval or endorsement of his plan or application, or issuing of the sought permit. Approval or endorsement of plan or application, or issuing of permit, was ministerial act, mandated by law.

482. Defendant(s) were motivated by bias, bad faith, or improper motive. By their actions, defendant(s) abused their power, and interfered or attempted to interfere with M.G.L., c.265,s.37.

483. Plaintiff was not heard at a meaningful time in a meaningful manner by the defendant(s), and proceedings were fundamentally flawed, inadequate, irregular and unlawful.

484. Defendant(s) had no discretion in approving or endorsing plaintiff's plan or application, or issuing plaintiff the sought permit, which was in compliance with all statutory requirements under M.G.L.; and was also in compliance with all applicable sections of the Code of Massachusetts Regulations and applicable bylaws of the town of Holland. Defendant(s) do not enjoy qualified governmental immunity, as such immunity is only available for discretionary acts.

485. Defendant(s) arbitrary, irrational conduct is not rationally related to legitimate concerns of actors, government or public

interest, and injured plaintiff directly or indirectly in his person and personal property.

486. Plaintiff informed defendant(s) of his rights and informed defendant(s) of the detriment of their unlawful acts. Defendant(s) therefore had knowledge of the wrongs to be done, and would have had the power to prevent the commission of the wrongs, but failed to do so.

487. This denial of plaintiff's right of due process consistently relates to the development, enjoyment, and/or sale of part of his property.

488. Defendant(s) violations create on their face a mandatory entitlement for redress. Defendant(s) violation reach the constitutional threshold.

489. Defendant(s) acted at all times under color of state law in their treatment of plaintiff's various applications.

490. As a result of the defendant(s)' violation of plaintiff's right to substantive due process, plaintiff suffered one or more of the following: Substantial damages, including but not limited to, delayed and/or blocked development of his property, denial of enjoyment of his property, failed execution of sale of part of his property, lost profits, inability to finance the completion of his two-story garage, and extreme mental and emotional distress.

**COUNT V**, (violation of substantive due process)

491. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 490 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 37, 38, 40, 44, 481-490 above, and further states, that:

492. Harold Congdon, chairman of the BOH, Robert Dymon, member of BOH, defendant(s), and other members of the BOH, failed to approve plaintiff's 1st set of plans for an individual subsurface sewage disposal system and requested instead that plaintiff submit plans without a leaching facility and with a holding tank (tight-tank) instead. BOH also failed to disapprove application (1st set of plans) with a written statement of the reason for such disapproval. BOH violated by its actions and inactions 310 CMR 15.00; M.G.L., c.111,s.31E; and M.G.L., c.265,s.37.

493. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process. Defendant(s) therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14;

actionable under 42 U.S.C. s.1983.

### COUNT VI, (violation of substantive due process)

494. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 493 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 37-44, 481-490 above, and further states, that:

495. Harold Congdon, chairman of the BOH, Robert Dymon, member of BOH, defendant(s), and other members of the Board, failed to approve plaintiff's application for a construction permit for a individual subsurface sewage disposal system and requested instead that plaintiff install a septic system with a holding tank (tight-tank), without a leaching facility, in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

496. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process. Defendant(s) therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

### COUNT VII, (interfering with contract)

497. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 496 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 33-55 above, and further states, that:

498. Harold Congdon, chairman of the BOH, Robert Dymon, member of BOH, intentionally and purposefully and with malice refused to issue plaintiff a percolation test permit and failed to approve plaintiff's 1st set of plans for an individual subsurface sewage disposal system. BOH also failed to disapprove application (1st set of plans) with a written statement of the reason for such disapproval, and, failed to approve plaintiff's application for a construction permit for an individual subsurface sewage disposal system and instead asked plaintiff to buy more land he did not need, and, forced plaintiff to design and install a subsurface sewage disposal system without a leach facility, utilizing a holding tank (tight-tank) instead, and declaring the dwelling on said property as a "health hazard", and ordering the cottage "not fit for human habitation", hereby condemning the dwelling. Defendant(s), with their actions, violated 310 CMR 15.00; M.G.L., c.111,s.31E; and M.G.L., c.265,s.37; and tried to discourage plaintiff from executing the "purchase agreement", (contract), which existed between William F. Arnold, as the

owner and seller of said property, and plaintiff, as the buyer of said property.

499. This action by the defendant(s) constitutes tortuous interferences with prospective contractual relations, a right secured under Article I of the declarations of rights under the Constitution of the Commonwealth of Massachusetts and U.S.C.A., Const. Amend. 13, actionable under 42 U.S.C., s.1983.

500. Defendant(s) had been informed and were aware of the contract.

501. Plaintiff had constitutionally protected property interest in executing this contract.

502. Plaintiff's contract was in conformance with all applicable statutes of M.G.L. Defendant(s) do not enjoy qualified governmental immunity, as such immunity is only available for discretionary acts.

503. Defendant(s), by their actions and inactions, injured plaintiff directly or indirectly in his person and personal property.

