reference  the allegations in paragraphs 1 through 550 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 71-80, 481-490 above, and further states, that:

552.  Dora Metrelis, Maria Scott and John Martin, members of the BOH denied plaintiff's 4th plan for a subsurface sewage disposal system and requested new design with impermeable barrier in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

553.  Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process. Defendant(s) therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT XVIII,** (violation of equal protection of the laws)

554.  Plaintiff hereby repeats, realleges, and incorporates by reference  the allegations in paragraphs 1 through 553 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 81-102 and  462-471 above, and further states, that:

555.  Dora Metrelis, chairman of the BOH denies in a letter plaintiff's 5th subsurface sewage disposal system plan, despite the fact that the plan became constructively approved, and failed to approve the plan and issue the requested "disposal works construction permit", in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

556.  Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L. Defendant(s) therefore violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT XIX,** (violation of substantive due process)

557.  Plaintiff hereby repeats, realleges, and incorporates by reference  the allegations in paragraphs 1 through 556 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 81-102 and 481-490 above, and further states, that:

558.  Dora Metrelis, chairman of the BOH denies in a letter

plaintiff's 5th subsurface sewage disposal system plan, despite the fact that the plan became constructively approved, and failed to approve the plan and issue the requested "disposal works construction permit", in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

559.  Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process. Defendant(s) therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.


COUNT XX, (violation of equal protection of the laws)

560.  Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 559 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 83-111 and 462-471 above, and further states, that:

561.  William Hardy, chairman, Humphrey Sutton, Sally Byrne, Helen Kreiger and one other member of HCC, refused to issue receipt for NOI filed with the HCC, failed to make a decision during the public hearing, failed to make a decision within the allowed 21 day period, closed the hearing after 42 days without taking a vote and instead waited until they knew plaintiff had left the country and mailed their unlawful decision December 16, 1993 to plaintiff's P.O. Box address in Brimfield after 119 days, instead of the allowed 21 day period, and only issuing a partial decision, withholding final action on part concerning foundation repair of dwelling, violating 310 CMR 10.05(5)(b); 310 CMR 10.05(6)(a); 310 CMR 10.05(3)(e); 310 CMR 10.05(3)(f); M.G.L., c.39,s.23B; M.G.L., c.131,s.40; M.G.L., c.265,s.37.

562.  Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L. Defendant(s) therefore violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.


COUNT XXI, (violation of substantive due process)

563.  Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 562 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 83-111 and 481-490 above, and further

issue receipt for NOI filed with the HCC, failed to make a decision during the public hearing, failed to make a decision within the allowed 21 day period, closed the hearing after 42 days without taking a vote and instead waited until they knew plaintiff had left the country and mailed their unlawful decision December 16, 1993 to plaintiff's P.O. Box address in Brimfield after 119 days, instead of the allowed 21 day period, and only issuing a partial decision, withholding final action on part concerning foundation repair of dwelling, violating 310 CMR 10.05(5)(b); 310 CMR 10.05(6)(a); 310 CMR 10.05(3)(e); 310 CMR 10.05(3)(f); M.G.L., c.39,s.23B; M.G.L., c.131,s.40; M.G.L., c.265,s.37.

568. By their actions, defendant(s) violated the above specified sections of 310 CMR 10.00 and statutes of M.G.L., and engaged in a conspiracy and conspired and discriminated against plaintiff because of plaintiff's national origin.

