protected property interest, guaranteed under statutes of M.G.L., without due process. Defendant(s) therefore violated plaintiff's right to procedural due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

### COUNT XLIX, (interfering with contract)

668. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 667 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 343-392, and 500-508 above, and further states, that:

669. Defendant(s), by their actions, as described under paragraph 667, prevented plaintiff from executing existing contract to sell lot "A".

670. Defendant(s)' actions constitute tortuous interferences with prospective contractual relations, a right secured under Article I of the declarations of rights under the Constitution of the Commonwealth of Massachusetts and U.S.C.A., Const. Amend. 13, actionable under 42 U.S.C., s.1983.

### COUNT L, (conspiracy to deny equal protection)

671. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 670 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 343-392, and 527-535 above, and further states, that:

672. Debra Benveniste, chairman PBH, Earl Johnson and other members of the PBH, and Robert Ford, town clerk, intentionally and purposeful committed the acts described under paragraph 667 and 668.

673. By their actions, defendant(s) violated M.G.L., c.39,s.23B; M.G.L., c.41,s.81P; M.G.L., c.265,s.37; and engaged in a conspiracy and conspired and discriminated against plaintiff because of plaintiff's national origin.

### COUNT LI, (retaliation for exercising first amendment rights)

674. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 673 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 599-608 above, and further states, that:

675. Debra Benveniste, chairman PBH, Earl Johnson and other members of the PBH, and Vincent McCaughey, town counsel, defendant(s), intentionally and purposeful committed the acts described under paragraph 667 and 668.

676. Retaliation for plaintiff's exercise of his first Amendment rights was the substantial or motivating factor underlying the individual defendant(s)' actions and inactions in not endorsing Plaintiff's 1st ANR plan.

**COUNT LII**, (violation of equal protection of the laws)

677. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 676 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 393-458, and 462-471 above, and further states, that:

678. Debra Benveniste, chairman PBH, Earl Johnson and other members of the PBH, Robert Ford, town clerk, and Vincent McCaughey, town counsel, failed to endorse plaintiff's 2nd ANR plan for a subdivision. Defendant(s) failed to take final action within the 21 day period allowed by statute, instead, defendant(s) informed applicant, (plaintiff), of their preordained unlawful decisions, made outside regular open meetings. Defendant(s) also failed to send plaintiff written notification of the Board's decision. Defendant(s) unlawfully falsified the official record to the open meeting, the minutes to the meeting of October 15, 2002, to reflect a vote (final action), which in truth never took place. Instead of taking responsibility for their actions and/or inactions, defendant(s)' carried their malicious unlawful scheme to harass and discriminate against plaintiff into the proceedings of the Superior Court. Debra Benveniste committed three counts, Earl Johnson one count of perjury, and Vincent McCaughey assisted in the commission of defrauding the court, during the post deprivation process. Defendant(s) perjuries were in regards to material facts in the case. By their actions and/or nonactions, defendant(s) denied plaintiff the equal protection of the laws and violated M.G.L., c.39,s.23B;  M.G.L., c.41,s.81P;  c.221,s.38;  M.G.L., c.265,s.37; M.G.L., c.268,s.1; MA R CT RULE 3:07 Rule 3.3(a)(1), Rule 3.3(a)(2), Rule 3.3(a)(4), Rule 3.4(a), and Rule 3.4(b). "Scheme of harassment" is evident in animus against the plaintiff and his project, and the attempt to thwart the project, through adverse administrative action, unrelated to legitimate concerns of the Board.

679. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L. Defendant(s) therefore violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of

the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

### COUNT LIII, (violation of substantive due process)

680. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 679 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 393-458, and 481-490 above, and further states, that:

681. Defendant(s) had final policing power. With their actions, inactions, and violations, as described under paragraph 678, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process. Defendant(s) therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

### COUNT LIV, (violation of procedural due process)

682. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 681 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 342, 393-458, and 630-641 above, and further states, that:

683. Plaintiff was denied procedural due process, by defendant(s) unconstitutional municipal policy of not taking final action during open meetings, instead, informing applicants, (plaintiff) of preordained unlawful decisions, made outside regular open meetings. Defendant(s) are liable in their individual and/or official capacity, since predeprivation hearings were a shame in which officials failed to take "final action" on plaintiff's 2nd ANR plan and instead rendered decision that was preordained. Defendant(s) violated by their actions, M.G.L., c.39,s.23B; M.G.L., c.41,s.81P; M.G.L., c.131,s.40; c.221,s.38; M.G.L., c.265,s.37; M.G.L., c.268,s.1; MA R CT RULE 3:07 Rule 3.3(a)(1), Rule 3.3(a)(2), Rule 3.3(a)(4), Rule 3.4(a), Rule 3.4(b).

