601. Defendant(s) injured plaintiff directly or indirectly in his personal property.

602. Defendant's actions were irrational, arbitrary, capricious, and contrary to statutes of M.G.L., bylaws of the town of Holland and public interest, and consistently relate to plaintiff's protected activities, such as development and enjoyment of his property, or his attempt to sell part of his property.

603. Plaintiff informed defendant(s) of his rights and the consequences of their unlawful acts. Conspirators, (defendants), therefore had knowledge of the wrongs conspired to be done and would have had the power to prevent the commission of the wrongs but failed to do so.

604. The defendant(s) were at all times acting under color of state law in their conduct of business in relation to plaintiff's development and enjoyment of his property, and/or attempt to sell part of his property.

605. Remedies under statutes of M.G.L. are not available, inadequate, and/or impractical for redress.

606. Defendant(s) violations create on their face a mandatory entitlement for redress.

607. As a result of the defendant(s)' conspiracy, plaintiff suffered one or more of the following: Substantial damages, including but not limited to, delayed and/or blocked development of his property, denial of enjoyment of his property, failed execution of sale of part of his property, lost profits, inability to finance the completion of his two-story garage, and extreme mental and emotional distress.


**COUNT XII**, (violation of equal protection of the laws)

608. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 607 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 61-68, and 518-529 above, and further states, that:

609. Harold Congdon, chairman of the BOH, Robert Dymon, member of BOH, defendant(s), and other members, approved, (under a condition implemented in the 3rd plan), plaintiff's 2nd plan for a subsurface sewage disposal system. This 2nd (and 3rd) plan is in violation of the so called "TIGHT TANK POLICY." The BOH requested that plaintiff install a septic system with a holding tank (tight-tank), without a leach facility, in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

610. Defendant(s) had final policing power. With their actions

and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L. Defendant(s) therefore violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT XIII,** (violation of substantive due process)

611. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 610 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 61-68, and 539-551 above, and further states, that:

612. Harold Congdon, chairman of the BOH, Robert Dymon, member of BOH, defendant(s), and other members, approved, (under a condition implemented in the 3rd plan), plaintiff's 2nd plan for a subsurface sewage disposal system. This 2nd (and 3rd) plan is in violation of the so called "TIGHT TANK POLICY." The BOH requested that plaintiff install a septic system with a holding tank (tight-tank), without a leach facility, in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

613. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process.

614. Defendant(s) therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT XIV,** (violation of equal protection of the laws)

615. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 614 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 70-74, and 518-529 above, and further states, that:

616. Harold Congdon, chairman of the BOH, Robert Dymon and Fred Grabau, members of BOH, defendant(s), approve "as built" plan for subsurface sewage disposal system. This is the 3rd plan. Robert Dymon issues "Certificate of Compliance" on the installed illegal system with a holding tank (tight-tank), without a leach facility, in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

617. Defendant(s) had final policing power. With their actions

and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L. Defendant(s) therefore violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT XV,** (violation of substantive due process)

618. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 617 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 70-74, and 539-551 above, and further states, that:

619. Harold Congdon, chairman of the BOH, Robert Dymon and Fred Grabau, members of BOH, defendant(s), approve "as built" plan for subsurface sewage disposal system. This is the 3rd plan. Robert Dymon issues "Certificate of Compliance" on the installed illegal system with a holding tank (tight-tank), without a leach facility, in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

620. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process.

621. Defendant(s) therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT XVI,** (violation of equal protection of the laws)

622. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 621 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 79-89, and 518-529 above, and further states, that:

623. Dora Metrelis, Maria Scott and John Martin, members of the BCH denied plaintiff's 4th plan for a subsurface sewage disposal system and requested new design with impermeable barrier in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

624. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L.

625. Defendant(s) therefore violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT XVII**, (violation of substantive due process)

626. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 625 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 79-89, and 539-551 above, and further states, that:

627. Dora Metrelis, Maria Scott and John Martin, members of the BOH denied plaintiff's 4th plan for a subsurface sewage disposal system and requested new design with impermeable barrier in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

628. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process.