504. Defendant(s)' interferences with prospective contractual relations, were consistent with some of the town officials' scheme of harassment, to deny plaintiff his right to execute contracts, and to enjoy and develop his property.

505. Plaintiff informed defendant(s) of his rights and the consequences of their unlawful acts. Defendant(s), therefore had knowledge of the wrongs to be done and would have had the power to prevent the commission of the wrongs but failed to do so.

506. The defendant(s) were at all times acting under color of state law in their conduct of business in relation to plaintiff's development and denial of enjoyment of his property, and attempt to sell part of his property.

507. Remedies under statutes of M.G.L. are not available, inadequate, and impractical for redress; further, statutory limitation on damages under the governmental tort liability act rendered postdeprivation relief inadequate. Defendant(s) violations create on their face a mandatory entitlement for redress.

508. As a result of the defendant(s)' tortuous interferences with prospective contractual relations, plaintiff suffered one or more of the following: Substantial damages, including but not limited to, delayed and/or blocked development of his property, denial of enjoyment of his property, failed execution of contract to sell part of his property, lost profits, inability to finance the completion of his two-story garage, and extreme mental and emotional distress.

**COUNT VIII**, (violation of equal protection of the laws)

509. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 508 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 48-54, and 462-471 above, and further states, that:

510. Harold Congdon, chairman of the BOH, Robert Dymon, member of BOH, and Fred Grabau, member of the BOH, defendant(s), declared the dwelling on said property a "health hazard", and ordered the cottage "not fit for human habitation", hereby condemning the dwelling in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

511. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L. Defendant(s) therefore violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT IX**, (violation of substantive due process)

512. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 511 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 48-54, and 481-490 above, and further states, that:

513. Harold Congdon, chairman of the BOH, Robert Dymon, member of BOH, and Fred Grabau, member of the BOH, defendant(s), declared the dwelling on said property a "health hazard", and ordered the cottage "not fit for human habitation", hereby condemning the dwelling in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

514. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process. Defendant(s) therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT X**, (unreasonable search and seizures)

515. Plaintiff hereby repeats, realleges, and incorporates by

reference the allegations in paragraphs 1 through 514 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 48-54 above, and further states, that:

516. Harold Congdon, chairman of the BOH, Robert Dymon, member of BOH, and Fred Grabau, member of the BOH, defendant(s), declared the dwelling on said property a "health hazard", and ordered the cottage "not fit for human habitation", hereby condemning the dwelling in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

517. Defendant(s) had final policing power. With their actions and/or inactions, deprived plaintiff of his constitutionally protected property interest in his right to occupy the dwelling, guaranteed under statutes of M.G.L. Defendant(s) therefore violated plaintiff's right to be secure in his person and house, guaranteed under U.S.C.A. Const. Amend. 4, 5, 14; actionable under 42 U.S.C., s.1983.

518. Defendant(s) were motivated by bias, bad faith, or improper motive. By their actions, defendant(s) abused their power, and interfered or attempted to interfere with M.G.L., c.265,s.37.

519. Plaintiff was not heard at a meaningful time in a meaningful manner by the defendant(s), and proceedings were fundamentally flawed, inadequate, irregular and unlawful. Defendant(s) had no reason to condemn the dwelling. The water supply and privy were in compliance with all statutory requirements under M.G.L.; and was also in compliance with all applicable sections of the Code of Massachusetts Regulations and applicable bylaws of the town of Holland.

520. Defendant(s) arbitrary, irrational conduct is not rationally related to legitimate concerns of actors, government or public interest, and injured plaintiff directly or indirectly in his person and personal property. Defendant(s) do not enjoy qualified governmental immunity, as such immunity is only available for discretionary acts.

521. Defendant(s) knew or should have known that their actions were unlawful, and would have had the power to prevent the commission of the wrongs, but failed to do so. This unlawful act by the defendant(s) consistently relates to the development and denial of enjoyment of his property.

522. Defendant(s) violations create on their face a mandatory entitlement for redress. Defendant(s) acted at all times under color of state law in condemning of plaintiff's dwelling.

523. As a result of the defendant(s)' violation of plaintiff's right to be secure in his person and house, plaintiff suffered substantial damages, including but not limited to denial of enjoyment of his property and extreme mental and emotional distress.

**COUNT XI** (conspiracy to deny equal protection)

524. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 523 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 33-66 above, and further states, that:

525. Harold Congdon, chairman of the BOH, Robert Dymon, member of BOH, and Fred Grabau, member of the BOH, Chief of police HPD (name unknown), Ronald Benoit, building inspector, defendant(s), and probably other town officials, intentionally and purposefully refused to issue plaintiff a percolation test permit and failed to approve plaintiff's 1st set of plans for an individual subsurface sewage disposal system. BOH also failed to disapprove application (1st set of plans) with a written statement of the reason for such disapproval, failed to approve plaintiff's application for a construction permit for a individual subsurface sewage disposal system, and, instead asked plaintiff to buy more land he did not need and forced plaintiff to design and install a subsurface sewage disposal system without a leaching facility, utilizing a holding tank (tight-tank) instead, and declared the dwelling on said property a "health hazard", and ordered the cottage "not fit for human habitation", hereby condemning the dwelling.