**COUNT XXIII,** (violation of equal protection of the laws)

569. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 568 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 114-135 and 462-471 above, and further states, that:

570. Members of the BOH, in furtherance of the consistent attempt to thwart plaintiff's project, requested that plaintiff replace the leach pit by a leach field. Submitted plans, which are the 6th set of plans for a subsurface sewage disposal system, are not acted upon in the 45 day period allowed. Plaintiff's plans are constructively approved after 45 days, due to inaction by the BOH. BOH approved plans finally, after 130 days but failed to issue the necessary "disposals work construction permit", making the issuance of this permit dependent on prior approval of subsurface sewage disposal system plans by the HCC, and filing of a NOI by the plaintiff with the HCC. BOH by its actions and inactions is violating 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

571. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L. Defendant(s) therefore violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT XXIV,** (violation of equal protection of the laws)

572. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 571 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 118-184 and 462-471 above, and further states, that:

573. William Hardy, chairman HCC, requires plaintiff, in a letter, to explain to HCC why plaintiff installed a "tight tank', informing plaintiff of an allegedly required variance. William Hardy's, and probably other members of HCC's, request in regard to provisions under 310 CMR 15.00 is outside the Board's jurisdiction and doesn't apply to plaintiff's situation to begin with. HCC refused to issue receipt for NOI filed by plaintiff during the public hearing of July 29, 1994. During this meeting which is still an ongoing public hearing, HCC is offering to issue partial order of condition (foundation and roof work) if plaintiff would withdraw his "request for an adjudicatory hearing" on the superseding order of conditions, DEP file number 184-83, plaintiff filed on May 5, 1994. HCC failed to issue order of conditions within 21 day period, as required under M.G.L., and failed to issue order of conditions as required, only issuing a partial order of conditions on October 17, 1994 (foundation and roof work) after plaintiff agreed not to pursue the adjudicatory hearing. HCC kept the public hearing open until May 2, 1995, and did so without plaintiff's consent. Actions by the HCC are in violation of 310 CMR 10.05(6)(a); 310 CMR 10.05(5)(b); 310 CMR 10.05(3)(f); 310 CMR 10.05(3)(e); M.G.L., c.131,s.40; and M.G.L., c.265,s.37.

574. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L. Defendant(s) therefore violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT XXV,** (violation of substantive due process)

575. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 574 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 114-135 and 481-490 above, and further states, that:

576. Members of the BOH, in furtherance of the consistent attempt to thwart plaintiff's project, requested that plaintiff replace the leach pit by a leach field. Submitted plans, which are the 6th set of plans for a subsurface sewage disposal system, are not acted upon in the 45 day period allowed. Plaintiff's plans are constructively approved after 45 days, due to inactions by the BOH. BOH approves plans finally after

130 days, but fails to issue the necessary "disposals work construction permit", making the issuance of this permit dependent on prior approval of subsurface sewage disposal system plans by the HCC, and filing of a NOI by the plaintiff with the HCC. BOH by its actions and inactions is violating 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

577. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process. Defendant(s) therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT XXVI,** (violation of substantive due process)

578. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 577 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 118-184 and 481-490 above, and further states, that:

579. William Hardy, chairman HCC, requires plaintiff, in a letter, to explain to HCC why plaintiff installed a "tight tank", informing plaintiff of an allegedly required variance. William Hardy's, and probably other members of HCC's, request in regard to provisions under 310 CMR 15.00 is outside the Board's jurisdiction and doesn't apply to plaintiff's situation to begin with. HCC refused to issue receipt for NOI filed by plaintiff during the public hearing of July 29, 1994. During this hearing, HCC is offering to issue partial order of condition (foundation and roof work) if plaintiff would withdraw his "request for an adjudicatory hearing" on the superseding order of conditions, DEP file number 184-83, plaintiff filed on May 5, 1994. HCC failed to issue order of conditions within 21 day period, as required under M.G.L., and failed to issue order of conditions as required, only issuing a partial order of conditions on October 17, 1994 (foundation and roof work) after plaintiff agreed not to pursue the adjudicatory hearing. HCC kept the public hearing open until May 2, 1995, and did so without plaintiff's consent. Actions by the HCC are in violation of 310 CMR 10.05(6)(a); 310 CMR 10.05(5)(b); 310 CMR 10.05(3)(f); 310 CMR 10.05(3)(e); M.G.L., c.131,s.40; and M.G.L., c.265,s.37.

580. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process. Defendant(s) therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT XXVII,** (violation of equal protection of the laws)

581. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 580 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 147-162 and 462-471 above, and further states, that:

582. BOH, John Stevens, chairman, unlawfully reverses their decision of June 27, 1994, approving plaintiff's 6th plan for a subsurface sewage disposal system, alleging the requirement of another variance, in violation of 310 CMR 15.00; M.G.L., c.39,s.23B; and M.G.L., c.265,s.37.

583. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L. Defendant(s) therefore violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT XXVIII,** (violation of substantive due process)

584. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 584 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 147-162 and 481-490 above, and further states, that:

585. BOH, John Stevens, chairman, unlawfully reverses their decision of June 27, 1994, approving plaintiff's 6th plan for a subsurface sewage disposal system, alleging the requirement of another variance, in violation of 310 CMR 15.00; M.G.L., c.39,s.23B; and M.G.L., c.265,s.37.

586. Defendant(s) had final policing power, and, with their actions or inactions, deprived plaintiff of his constitutionally protected property interest, and therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C., s.1983.

**COUNT XXIX,** (violation of equal protection of the laws)

587. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 587 above, with the same force and effect as if herein set forth, with

emphasis on paragraphs 163-192 and 462-471 above, and further states, that:

588.  BOH requests that plaintiff obtain new design for his subsurface sewage disposal system, removing the impermeable barrier the BOH earlier requested. Plaintiff's engineer is forced to draw 7th set of plans, which are filed with the BOH on November 15, 1994. BOH fails to act on the submitted plans within the 45 day period. The plans become constructively approved. BOH delays unlawfully the approval of the plans and the issuing of the "disposals work construction permit" until April 4, 1995. BOH failed to issue Certificate of Compliance" after the system had been installed and inspected by members of the BOH. To this day (filing date of this complaint), Sally Blais, chairman of the BOH, refuses to issue such document. BOH, with its actions, violated 310 CMR 15.00; M.G.L., c.39,s.23B; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

589.  Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L. Defendant(s) therefore violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.


COUNT XXX, (violation of substantive due process)

590.  Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 589 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 163-192 and 481-490 above, and further states, that:

591.  BOH requests that plaintiff obtain new design for his subsurface sewage disposal system, removing the impermeable barrier the BOH earlier requested. Plaintiff's engineer is forced to draw 7th set of plans, which are filed with the BOH on November 15, 1994. BOH fails to act on the submitted plans within the 45 day period. The plans become constructively approved. BOH delays unlawfully the approval of the plans and the issuing of the "disposals work construction permit" until April 4, 1995. BOH failed to issue Certificate of Compliance" after the system had been installed and inspected by members of the BOH. To this day (filing date of this complaint), Sally Blais, chairman of the BOH, refuses to issue such document. BOH, with its actions, violated 310 CMR 15.00; M.G.L., c.39,s.23B; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

592.  Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process. Defendant(s)

therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT XXXI,** (conspiracy to deny equal protection)

593. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 592 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 112-341 and 527-535 above, and further states, that:

594. Members of the BOH, members of the HCC, and probably other town officials intentionally and purposefully engaged in a conspiracy with the following illegal activities: Members of the BOH, in furtherance of the consistent attempt to thwart plaintiff's project, requested that plaintiff replace the leach pit by a leach field. Submitted plans, which are the 6th (sixth) set of plans for a subsurface sewage disposal system, are not acted upon in the 45 day period allowed. Plaintiff's plans are constructively approved after 45 days, due to inaction by the BOH. BOH approved plans finally after 130 days but failed to issue the necessary "disposals work construction permit", making the issuance of this permit dependent on prior approval of subsurface sewage disposal system plans by the HCC and filing of a NOI by the plaintiff with the HCC. John Stevens, chairman, unlawfully reverses their decision of June 27, 1994, approving plaintiff's 6th (sixth) plan for a subsurface sewage disposal system, alleging the requirement of another variance. BOH then requested that plaintiff obtain new design for his subsurface sewage disposal system, removing the impermeable barrier the BOH earlier requested. Plaintiff's engineer is forced to draw 7th (seventh) set of plans, which are filed with the BOH on November 15, 1994. BOH fails again to act on the submitted plans within the 45 day period. The plans become again constructively approved. BOH delays unlawfully the approval of the plans and the issuing of the "disposals work construction permit" until April 4, 1995. BOH failed to issue Certificate of Compliance" after the system had been installed and inspected by members of the BOH. To this day (filing date of this complaint), Sally Blais, chairman of the BOH refuses to issue such document for no legitimate reason.