684. Defendant(s) had final policing power. With their actions, inactions, and violations, as described under paragraph 678, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process. Defendant(s) therefore violated plaintiff's right to procedural due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT LV,** (interfering with contract)

685. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 684 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 393-458, and 500-508 above, and further states, that:

686. Defendant(s), by their intentional, purposeful and malicious actions, as described under paragraph 678 and 683, prevented plaintiff from executing existing contract to sell lot A, and also prevented plaintiff from executing implied contract to sell lot B and lot C. Plaintiff had constitutionally protected property interest in selling lot A, lot B and lot C of his 2nd ANR plan. The contract to sell lot A existed, the contract to sell lot B and lot C was implied between plaintiff's real estate agent Jean M. Sullivan and the plaintiff.

687. Plaintiff's existing contract and implied contract was in conformance with all applicable statutes of M.G.L. This action by the defendant(s) constitutes tortuous interferences with prospective contractual relations, a right secured under Article I of the declarations of rights under the Constitution of the Commonwealth of Massachusetts and U.S.C.A., Const. Amend. 13, actionable under 42 U.S.C., s.1983.

688. Defendant(s) had been informed and were aware of the contract between plaintiff, the buyers of lot A, and plaintiff's intention to sell lot B and lot C.

**COUNT LVI,** (conspiracy to deny equal protection)

689. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 688 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 393-458, and 527-535 above, and further states, that:

690. Debra Benveniste, chairman PBH, Earl Johnson and other members of the PBH, Robert Ford, town clerk, Vincent McCaughey, town counsel, and Kevin Gleason, Chief of HPD and possibly other town officials, intentionally and purposeful committed the acts described under paragraph 678, 683 and 696.

691. By their actions, defendant(s) violated M.G.L., c.39,s.23B; M.G.L., c.41,s.81P; M.G.L., c.221,s.38; M.G.L., c.265,s.37; M.G.L., c.268,s.1; MA R CT RULE 3:07 Rule 3.3(a)(1), Rule 3.3(a)(2), Rule 3.3(a)(4), Rule 3.4(a), Rule 3.4(b); and engaged in a conspiracy and conspired and discriminated against plaintiff because of plaintiff's national origin.

**COUNT LVII,** (retaliation for exercising first amendment rights)

692. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 692 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 599-608 above, and further states, that:

693. Debra Benveniste, chairman PBH, Earl Johnson and other members of the PBH, and Vincent McCaughey, town counsel, defendant(s), intentionally and purposeful committed the acts described under paragraph 678 and 683.

695. Retaliation for plaintiff's exercise of his first Amendment rights was the substantial or motivating factor underlying the individual defendant(s)' actions and inactions in not endorsing Plaintiff's 2nd ANR plan.

**COUNT LVIII,** (violation of equal protection of the laws)

695. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 694 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 414-416, 431-438, and 462-471 above, and further states, that:

696. Kevin Gleason and other members of the HPD, deliberately failed to forward plaintiff's statement and report by the HPD on break-in by two juveniles, and issued unjustified citation for speeding. Defendant(s) by their actions violated M.G.L., c.265,s.37, and other regulations and statutes.

697. Defendant(s) had final policing power. By their actions and/or inactions violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT LVIX,** (conspiracy to interfere with due justice)

698. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 697 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 370, and 414-458 above, and further states, that:

699. Debra Benveniste, chairman PBH, Earl Johnson and other members of the PBH, Robert Ford, town clerk, and Vincent McCaughey, town counsel, failed to endorse plaintiff's 2nd ANR plan for a subdivision. Instead of taking responsibility for their

actions and/or inactions, defendant(s)' carried their malicious unlawful scheme to harass and discriminate against plaintiff into the proceedings of the Superior Court. Defendant(s) unlawfully falsified the official record the open meeting, the minutes to the meeting of October 15, 2002, to reflect a vote (final action), which in truth never took place. This document was needed during the proceedings in Superior Court as evidence. Debra Benveniste committed three counts, Earl Johnson one count of perjury. Vincent McCaughey, defendant(s)' counsel in said action, knew or should have known, that deponent Debra Benveniste perjured her self during the deposition of October 16, 2003, (three counts), that Earl Johnson perjured him self during the deposition of December 30, 2002, and failed to rectify it, which constitutes assisting a client to defraud the court. By doing so, Vincent McCaughey engaged in unethical conduct. Defendant(s) perjuries were in regards to material facts in the case. Vincent McCaughey also inappropriately lectured plaintiff during the deposition of Debra Benveniste, claiming, plaintiff would not have the right to ask leading questions. Vincent McCaughey also made wrong statements about known material facts of law, in pleadings, memorandums, and court hearings in conjunction with plaintiff's civil action in Superior Court, civil action docket number HDCV2002-1196.