629. Defendant(s) therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT XVIII**, (violation of equal protection of the laws)

630. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 629 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 90-113, and 518-529 above, and further states, that:

631. Dora Metrelis, chairman of the BOH denies in a letter plaintiff's 5th subsurface sewage disposal system plan, despite the fact that the plan became constructively approved, and failed to approve the plan and issue the requested "disposal works construction permit," in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

632. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L. Defendant(s) therefore violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT XIX,** (violation of substantive due process)

633. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 632 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 90-113, and 539-551 above, and further states, that:

634. Dora Metrelis, chairman of the BOH denies in a letter plaintiff's 5th subsurface sewage disposal system plan, despite the fact that the plan became constructively approved, and failed to approve the plan and issue the requested "disposal works construction permit," in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

635. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process.

636. Defendant(s) therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.


**COUNT XX,** (violation of equal protection of the laws)

637. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 636 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 92-122, and 518-529 above, and further states, that:

638. William Hardy, chairman, Humphrey Sutton, Sally Byrne, Helen Kreiger and one other member of HCC, refused to issue receipt for NOI filed with the HCC, failed to make a decision during the public hearing, failed to make a decision within the allowed 21 day period, closed the hearing after 42 days without taking a vote and instead waited until they knew plaintiff had left the country and mailed their unlawful decision December 16, 1993 to plaintiff's P.O. Box address in Brimfield after 119 days, instead of the allowed 21 day period, and only issuing a partial decision, withholding final action on part concerning foundation repair of dwelling, violating 310 CMR 10.05(5)(b); 310 CMR 10.05(6)(a); 310 CMR 10.05(3)(e); 310 CMR 10.05(3)(f); M.G.L., c.39,s.23B; M.G.L., c.131,s.40; M.G.L., c.265,s.37.

639. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L. Defendant(s) therefore violated plaintiff's

right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend 5, 14; actionable under 42 U.S.C. s.1983.

### COUNT XXI, (violation of substantive due process)

640. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 639 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 92-122, and 539-551 above, and further states, that:

641. William Hardy, chairman, Humphrey Sutton, Sally Byrne, Helen Kreiger and one other member of HCC, refused to issue receipt for NOI filed with the HCC, failed to make a decision during the public hearing, failed to make a decision within the allowed 21 day period, closed the hearing after 42 days without taking a vote and instead waited until they knew plaintiff had left the country and mailed their unlawful decision December 16, 1993 to plaintiff's P.O. Box address in Brimfield after 119 days, instead of the allowed 21 day period, and only issuing a partial decision, withholding final action on part concerning foundation repair of dwelling, violating 310 CMR 10.05(5)(b); 310 CMR 10.05(6)(a); 310 CMR 10.05(3)(e); 310 CMR 10.05(3)(f); M.G.L., c.39,s.23B; M.G.L., c.131,s.40; M.G.L., c.265,s.37.

642. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process.

643. Defendant(s) therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

### COUNT XXII, (conspiracy to deny equal protection)

644. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 643 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 80-122, and 596-607 above, and further states, that:

645. Dora Metrelis, Maria Scott and John Martin, members of the BOH and William Hardy, chairman, Humphrey Sutton, Sally Byrne, Helen Kreiger and one other member of HCC, and probably other town officials, intentionally and purposefully conspired against plaintiff. Plaintiff has been whipsawed between BOH and HCC in a chicken or the egg contest which successfully denied plaintiff's rights. Dora Metrelis, Maria Scott and John