526. By their actions, defendant(s) violated 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37, and engaged in a conspiracy and conspired and discriminated against plaintiff because of plaintiff's national origin.

527. Plaintiff is a Swiss native and member of a protected class, the class of persons with different national origin. Plaintiff was singled out and treated differently then other persons in the same or similar situations.

528. Defendant(s) deprived plaintiff directly or indirectly from seeking the equal protection of the laws and from enjoying the equal rights, privileges, and immunities of citizens under the laws of the United States and the Commonwealth of Massachusetts, granted under Article I of the declarations of rights under the Constitution of the Commonwealth of Massachusetts and U.S.C.A., Const. Amend. 4, 5, 13, 14, actionable under 42 U.S.C., s.1985; and 42 U.S.C., s.1983.

529. Conspirators, defendant(s), acted with invidiously discriminatory animus and by their actions and inactions acted in furtherance of such conspiracy. Defendant(s) do not enjoy qualified governmental immunity, as such immunity is only available for discretionary acts.

530. Defendant(s) injured plaintiff directly or indirectly in his personal property.

531. Defendant's actions were irrational, arbitrary, capricious,

and contrary to statutes of M.G.L., bylaws of the town of Holland and public interest, and consistently relate to plaintiff's protected activities, such as development and enjoyment of his property, or his attempt to sell part of his property.

532. Plaintiff informed defendant(s) of his rights and the consequences of their unlawful acts. Conspirators, defendant(s), therefore had knowledge of the wrongs conspired to be done and would have had the power to prevent the commission of the wrongs but failed to do so.

533. The defendant(s) were at all times acting under color of state law in their conduct of business in relation to plaintiff's development and enjoyment of his property, and/or attempt to sell part of his property.

534. Remedies under statutes of M.G.L. are not available, inadequate, and/or impractical for redress. Defendant(s) violations create on their face a mandatory entitlement for redress.

535. As a result of the defendant(s)' conspiracy, plaintiff suffered one or more of the following: Substantial damages, including but not limited to, delayed and/or blocked development of his property, denial of enjoyment of his property, failed execution of sale of part of his property, lost profits, inability to finance the completion of his two-story garage, and extreme mental and emotional distress.


**COUNT XII**, (violation of equal protection of the laws)

536. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 535 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 60-62 and 462-471 above, and further states, that:

537. Harold Congdon, chairman of the BOH, Robert Dymon, member of BOH, defendant(s), and other members, approved plaintiff's 2nd plan for a subsurface sewage disposal system. This 2nd plan is in violation of the so called "TIGHT TANK POLICY". The BOH requested that plaintiff would install a septic system with a holding tank (tight-tank), without a leach facility, in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

538. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L. Defendant(s) therefore violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend.

5, 14; actionable under 42 U.S.C. s.1983.

### COUNT XIII, (violation of substantive due process)

539. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 538 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 60-62 and 481-490 above, and further states, that:

540. Harold Congdon, chairman of the BOH, Robert Dymon, member of BOH, defendant(s), and other members, approved plaintiff's 2nd plan for a subsurface sewage disposal system. This 2nd plan is in violation of the so called "TIGHT TANK POLICY". The BOH requested that plaintiff would install a septic system with a holding tank (tight-tank), without a leach facility, in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

541. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process. Defendant(s) therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

### COUNT XIV, (violation of equal protection of the laws)

542. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 541 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 57-66 and 462-471 above, and further states, that:

543. Harold Congdon, chairman of the BOH, Robert Dymon and Fred Grabau, members of BOH, defendant(s), approve "as built" plan for subsurface sewage disposal system. This is the 3rd plan. Robert Dymon issues "Certificate of Compliance" on the installed illegal system with a holding tank (tight-tank), without a leach facility, in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

544. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L. Defendant(s) therefore violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT XV,** (violation of substantive due process)

545. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 544 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 57-66, 481-490 above, and further states, that:

546. Harold Congdon, chairman of the BOH, Robert Dymon and Fred Grabau, members of BOH, defendant(s), approve "as built" plan for subsurface sewage disposal system. This is the 3rd plan. Robert Dymon issues "Certificate of Compliance" on the installed illegal system with a holding tank (tight-tank), without a leach facility, in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

547. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process. Defendant(s) therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT XVI,** (violation of equal protection of the laws)

548. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 547 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 71-80  462-471 above, and further states, that:

549. Dora Metrelis, Maria Scott and John Martin, members of the BOH denied plaintiff's 4th plan for a subsurface sewage disposal system and requested new design with impermeable barrier in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L, c.265,s.37.

550. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L. Defendant(s) therefore violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT XVII,** (violation of substantive due process)

551. Plaintiff hereby repeats, realleges, and incorporates by