595. William Hardy, chairman, and other members of the HCC, in furtherance of the consistent attempt to thwart plaintiff's project, requested that plaintiff explain to HCC why he installed a "tight tank", informing plaintiff of an allegedly required variance. William Hardy's, and probably other members of HCC's, request in regard to provisions under 310 CMR 15.00 is outside the Board's jurisdiction and doesn't apply to plaintiff's situation to begin with. HCC refused to issue receipt for NOI filed by plaintiff during the public hearing of July 29, 1994. During this hearing, HCC is offering to

issue partial order of condition (foundation and roof work) if plaintiff would withdraw his "request for an adjudicatory hearing" on the superseding order of conditions, DEP file number 184-83, which plaintiff filed on May 5, 1994. HCC failed to issue order of conditions within 21 day period, as required under M.G.L., and failed to issue order of conditions as required, only issuing a partial order of conditions on October 17, 1994 (foundation and roof work) after plaintiff agreed not to pursue the adjudicatory hearing. HCC kept the public hearing open until May 2, 1995, and did so without plaintiff's consent.

596. By their actions and inactions, BOH, defendant(s) violated 310 CMR 15.00; M.G.L., c.39,s.23B; M.G.L., c.111,s.31E; M.G.L., c.265,s.37, and HCC, defendant(s) violated 310 CMR 10.05(6)(a); 310 CMR 10.05(5)(b); 310 CMR 10.05(3)(f); 310 CMR 10.05(3)(e); M.G.L., c.39,s.23B; M.G.L., c.131,s.40; M.G.L., c.265,s.37; and engaged in a conspiracy and conspired and discriminated against plaintiff because of plaintiff's national origin.

**COUNT XXXII,** (retaliation for exercising first amendment rights)

597. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 596 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 156 above, and further states, that:

598. Retaliation for plaintiff's exercise of his first Amendment rights was the substantial or motivating factor underlying the individual defendant(s)' refusal to issue orders of condition on plaintiff's NOI. Defendant(s) further coerced plaintiff with the promise to issue the order of conditions, if plaintiff would refrain form pursuing the adjudicatory appeal he filed earlier. Plaintiff had a constitutionally protected property interest in the issuance of the orders of conditions by the HCC, defendant(s).

599. Defendant(s) had final policing power. With their actions and/or inactions, deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L. Defendant(s) therefore violated plaintiff's right to petition the government for a redress of grievances, guaranteed under U.S.C.A. Const. Amend. 1; actionable under 42 U.S.C., s.1983.

600. Defendant(s) had a direct or indirect involvement and/or were aware of one or more of the following earlier petitions to the government by the plaintiff: Adjudicatory appeal, filed on May 5, 1994, to the General Counsel of the DEP on HCC decision on plaintiff's NOI, file number 184-83; plaintiff's letter of January 16, 1996, to the State Board of Examiners of Electricians of the Commonwealth of Mass., asking their opinion on the utility trench in the lake bed, challenging the

electrical     inspector's    (Richard    Blease)    misconstrued
interpretation of the Electrical Code, denying plaintiff his
right to underground service to his dwelling; adjudicatory
appeal, filed on February 5, 1997, to the General Counsel of
the DEP on HCC conduct in regard to plaintiff's NOI, file
number 184-118; lawsuit against the ZBA and the town of
Holland in Superior Court, filed on January 16, 1996, docket
number HDCV1996-71; and the lawsuit against the PBH and the
town of Holland in Superior Court, filed on November 20, 2002,
docket number HDCV2002-1196. Petitioning the government is a
constitutionally protected activity.