700. Kevin Gleason and other members of the HPD, deliberately failed to forward plaintiff's statement and report by the HPD on break-in by two juveniles, and issued unjustified citation for speeding.

701. By their intentional and purposeful actions and/or inactions, defendant(s) violated M.G.L., c.39,s.23B; M.G.L., c.41,s.81F; c.221,s.38; M.G.L., c.265,s.37; M.G.L., c.268,s.1; MA R CT RULE 3:07 Rule 3.3(a)(1), Rule 3.3(a)(2), Rule 3.3(a)(4), Rule 3.4(a), and Rule 3.4(b); and engaged in a conspiracy and conspired and discriminated against plaintiff to deny plaintiff the due course of justice.

702. Defendant(s) actions violated plaintiff's rights granted under U.S.C.A., Const. Amend. 13. Plaintiff was also injured in his person and his property and was deprived of his right to equal protection, which is granted to him under U.S.C.A., Const. Amend 14. Defendant(s) also violated plaintiff's right to access the courts, which is granted to plaintiff under U.S.C.A., Const. Violations by defendant(s) are actionable under 42 U.S.C.,s.1985 and 42 U.S.C., s.1983.

703. With this ongoing conspiracy towards plaintiff, the defendant(s) directly or indirectly interfered or tried to interfere, with due course of justice and plaintiff's enjoyment of equal protection of the laws and plaintiff's lawful enforcement or attempted enforcement of his rights as a person or as a person belonging to a protected class.

704. Plaintiff's rights to petition the government for a redress of

grievances and to be free from interferences, was established with sufficient clarity at the time of defendant(s)' misconduct, and a reasonable town official should have confirmed his or her conduct accordingly. Defendant(s) therefore had knowledge of the wrongs to be done, and would have had the power to prevent the commission of the wrongs, but failed to do so.

705. Remedies under statutes of M.G.L. for violation of rights granted under U.S.C.A. Const. Amend. 1, 5, 13, and 14, are not available, insufficient and/or impractical.

706. Defendant(s) were motivated by bias, bad faith or improper motive. By their actions, defendant(s) abused their power, and interfered or attempted to interfere with M.G.L., c.265,s.37.

707. Defendant(s) arbitrary, irrational conduct is not rationally related to legitimate concerns of actors, government or public interest, and injured plaintiff directly or indirectly in his person and personal property.

708. This denial of plaintiff's rights by the defendant(s), consistently relates to the development, enjoyment, and/or sale of part of his property.

709. Defendant(s) violations create on their face a mandatory entitlement for redress.

710. Defendant(s) acted at all times under color of state law in their treatment of plaintiff's various applications.

711. As a result of the defendant(s)' violation of plaintiff's first Amendment rights, plaintiff suffered one or more of the following: Substantial damages, including but not limited to, delayed and/or blocked development of his property, denial of the enjoyment of his property, failed execution of sale of part of his property, lost profits, inability to finance the completion of his two-story garage, and extreme mental and emotional distress.

**COUNT LX,** (violation of Massachusetts civil rights act)

712. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 711 above, with the same force and effect as if herein set forth,, and further states, that:

713. The Massachusetts Civil Rights Act, M.G.L., c.12,s.11I, protects the exercise of rights secured by the Constitution and laws of the United States and the Commonwealth of Massachusetts from interferences by "threats, intimidation or coercion."

714. The ill-will and discriminatory animus directed against

plaintiff and his efforts to develop, enjoy and sell part of his property, and the arbitrary capricious

715. Defendant(s), aided abetted and participated knowingly willfully and with malice as principals or former principals, by them selfs or in acts of the different Boards and Departments as members of such Boards and Departments. Acts by defendant(s) subjected plaintiff to the deprivation of rights privileges and immunities secured by the Constitution and laws of the United States and the Commonwealth of Massachusetts

716. Defendant(s) acted at all times under color of state law in their treatment of plaintiff's various applications.

717. As a result of the defendant(s)' violation of plaintiff's first Amendment rights, plaintiff suffered one or more of the following: Substantial damages, including but not limited to, delayed and/or blocked development of his property, denial of the enjoyment of his property, failed execution of sale of part of his property, lost profits, inability to finance the completion of his two-story garage, and extreme mental and emotional distress.