      Martin, members of the BOH denied plaintiff's 4th plan for a subsurface sewage disposal system and requested new design with impermeable barrier in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37. As Plaintiff did not give up and filed a subsequent 5th plan, Dora Metrelis, chairman of the BOH denied in a letter plaintiff's 5th subsurface sewage disposal system plan, despite the fact that the plan became constructively approved, and failed to approve the plan and issue the requested "disposal works construction permit," making the approval of plan dependent on prior approval of the HCC. These actions by the BOH are in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37. Co conspirators, William Hardy, chairman, Humphrey Sutton, Sally Byrne, Helen Kreiger and one other member of HCC, refused to issue receipt for NOI filed with the HCC, failed to make a decision during the public hearing, failed to make a decision within the allowed 21 day period, closed the hearing after 42 days without taking a vote and instead waited until they knew plaintiff had left the country and mailed their unlawful decision December 16, 1993 to plaintiff's P.O. Box address in Brimfield after 119 days, instead of the allowed 21 day period, and only issuing a partial decision, withholding final action on part concerning foundation repair of dwelling, violating 310 CMR 10.05(5)(b); 310 CMR 10.05(6)(a); 310 CMR 10.05(3)(e); 310 CMR 10.05(3)(f); M.G.L., c.39,s.23B; M.G.L., c.131,s.40; M.G.L., c.265,s.37.

646. By their actions, defendant(s) violated the above specified sections of 310 CMR 10.00 and statutes of M.G.L., and engaged in a conspiracy and conspired and discriminated against plaintiff because of plaintiff's national origin.

      **COUNT XXIII**, (violation of equal protection of the laws)

647. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 646 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 125-148, and 518-529 above, and further states, that:

648. Members of the BOH, in furtherance of the consistent attempt to thwart plaintiff's project, requested that plaintiff replace the leach pit by a leach field. Submitted plans, which are the 6th set of plans for a subsurface sewage disposal system, are not acted upon in the 45 day period allowed. Plaintiff's plans are constructively approved after 45 days, due to inaction by the BOH. BOH approved plans finally, after 130 days but failed to issue the necessary "disposals work construction permit," making the issuance of this permit dependent on prior approval of subsurface sewage disposal system plans by the HCC, and filing of a NOI by the plaintiff with the HCC. BOH by its actions and inactions is violating 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

649. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L. Defendant(s) therefore violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT XXIV,** (violation of equal protection of the laws)

650. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 649 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 129-197, and 518-529 above, and further states, that:

651. William Hardy, chairman HCC, requires plaintiff, in a letter, to explain to HCC why plaintiff installed a "tight tank," informing plaintiff of an allegedly required variance. William Hardy's, and probably other members of HCC's, request in regard to provisions under 310 CMR 15.00 is outside the Board's jurisdiction and doesn't apply to plaintiff's situation to begin with. HCC refused to issue receipt for NCI filed by plaintiff during the public hearing of July 29, 1994. During this meeting which is still an ongoing public hearing at that time, HCC is offering to issue partial order of condition (foundation and roof work) if plaintiff would withdraw his "request for an adjudicatory hearing" on the superseding order of conditions, DEP file number 184-83, plaintiff filed on May 5, 1994. HCC failed to issue order of conditions within 21 day period, as required under M.G.L., and failed to issue order of conditions as required, only issuing a partial order of conditions on October 17, 1994 (foundation and roof work) after plaintiff agreed not to pursue the adjudicatory hearing. HCC kept the public hearing open until May 2, 1995, and did so without plaintiff's consent. Actions by the HCC are in violation of 310 CMR 10.05(6)(a); 310 CMR 10.05(5)(b); 310 CMR 10.05(3)(f); 310 CMR 10.05(3)(e); M.G.L., c.131,s.40; and M.G.L., c.265,s.37.

652. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L.

653. Defendant(s) therefore violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT XXV,** (violation of substantive due process)

654. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 653 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 125-148, and 539-551 above, and further states, that:

655. Members of the BOH, in furtherance of the consistent attempt to thwart plaintiff's project, requested that plaintiff replace the leach pit by a leach field. Submitted plans, which are the 6th set of plans for a subsurface sewage disposal system, are not acted upon in the 45 day period allowed. Plaintiff's plans are constructively approved after 45 days, due to inactions by the BOH. BOH approves plans finally after 130 days, but fails to issue the necessary "disposals work construction permit," making the issuance of this permit dependent on prior approval of subsurface sewage disposal system plans by the HCC, and filing of a NOI by the plaintiff with the HCC. BOH by its actions and inactions is violating 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

656. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process.