601.  Plaintiff's rights to petition the government for a redress of
      grievances and to be free from retaliation, was established
      with   sufficient   clarity   at   the   time   of   defendant(s)'
      misconduct,  and  a  reasonable  town  official  should  have
      conformed   his   or   her   conduct   accordingly.   Defendant(s)
      therefore had knowledge of the wrongs to be done, and would
      have had the power to prevent the commission of the wrongs,
      but failed to do so.

602.  Remedies under statutes of M.G.L. for violation of rights
      granted under U.S.C.A. Const. Amend. 1. are not available or
      impractical.

603.  Defendant(s) were motivated by bias, bad faith, or improper
      motive. By their actions, defendant(s) abused their power, and
      interfered or attempted to interfere with M.G.L., c.265,s.37.
      Defendant(s) do not enjoy qualified governmental immunity, as
      such immunity is only available for discretionary acts.

604.  Defendant(s) arbitrary, irrational conduct is not rationally
      related to legitimate concerns of actors, government or public
      interest, and injured plaintiff directly or indirectly in his
      person and personal property.

605.  This denial of plaintiff's rights by the defendant(s), granted
      under  the  first  Amendment,  consistently  relates  to  the
      development, enjoyment, and/or sale of part of his property.

606.  Defendant(s) violations create on their face a mandatory
      entitlement for redress.

607.  Defendant(s) acted at all times under color of state law in
      their treatment of plaintiff's various applications.

608.  As a result of the defendant(s)' violation of plaintiff's
      first Amendment rights, plaintiff suffered one or more of the
      following: Substantial damages, including but not limited to,
      delayed and/or blocked development of his property, denial of
      enjoyment of his property, failed execution of sale of part of
      his  property,  lost  profits,  inability  to  finance  the
      completion of his two-story garage, and extreme mental and
      emotional distress.

**COUNT XXXIII,** (violation of equal protection of the laws)

609. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 608 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 193-202, 209, 212, 213, 235, 247-243, 253-258, 274-275, and 462-471 above, and further states, that:

610. Richard Blease refused to issue plaintiff an electrical permit and refused to approve plaintiff's underground service which was in compliance with the local and national Electrical Code. Richard Blease, according to Humphrey Sutton, claimed he never got plaintiff's application for an electrical permit, was a lie. Forced by Richard Blease, plaintiff removed conduit for power lines, which he later had to install again. With his actions, Richard Blease violated sections of 780 CMR and M.G.L., c.265,s.37.

611. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L. Defendant(s) therefore violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT XXXIV,** (violation of substantive due process)

612. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 611 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 193-202, 209, 212, 213, 235, 247-248, 253-258, 274-275, and 481-490 above, and further states, that:

613. Richard Blease refused to issue plaintiff an electrical permit and refused to approve plaintiff's underground service which was in compliance with the local and national Electrical Code. Richard Blease, according to Humphrey Sutton, claimed he never got plaintiff's application for a electrical permit, was a lie. Forced by Richard Blease, plaintiff removed conduit for power lines, which he later had to install again. With his actions, Richard Blease violated sections of 780 CMR and M.G.L., c.265,s.37. in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

614. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process. Defendant(s) therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14;

actionable under 42 U.S.C. s.1983.


**COUNT XXXV,** (violation of equal protection of the laws)

615.    Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 614 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 204-207 and 462-471 above, and further states, that:

616.    Benjamin Haller, chairman of ZBA, denied plaintiff's application for a special permit for a 5' by 12' balcony by deliberately applying the wrong standard, M.G.L.,c.40A,s.6, instead of M.G.L., c.40A,s.10, ignoring the nonconforming preexisting nature of plaintiff's dwelling and plaintiff's rights under the so called "grandfather clause". By doing so, Benjamin Haller violated M.G.L., c.265,s.37.