**WHEREFORE**, plaintiff respectfully demands that;

1. judgment be entered in his favor and against defendant(s) on all counts;

2. that the court award compensatory damages to plaintiff and against defendant(s), in unit of $ 100,000.00 for the failed sale of lot A, due to violation of plaintiff's constitutionally protected right to due process and denial of plaintiff's property interest in the endorsement of his 1st ANR plan, and interference with plaintiff's contract to sell lot A by blocking plaintiff's 1st ANR plan, by the defendant(s);

3. that the court award compensatory damages in unit of $ 600,000.00 to plaintiff and against the defendant(s), for the failed sale of lot A, lot B and lot C, due to the PBH and their members, defendant(s), violation of plaintiff's constitutionally protected rights to equal protection, violation of plaintiff's right of due process, and defendant(s) denial of plaintiff's property interest in the endorsement of his 2nd ANR plan, and interference with plaintiff's contract to sell lot A, and the implied contract to sell lot B, and lot C of plaintiff's 2nd ANR plan, by the defendant(s);

4. that the court award compensatory damages in unit of $ 500,000.00 to the plaintiff and against the defendant(s), for extreme mental and emotional distress, caused by the repeated violation and deprivation of plaintiff's constitutional, civil, and statutory rights, in more specific terms, the

    conscious, deliberate, malicious, repeated and continued unlawful, refusal and denial of plaintiff's applications to the BOH, HCC, ZBA, and electrical inspector, defendant(s), by the defendant(s);

5. that the court award compensatory damages in unit of $ 48,000.00 to the plaintiff and against the defendant(s), for expenses plaintiff had as result of unnecessary cost for engineering, frequent pumping of a tight-tank, delineation map, legal fees, as a result of defendant(s) violations;

6. that the court award, exemplary and punitive damages in unit of $ 2,400,000.00 to the plaintiff and against the defendant(s), for injuries caused by the repeated violation and deprivation of plaintiff's constitutional, civil, and statutory rights, in more specific terms, the conscious, deliberate, malicious, repeated and continued unlawful, refusal and denial of plaintiff's applications to the different town boards and departments, denial of plaintiff's constitutional protected property interests, retaliatory discrimination of the plaintiff, discrimination based on plaintiff's national origin, harassment of the plaintiff, conspiracies towards plaintiff, intimidating of plaintiff, denial of plaintiff's enjoyment of his property, denial and delay to develop his property, forcing plaintiff to waste his financial resources, denial to execute his protected activities, denial of equal protection, inflicting extreme mental and emotional distress to plaintiff, and other violations of plaintiff's rights, by some of the town officials, defendant(s);

7. that the court award compensatory damages in unit of $ 28,000.00 to plaintiff and against the defendant(s), for lost income for the year of 2003, and an additional $ 28,000.00 for any subsequent year until the final adjudication of this case, since plaintiff had and will have to study the law and fight for his rights and was and will be unable to pursue his business, due to trespass by defendant(s), and plaintiff's inability to finish his two story garage with storage, office and workshop, needed to conduct his home antique business, due to lack of money he does not have because he can't sell his property.

8. that the court grant injunctive relive for the plaintiff, and against the BOH, in ordering the BOH (defendant(s), to issue a certificate of compliance for plaintiff's subsurface sewage disposal system for which the plaintiff has a constitutionally protected property interest;

9. that the court grant injunctive relive for the plaintiff and against all defendant(s), to order all defendant(s) to stop retaliate, discriminate, conspire and harass plaintiff, to insure future discontinuation of trespass by the defendant(s);

10. that the court further award such other cost and relief as the court deems proper.

11. Defendant(s) are liable in their official and/or individual capacity.

12 Plaintiff requests a trial by jury.

IT WOULD BE DIFFICULT TO IMAGINE A STATUE MORE CLEARLY DESIGNED "FOR THE PUBLIC GOOD" AND "TO PREVENT INJURY AND WRONG", THAN S, 1983.
Justice William J. Brennan

Respectfully submitted by the Plaintiff pro se

Holland, April 5th 2002

Peter K. Frei, PRO SE
P.O. Box 500
BRIMFIELD, MA 01010-0500
phone: 413 245 4660

(http://www.01521.com/fed/fcomplnt.htm)