657. Defendant(s) therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.


**COUNT XXVI,** (violation of substantive due process)

658. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 657 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 129-197, and 539-551 above, and further states, that:

659. William Hardy, chairman HCC, requires plaintiff, in a letter, to explain to HCC why plaintiff installed a "tight tank," informing plaintiff of an allegedly required variance. William Hardy's, and probably other members of HCC's, request in regard to provisions under 310 CMR 15.00 is outside the Board's jurisdiction and doesn't apply to plaintiff's situation to begin with. HCC refused to issue receipt for NOI filed by plaintiff during the public hearing of July 29, 1994. During this hearing, HCC is offering to issue partial order of condition (foundation and roof work) if plaintiff would withdraw his "request for an adjudicatory hearing" on the superseding order of conditions, DEP file number 184-83, plaintiff filed on May 5, 1994. HCC failed to issue order of

conditions within 21 day period, as required under M.G.L., and failed to issue order of conditions as required, only issuing a partial order of conditions on October 17, 1994 (foundation and roof work) after plaintiff agreed not to pursue the adjudicatory hearing. HCC kept the public hearing open until May 2, 1995, and did so without plaintiff's consent. Actions by the HCC are in violation of 310 CMR 10.05(6)(a); 310 CMR 10.05(5)(b); 310 CMR 10.05(3)(f); 310 CMR 10.05(3)(e); M.G.L., c.131,s.40; and M.G.L., c.265,s.37.

660. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process.

661. Defendant(s) therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT XXVII,** (violation of equal protection of the laws)

662. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 661 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 160-175 and 518-529 above, and further states, that:

663. BOH, John Stevens, chairman, unlawfully reverses their decision of June 27, 1994, when they approved plaintiff's 6th plan for a subsurface sewage disposal system, alleging the requirement of another variance, in violation of 310 CMR 15.00; M.G.L., c.39,s.23B; and M.G.L., c.265,s.37.

664. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L. Defendant(s) therefore violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT XXVIII,** (violation of substantive due process)

665. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 664 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 160-175 and 539-551 above, and further states, that:

666. BOH, John Stevens, chairman, unlawfully reverses their decision of June 27, 1994, when they approved plaintiff's 6th

plan for a subsurface sewage disposal system, alleging the requirement of another variance, in violation of 310 CMR 15.00; M.G.L., c.39,s.23B; and M.G.L., c.265,s.37.

667. Defendant(s) had final policing power, and, with their actions or inactions, deprived plaintiff of his constitutionally protected property interest, and therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C., s.1983.


**COUNT XXIX,** (violation of equal protection of the laws)

668. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 667 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 176-205, and 518-529 above, and further states, that:

669. BOH requests that plaintiff obtain new design for his subsurface sewage disposal system, removing the impermeable barrier the BOH earlier requested. Plaintiff's engineer is forced to draw 7th set of plans, which are filed with the BOH on November 15, 1994. BOH fails to act on the submitted plans within the 45 day period. The plans become constructively approved. BOH delays unlawfully the approval of the plans and the issuing of the "disposal works construction permit" until April 4, 1995. BOH failed to issue Certificate of Compliance" after the system had been installed and inspected by members of the BOH. To this day (filing date of this complaint), Sally Blais, chairman of the BOH, refuses to issue such document. BOH, with its actions, violated 310 CMR 15.00; M.G.L., c.39,s.23B; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

670. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L. Defendant(s) therefore violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.


**COUNT XXX,** (violation of substantive due process)

671. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 670 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 176-205, and 539-551 above, and further states, that:

672. BOH requests that plaintiff obtain new design for his

subsurface sewage disposal system, removing the impermeable barrier the BOH earlier requested. Plaintiff's engineer is forced to draw 7th set of plans, which are filed with the BOH on November 15, 1994. BOH fails to act on the submitted plans within the 45 day period. The plans become constructively approved. BOH delays unlawfully the approval of the plans and the issuing of the "disposals work construction permit" until April 4, 1995. BOH failed to issue Certificate of Compliance" after the system had been installed and inspected by members of the BOH. To this day (filing date of this complaint), Sally Blais, chairman of the BOH, refuses to issue such document. BOH, with its actions, violated 310 CMR 15.00; M.G.L., c.39,s.23B; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

673. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process.