617.    Benjamin Haller, chairman of ZBA, defendant, had final policing power. With his actions and/or inactions, defendant deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L. Defendant therefore violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.


**COUNT XXXVI,** (violation of substantive due process)

618.    Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 617 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 204-207, 481-490 above, and further states, that:

619.    Benjamin Haller, chairman of ZBA, denied plaintiff's application for a special permit for a 5' by 12' balcony by deliberately applying the wrong standard, M.G.L.,c.40A,s.6, instead of M.G.L., c.40A,s.10, ignoring the nonconforming preexisting nature of plaintiff's dwelling and plaintiff's rights under the so called "grandfather clause". By doing so, Benjamin Haller violated M.G.L., c.265,s.37.

620.    Benjamin Haller, chairman of ZBA, defendant, had final policing power. With his actions and/or inactions, defendant deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process. Defendant(s) therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

COUNT XXXVII, (violation of equal protection of the laws)

621. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 621 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 193-276, and 462-471 above, and further states, that:

622. Humphrey Sutton, chairman, Brian Roche and other members of the HCC, are making all kinds of wrong accusations and capricious arbitrary requests; Humphrey Sutton accuses plaintiff of having built a shed not in conformance with approved plans, Humphrey Sutton and Brian Roche request that plaintiff remove underground conduits, accusing plaintiff of violating zoning bylaws with his underground conduit. Humphrey Sutton requests that plaintiff combine all plot plans listed under ATTACHMENT "H" of plaintiff's NOI file number 184-118 onto one plan, requests a delineation map, claims to have jurisdiction over electrical installations, also making the issuance of electrical, fire department and a building permit a prerequisite to issuing orders of conditions; requesting underground conduits to be removed and then relaid, reinspected, and reapproved; requests that plaintiff provide evidence that plaintiff notified the Army Corp. of Engineers of his proposed work; refused to keep the public hearing open as long as plaintiff did not have the aforementioned permits issued; Humphrey Sutton further accused plaintiff of not having complied with notification requirements of abutters; HCC failed to issue orders of conditions within the 21 day period allowed after the closing of the public hearing on October 22, 1996, during which HCC members voted in favor of Plaintiff's NOI, file number 184-118; without notifying plaintiff, HCC members signed order of conditions typed by Humphrey Sutton who resigned on October 9, 1996 and was not a member of HCC anymore; the order of conditions, typed by nonmember Humphrey Sutton, denied two of the proposed activities included in plaintiff's NOI and voted for in the affirmative during the prior meeting of October 22, 1996. Defendant(s) requests are outside the jurisdiction of HCC and/or not required under sections of 310 CMR 10.00, and/or in violation of 310 CMR 10.05(3)(e); 310 CMR 10.05(3)(f); 310 CMR 10.05(4)(f); 310 CMR 10.05(5)(b); 310 CMR 10.05(6)(a);M.G.L., c.131,s.40; M.G.L., c.39,s.23B; M.G.L., c.265,s.37; and M.G.L., c.268,s.6A.

623. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L. Defendant(s) therefore violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT XXXVIII,** (violation of substantive due process)

624. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 623 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 193-276, and 481-490 above, and further states, that:

625. Humphrey Sutton, chairman, Brian Roche and other members of the HCC, made all kinds of wrong accusations and capricious arbitrary requests, and violated several statues of M.G.L., and sections of CMR, as described under paragraph 622.

626. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process. Defendant(s) therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT XXXIX,** (violation of procedural due process)

627. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 626 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 193-276 above, and further states, that:

628. Humphrey Sutton, chairman, Brian Roche and other members of the HCC, committed all kinds of outrageous, unlawful acts and made all kinds of wrong accusations and capricious arbitrary requests as described under paragraph 622, in violation of laws, rules and violations of sections of the CMR, described under paragraph 622.

629. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process. Defendant(s) therefore violated plaintiff's right to procedural due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

630. Defendant(s) deliberate egregious misconduct is shocking to the conscience, and/or plaintiff has a constitutionally protected property interest or entitlement in the approval or endorsement of his plan or application, or issuing of the sought permit. Approval or endorsement of plan or application, or issuing of permit, was ministerial act, mandated by law.

631. Defendant(s) were motivated by bias, bad faith, or improper

motive. By their actions, defendant(s) abused their power, and interfered or attempted to interfere with M.G.L., c.265,s.37. Defendant(s) actions constitute malicious abuse of process.

632. Procedural proceedings were fundamentally flawed, inadequate, irregular and unlawful. Defendant(s) violations reach constitutional threshold, and amount to "constructive taking".

633. Defendant(s) had no discretion in approving or endorsing plaintiff's plan or application, or issuing plaintiff the sought permit, which was in compliance with all statutory requirements under M.G.L., and was also in compliance with all applicable sections of the Code of Massachusetts Regulations and applicable bylaws of the town of Holland. Defendant(s) do not enjoy qualified immunity, as such immunity is only available for discretionary acts.

634. Approval, endorsement or issuance of permit was ministerial act, mandated by law. Defendant(s) deprived plaintiff of his property interest without constitutionally adequate procedural due process.

635. Defendant(s) arbitrary, irrational conduct is not rationally related to legitimate concerns of actors, government or public interest, and injured plaintiff directly or indirectly in his person and personal property.

636. Plaintiff informed defendant(s) of his rights and informed defendant(s) of the detriment of their unlawful acts. Defendant(s) therefore had knowledge of the wrongs to be done, and would have had the power to prevent the commission of the wrongs, but failed to do so.

637. This denial of plaintiff's right to procedural due process by the defendant(s), consistently relates to the development, enjoyment, and/or sale of part of his property.

638. Defendant(s) acted at all times under color of state law in their treatment of plaintiff's various applications.

639. There is no state court remedy for procedural due process violation. Remedies under statutes of M.G.L. are not available, insufficient or impractical. Defendant(s) violations create on their face a mandatory entitlement for redress.

640. As a result of the defendant(s)' violation of plaintiff's right to substantive due process, plaintiff suffered one or more of the following: Substantial damages, including but not limited to, delayed and/or blocked development of his property, denial of enjoyment of his property, failed execution of sale of part of his property, lost profits, inability to finance the completion of his two-story garage, and extreme mental and emotional distress.

641. As a result of the defendant(s)' violation of plaintiff's

right to procedural due process, plaintiff suffered substantial damages, including but not limited to unnecessary expenses for unjustified and unnecessary engineering costs, unnecessary frequent pumping of a septic holding-tank, denial of enjoyment of his property, and mental and emotional distress.

### COUNT XL, (interfering with contract)

642. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 641 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 254-256, and 500-508 above, and further states, that:

643. Richard Blease, electrical inspector, and Humphrey Sutton, chairman of HCC, called Bob Garon and accused him of doing work without a permit to intimidate Mr. Garon. Richard Blease, electrical inspector for the town of Holland, deliberately failed to issue such permit to retaliate against plaintiff. Only after Jim Foley, town selectman, intervened, did Richard Blease acknowledge plaintiff's efforts to obtain the requested electrical permit.

644. By their actions, defendant(s) violated M.G.L., c.265,s.37.

645. Richard Blease and Humphrey Sutton intentionally and purposefully and with malice called Bob Garon. This action by the defendant(s) constitutes tortuous interferences with prospective contractual relations, a right secured under Article I of the declarations of rights under the Constitution of the Commonwealth of Massachusetts and U.S.C.A., Const. Amend. 13, actionable under 42 U.S.C., s.1983.

### COUNT XLI, (conspiracy to deny equal protection)

646. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 645 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 193-276, and 527-535 above, and further states, that:

647. Humphrey Sutton, chairman HCC, Richard Blease, electrical inspector, Benjamin Haller, and other town officials intentionally and purposefully conspired against plaintiff.