674. Defendant(s) therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT XXXI**, (conspiracy to deny equal protection)

675. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 674 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 123-372 and 596-607 above, and further states, that:

676. Members of the BOH, members of the HCC, and probably other town officials intentionally and purposefully engaged in a conspiracy with the following illegal activities: Members of the BOH, in furtherance of the consistent attempt to thwart plaintiff's project, requested that plaintiff replace the leach pit by a leach field. Submitted plans, which are the 6th (sixth) set of plans for a subsurface sewage disposal system, are not acted upon in the 45 day period allowed. Plaintiff's plans are constructively approved after 45 days, due to inaction by the BOH. BOH approved plans finally after 130 days but failed to issue the necessary "disposals work construction permit," making the issuance of this permit dependent on prior approval of subsurface sewage disposal system plans by the HCC and filing of a NOI by the plaintiff with the HCC. John Stevens, chairman, unlawfully reverses their decision of June 27, 1994, approving plaintiff's 6th (sixth) plan for a subsurface sewage disposal system, alleging the requirement of another variance. BOH then requested that plaintiff obtain new design for his subsurface sewage disposal system, removing the impermeable barrier the BOH earlier requested. Plaintiff's engineer is forced to draw 7th (seventh) set of plans, which are filed with the BOH on November 15, 1994. BOH fails again to act on the submitted plans within the 45 day period. The

plans become again constructively approved. BOH delays unlawfully the approval of the plans and the issuing of the "disposals work construction permit" until April 4, 1995. BOH failed to issue Certificate of Compliance" after the system had been installed and inspected by members of the BOH. To this day (filing date of this complaint), Sally Blais, chairman of the BOH refuses to issue such document for no legitimate reason.

677. William Hardy, chairman, and other members of the HCC, in furtherance of the consistent attempt to thwart plaintiff's project, requested that plaintiff explain to HCC why he installed a "tight tank," informing plaintiff of an allegedly required variance. William Hardy's, and probably other members of HCC's, request in regard to provisions under 310 CMR 15.00 is outside the Board's jurisdiction and doesn't apply to plaintiff's situation to begin with. HCC refused to issue receipt for NOI filed by plaintiff during the public hearing of July 29, 1994. During this hearing, HCC is offering to issue partial order of condition (foundation and roof work) if plaintiff would withdraw his "request for an adjudicatory hearing" on the superseding order of conditions, DEP file number 184-83, which plaintiff filed on May 5, 1994. HCC failed to issue order of conditions within 21 day period, as required under M.G.L., and failed to issue order of conditions as required, only issuing a partial order of conditions on October 17, 1994 (foundation and roof work) after plaintiff agreed not to pursue the adjudicatory hearing. HCC kept the public hearing open until May 2, 1995, and did so without plaintiff's consent.

678. By their actions and inactions, BOH, defendant(s) violated 310 CMR 15.00; M.G.L., c.39,s.23B; M.G.L., c.111,s.31E; M.G.L., c.265,s.37, and HCC, defendant(s) violated 310 CMR 10.05(6)(a); 310 CMR 10.05(5)(b); 310 CMR 10.05(3)(f); 310 CMR 10.05(3)(e); M.G.L., c.39,s.23B; M.G.L., c.131,s.40; M.G.L., c.265,s.37; and engaged in a conspiracy and conspired and discriminated against plaintiff because of plaintiff's national origin.

**COUNT XXXII,** (retaliation for exercising first amendment rights)

679. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 677 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 169 above, and further states, that:

680. Retaliation for plaintiff's exercise of his first Amendment rights was the substantial or motivating factor underlying the individual defendant(s)' refusal to issue orders of condition on plaintiff's NOI. Defendant(s) further coerced plaintiff with the promise to issue the order of conditions, if plaintiff would refrain form pursuing the adjudicatory appeal he filed earlier. Plaintiff had a constitutionally protected

property interest in the issuance of the orders of conditions by the HCC, defendant(s).