648. By their actions, as outlined under paragraph 610, 616, and 622, defendant(s) committed the violations described under the same paragraphs, and engaged in a conspiracy and conspired and discriminated against plaintiff because of plaintiff's national origin.

**COUNT XLII,** (violation of equal protection of the laws)

649. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 648 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 224-341, and 462-471 above, and further states, that:

650. Sally Blais, chairman, and other members of the BOH, defendant(s), by her actions delayed approval of plaintiff's subsurface sewage disposal system plan, in an attempt to block plaintiff's project for 345 days, in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

651. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L. Defendant(s) therefore violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.


**COUNT XLIII,** (violation of substantive due process)

652. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 651 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 224-341, and 481-490 above, and further states, that:

653. Sally Blais, chairman, and other members of the BOH, defendant(s), by her actions delayed approval of plaintiff's subsurface sewage disposal system plan, in an attempt to block plaintiff's project for 345 days, in violation of sections of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

654. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process. Defendant(s) therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.


**COUNT XLIV,** (violation of procedural due process)

655. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 654 above, with the same force and effect as if herein set forth, with

Page 78 of 90 Pages

emphasis on paragraphs 224-341, and 629-641 above, and further states, that:

656. Sally Blais, chairman, and other members of the BOH, defendant(s), by her actions delayed approval of plaintiff's subsurface sewage disposal system plan, in an attempt to block plaintiff's project for 345 days, in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

657. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process. Defendant(s) therefore violated plaintiff's right to procedural due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.


COUNT XLV, (retaliation for exercising first amendment rights)

658. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 657 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 224-341, and 599-608 above, and further states, that:

659. Sally Blais, chairman, and other members of the BOH, defendant(s), by her actions delayed approval of plaintiff's subsurface sewage disposal system plan, in an attempt to block plaintiff's project for 345 days, in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

660. Sally Blais's actions were in retaliation for plaintiff's exercise of his first Amendment rights and were the substantially or motivating factor underlying the individual defendant(s)' unlawful delay of Plaintiff's subsurface sewage disposal system plan approval, connecting the proposed and under construction two-story garage. The construction was delayed substantial, since plaintiff could not install needed piping necessary to pour the concrete floor.


COUNT XLVI, (violation of equal protection of the laws)

661. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 660 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 343-392, and 462-471 above, and further states, that:

662. Debra Benveniste, chairman PBH, Earl Johnson, and other members of the PBH, and, Robert Ford, town clerk, failed to endorse plaintiff's 1st ANR plan for a subdivision. Robert Ford refused to accept plaintiff's application and also

refused to issue receipt for plaintiff's application. During a regular meeting, Earl Johnson made the remark that the plaintiff should "donate" his property to the town, since plaintiff could not subdivide it, and in order to avoid paying taxes on said property. Defendant(s) practiced an unconstitutional municipal policy of not taking final action during open meetings, and instead informed applicants (plaintiff and buyers of lot A) of their preordained unlawful decisions, made outside regular open meetings. Defendant(s) also failed to send plaintiff written notification of the Board's decision. Defendant(s) are liable in their individual and/or official capacity, since predeprivation hearings were a shame. Defendant(s) violated by their actions, M.G.L., c.39,s.23B; M.G.L., c.41,s.81P; and M.G.L., c.265,s.37.

663. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L. Defendant(s) therefore violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.


## COUNT XLVII, (violation of substantive due process)

664. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 663 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 343-392, and 481-490 above, and further states, that:

665. Defendant(s) had final policing power. With their actions and/or inactions, as described under paragraph 662, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process. Defendant(s) therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.


## COUNT XLVIII, (violation of procedural due process)

666. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 665 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 342-392, and 630-641 above, and further states, that:

667. Defendant(s) had final policing power. With their actions and/or inactions, as described under paragraph 662, defendant(s) deprived plaintiff of his constitutionally