681. Defendant(s) had final policing power. With their actions and/or inactions, deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L. Defendant(s) therefore violated plaintiff's right to petition the government for a redress of grievances, guaranteed under U.S.C.A. Const. Amend. 1; actionable under 42 U.S.C., s.1983.

682. Defendant(s) had a direct or indirect involvement and/or were aware of one or more of the following earlier petitions to the government by the plaintiff: Adjudicatory appeal, filed on May 5, 1994, to the General Counsel of the DEP on HCC decision on plaintiff's NOI, file number 184-83; plaintiff's letter of January 16, 1996, to the State Board of Examiners of Electricians of the Commonwealth of Mass., asking their opinion on the utility trench in the lake bed, challenging the electrical inspector's (Richard Blease) misconstrued interpretation of the Electrical Code, denying plaintiff his right to underground service to his dwelling; adjudicatory appeal, filed on February 5, 1997, to the General Counsel of the DEP on HCC conduct in regard to plaintiff's NOI, file number 184-118; lawsuit against the ZBA and the town of Holland in Superior Court, filed on January 16, 1996, docket number HDCV1996-71; and the lawsuit against the PBH and the town of Holland in Superior Court, filed on November 20, 2002, docket number HDCV2002-1196. Petitioning the government is a constitutionally protected activity.

683. Plaintiff's rights to petition the government for a redress of grievances and to be free from retaliation, was established with sufficient clarity at the time of defendant(s)' misconduct, and a reasonable town official should have conformed his or her conduct accordingly.

684. Defendant(s) therefore had knowledge of the wrongs to be done, and would have had the power to prevent the commission of the wrongs, but failed to do so.

685. Remedies under statutes of M.G.L. for violation of rights granted under U.S.C.A. Const. Amend. 1. are not available or impractical.

686. Defendant(s) were motivated by bias, bad faith, or improper motive. By their actions, defendant(s) abused their power, or employed their power as an instrument of oppression and interfered or attempted to interfere with M.G.L., c.265,s.37.

687. Defendant(s) do not enjoy qualified governmental immunity, as such immunity is only available for discretionary acts.

688. Defendant(s) arbitrary, irrational conduct is not rationally related to legitimate concerns of actors, government or public interest, and injured plaintiff directly or indirectly in his

person and personal property.

689. This denial of plaintiff's rights by the defendant(s), granted under the first Amendment, consistently relates to the development, enjoyment, and/or sale of part of his property.

690. Defendant(s) violations create on their face a mandatory entitlement for redress.

691. Defendant(s) acted at all times under color of state law in their treatment of plaintiff's various applications and other actions.

692. As a result of the defendant(s)' violation of plaintiff's first Amendment rights, plaintiff suffered one or more of the following: Substantial damages, including but not limited to, delayed and/or blocked development of his property, denial of enjoyment of his property, failed execution of sale of part of his property, lost profits, inability to finance the completion of his two-story garage, and extreme mental and emotional distress.

**COUNT XXXIII**, (violation of equal protection of the laws)

693. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 692 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 206-215, 224, 227, 228, 250, 263, 264, 269-275, 295, 296, and 518-529 above, and further states, that:

694. Richard Blease refused to issue plaintiff an electrical permit and refused to approve plaintiff's underground service which was in compliance with the local and national Electrical Code. Richard Blease, according to Humphrey Sutton, claimed he never got plaintiff's application for an electrical permit; this was a lie. Forced by Richard Blease, plaintiff removed conduit for power lines, which he later had to install again. With his actions, Richard Blease violated sections of 780 CMR and M.G.L., c.265,s.37.

695. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L. Defendant(s) therefore violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT XXXIV**, (violation of substantive due process)

696. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 695 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 206-215, 224, 227, 228, 250, 263, 264, 269-275, 295, 296, and 539-551 above, and further states, that:

697. Richard Blease refused to issue plaintiff an electrical permit and refused to approve plaintiff's underground service which was in compliance with the local and national Electrical Code. Richard Blease, according to Humphrey Sutton, claimed he never got plaintiff's application for a electrical permit, was a lie. Forced by Richard Blease, plaintiff removed conduit for power lines, which he later had to install again. With his actions, Richard Blease violated sections of 780 CMR and M.G.L., c.265,s.37. in violation of 310 CMR 15.00; M.G.L., c.111,s.31E; M.G.L., c.265,s.37.

698. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process.

699. Defendant(s) therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.


**COUNT XXXV,** (violation of equal protection of the laws)

700. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 699 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 217-222 and 518-529 above, and further states, that:

701. Benjamin Haller, chairman of ZBA, denied plaintiff s application for a special permit for a 5' by 12' balcony by deliberately applying the wrong standard, M.G.L.,c.40A,s.6, instead of M.G.L., c.40A,s.10, ignoring the nonconforming preexisting nature of plaintiff's dwelling and plaintiff's rights under the so called "grandfather clause." By doing so, Benjamin Haller violated M.G.L., c.265,s.37.

702. Benjamin Haller, chairman of ZBA, defendant, had final policing power. With his actions and/or inactions, defendant deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L.

703. Defendant therefore violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT XXXVI**, (violation of substantive due process)

704. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 703 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 217-222, 539-551 above, and further states, that:

705. Benjamin Haller, chairman of ZBA, denied plaintiff's application for a special permit for a 5' by 12' balcony by deliberately applying the wrong standard, M.G.L.,c.40A,s.5, instead of M.G.L., c.40A,s.10, ignoring the nonconforming preexisting nature of plaintiff's dwelling and plaintiff's rights under the so called "grandfather clause." By doing so, Benjamin Haller violated M.G.L., c.265,s.37.

706. Benjamin Haller, chairman of ZBA, defendant, had final policing power. With his actions and/or inactions, defendant deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process. Defendant(s) therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

**COUNT XXXVII**, (violation of equal protection of the laws)

707. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 706 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 206-297, and 518-529 above, and further states, that:

708. Humphrey Sutton, chairman, Brian Roche and other members of the HCC, are making all kinds of wrong accusations and capricious arbitrary requests; Humphrey Sutton accuses plaintiff of having built a shed not in conformance with approved plans, Humphrey Sutton and Brian Roche request that plaintiff remove underground conduits, accusing plaintiff of violating zoning bylaws with his underground conduit. Humphrey Sutton requests that plaintiff combine all plot plans listed under ATTACHMENT "H" of plaintiff's NOI file number 184-118 onto one plan, requests a delineation map, claims to have jurisdiction over electrical installations, also making the issuance of electrical, fire department and a building permit a prerequisite to issuing orders of conditions; requesting underground conduits to be removed and then relaid, reinspected, and reapproved; requests that plaintiff provide evidence that plaintiff notified the Army Corp. of Engineers of his proposed work; refused to keep the public hearing open as long as plaintiff did not have the aforementioned permits issued; Humphrey Sutton further accused plaintiff of not having complied with notification requirements of abutters;

HCC failed to issue orders of conditions within the 21 day period allowed after the closing of the public hearing on October 22, 1996, during which HCC members voted in favor of Plaintiff's NOI, file number 184-118; without notifying plaintiff, HCC members signed order of conditions typed by Humphrey Sutton who resigned on October 9, 1996 and was not a member of HCC anymore; the order of conditions, typed by nonmember Humphrey Sutton, denied two of the proposed activities included in plaintiff's NOI and voted for in the affirmative during the prior meeting of October 22, 1996. Defendant(s) requests are outside the jurisdiction of HCC and/or not required under sections of 310 CMR 10.00, and/or in violation of 310 CMR 10.05(3)(e); 310 CMR 10.05(3)(f); 310 CMR 10.05(4)(f); 310 CMR 10.05(5)(b); 310 CMR 10.05(6)(a);M.G.L., c.131,s.40; M.G.L., c.39,s.23B; M.G.L., c.265,s.37; and M.G.L., c.268,s.6A.

709.  Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L.

710.  Defendant(s) therefore violated plaintiff's right to equal protection under the laws, guaranteed under Article I of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

   **COUNT XXXVIII**, (violation of substantive due process)

711.  Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 710 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 206-297, and 539-551 above, and further states, that:

712.  Humphrey Sutton, chairman, Brian Roche and other members of the HCC, made all kinds of wrong accusations and capricious arbitrary requests, and violated several statues of M.G.L., and sections of CMR, as described under paragraph 708.

713.  Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process. Defendant(s) therefore violated plaintiff's right to substantive due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

   **COUNT XXXIX**, (violation of procedural due process)

714.  Plaintiff hereby repeats, realleges, and incorporates by

reference the allegations in paragraphs 1 through 713 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 206-297 above, and further states, that:

715. Humphrey Sutton, chairman, Brian Roche and other members of the HCC, committed all kinds of outrageous, unlawful acts and made all kinds of wrong accusations and capricious arbitrary requests as described under paragraph 622, in violation of laws, rules and violations of sections of the CMR, described under paragraph 622.

716. Defendant(s) had final policing power. With their actions and/or inactions, defendant(s) deprived plaintiff of his constitutionally protected property interest, guaranteed under statutes of M.G.L., without due process. Defendant(s) therefore violated plaintiff's right to procedural due process, guaranteed under U.S.C.A. Const. Amend. 5, 14; actionable under 42 U.S.C. s.1983.

717. Defendant(s) deliberate egregious misconduct is shocking to the conscience, and/or plaintiff has a constitutionally protected property interest or entitlement in the approval or endorsement of his plan or application, or issuing of the sought permit.

718. Approval or endorsement of plan or application, or issuing of permit, was ministerial act, mandated by law.

719. Defendant(s) were motivated by bias, bad faith, or improper motive.

720. By their actions, defendant(s) abused their power, or employed their power as an instrument of oppression and interfered or attempted to interfere with M.G.L., c.265,s.37.

721. Defendant(s) actions constitute malicious abuse of process.

722. Procedural proceedings were fundamentally flawed, inadequate, irregular and unlawful.

723. Defendant(s) violations reach constitutional threshold, and amount to "constructive taking."

724. Defendant(s) had no discretion in approving or endorsing plaintiff's plan or application, or issuing plaintiff the sought permit, which was in compliance with all statutory requirements under M.G.L., and was also in compliance with all applicable sections of the Code of Massachusetts Regulations and applicable bylaws of the town of Holland.

725. Defendant(s) do not enjoy qualified immunity, as such immunity is only available for discretionary acts.

726. Approval, endorsement or issuance of permit was ministerial act, mandated by law.

727. Defendant(s) deprived plaintiff of his property interest without constitutionally adequate procedural due process.

728. Defendant(s) arbitrary, irrational conduct is not rationally related to legitimate concerns of actors, government or public interest, and injured plaintiff directly or indirectly in his person and personal property.

729. Plaintiff informed defendant(s) of his rights and informed defendant(s) of the detriment of their unlawful acts.

730. Defendant(s) therefore had knowledge of the wrongs to be done, and would have had the power to prevent the commission of the wrongs, but failed to do so.

731. This denial of plaintiff's right to procedural due process by the defendant(s), consistently relates to the development, enjoyment, and/or sale of part of his property.

732. Defendant(s) acted at all times under color of state law in their treatment of plaintiff's various applications and other actions.

733. There is no state court remedy for procedural due process violation. Remedies under statutes of M.G.L. are not available, insufficient or impractical.

734. Defendant(s) violations create on their face a mandatory entitlement for redress.

735. As a result of the defendant(s)' violation of plaintiff's right to substantive due process, plaintiff suffered one or more of the following: Substantial damages, including but not limited to, delayed and/or blocked development of his property, denial of enjoyment of his property, failed execution of sale of part of his property, lost profits, inability to finance the completion of his two-story garage, and extreme mental and emotional distress.

736. As a result of the defendant(s)' violation of plaintiff's right to procedural due process, plaintiff suffered substantial damages, including but not limited to unnecessary expenses for unjustified and unnecessary engineering costs, unnecessary frequent pumping of a septic holding-tank, denial of enjoyment of his property, and mental and emotional distress.

### COUNT XL, (interfering with contract)

737. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 736 above, with the same force and effect as if herein set forth, with emphasis on paragraphs 271-273, 295, and 563-573 above, and