UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-30070KPN

| | |
|---|---|
| PETER K. FREI, | ) |
|     Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| TOWN OF HOLLAND, BOARD OF HEALTH, | ) |
| HOLLAND CONSERVATION COMMISSION, | ) |
| HOLLAND POLICE DEPARTMENT, | ) |
| PLANNING BOARD, ZONING BOARD OF | ) |
| APPEALS, Ronald Benoit, Debra Benveniste, | ) |
| Sally Blais, Richard Blease, Harold E. Congdon, | ) |
| Robert Dymon, Robert Ford, Kevin Gleason, | ) |
| Benjamin Haller, William Hardy, Earl Johnson, | ) |
| Helen Kreiger, Marilyn LaPlante, Joanne May, | ) |
| Vincent J. McCaughey, Dora Metrelis, | ) |
| Arthur A. Quinn, Brian Roche, John Stevens, | ) |
|     Defendants | ) |

### DEFENDANTS' MOTION FOR LEAVE TO PROCEED ON THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, FILE THEIR ANSWER TO THE PLAINTIFF'S AMENDED COMPLAINT, AND CONVERT THE MOTION TO DISMISS TO ONE FOR JUDGMENT ON THE PLEADINGS

NOW COME the defendants and move this Honorable Court to allow them to proceed on their Motion to Dismiss or, in the alternative, for leave to file their Answer to the plaintiff's Amended Complaint, and convert the Motion to Dismiss to one for judgment on the pleadings. As reasons for this motion, the defendants state as follows.

Procedurally, defendants' counsel had filed a Motion for Extension of Time in Which to Provide a Responsive Pleading or, in the alternative, a Motion for a More Definite Statement, pursuant to Fed. R. Civ. P. 12(e). It was always the defendants' intention to file a dispositive motion with respect to this matter and their failure to do so in concert with their previously

371198

mentioned motions was related, *inter alia*, to time constraints as the plaintiff had already threatened to seek a default when counsel was first retained to represent the defendants and the sheer volume of allegations in the Amended Complaint made it impossible to prepare the dispositive motion timely. Furthermore, defendants' counsel understood that this Court was mindful that a trial was scheduled in the Hampden County Superior Court with respect to certain allegations in the Amended Complaint which would have had a substantive effect on the defendants' Answer and/or other pleadings. To date, that trial has not gone forward.

The defendants further submit that the literal reading of Rule 12, as articulated by the plaintiff, would elevate form over substance, particularly in a case such as this. To require that a motion to dismiss under Rule 12(b)(6) be filed simultaneously with a motion for more definite statement, would, in effect, put the cart before the horse. Further, it would be a tremendous waste of judicial economy. If the motion for more definite statement was allowed, obviously, a second pleading would have to be filed by the plaintiff. Issues raised in an initial motion to dismiss may be moot once the motion for more definite statement has been acted on. To allow a motion to dismiss at this phase would clearly advance the stated purpose of Rule 12 "to eliminate unnecessary delays in the early pleading stages of a suit so that all available Rule 12 defenses are advanced before consideration of the merits." *Manchester Knitted Fashions v. Amalgamated*, 967 F.2d 688, 291 (1st Cir. 1992). This is not a situation wherein the party seeks to move piecemeal under Rule 12(b). Rather, this is a situation in which logic, and judicial economy, dictate that the defendant should be allowed to file a motion to dismiss at this phase. *See, e.g., Printing Plate Supply Co. v. Curtis Publishing*, 278 F.Supp. 642, 645 (E.D. Penn. 1968) (allowing a 12(b) motion to proceed even though it was filed after a pre-answer 12(e) motion had

371198

been filed). The defendants submit that the purpose of Rule 12 would be thwarted if they were required to proceed in any other fashion.

The defendants submit, however, that, in the event that this Court does not allow a Motion to Dismiss to proceed, they be afforded the opportunity to file an answer after which the original Motion to Dismiss would simply be converted to a motion for judgment on the pleadings, as is allowed under Fed. R. Civ. P. 12(h). Again, while the defendants submit that such a procedure would, under the circumstances of this case, pose undue burdens on the defendants to accomplish the same results, the defendants submit that there would be no prejudice to the plaintiff, particularly where, as here, the trial of the related matter in the state court has yet to proceed.

Alternatively, and finally, the defendants respectfully request an additional time after the conclusion and decision on the trial in the Superior Court in which to file an answer as, as previously noted, a determination therein may have a substantive effect on this case. The defendants state further that because there will be no prejudice to the plaintiff as discovery has not yet begun in this matter and the delay in providing the answer is only a matter of weeks from the Court's June 30, 2004 date, counsel asks this Court to deny the plaintiff's motion for default and to allow the defendants to proceed on their Motion to Dismiss or, alternatively, file their Answer. *Luis C. Forteza e Hijos, Inc. v. Mills*, 534 F.2d 415, 419 (1st Cir. 1976), *citing Flaksa v. Little River Marine Const. Co.,* 389 F.2d 885 (5th Cir. 1968), *cert. denied* 392 U.S. 928 (U.S.Fla., 1968) (stating "default judgment is a...drastic sanction that should be employed only in an extreme situation"). The primary reason for a court's reluctance to default a party is the "policy of the law favoring the disposition of the case on their merits." *Richman v. General Motors Corp.*, 437 F.2d 196, 199 (1st Cir. 1971), citations omitted. Because there will be no prejudice to the plaintiff and because defendants' counsel in good faith, believing that filing a

371198

dispositive motion was acceptable to this Court, asks this Court to deny the plaintiff's motion for default.

## CONCLUSION

WHEREFORE, based upon all the foregoing, the defendants respectfully request that the plaintiff's Motion for Default be denied, that the defendants be afforded the opportunity to proceed with their Motion to Dismiss, that they be allowed to file an answer late and/or that this matter be stayed pending resolution of the state court matter, which has yet to be tried.

>THE DEFENDANTS,
>TOWN OF HOLLAND, ET AL
>
>By      */s/ Nancy Frankel Pelletier*
>Nancy Frankel Pelletier, Esq.,
>BBO No.: 544402
>
>By      */s/ Dorothy Varon*
>Dorothy Varon, Esq.,
>BBO No.: 629609
>Robinson Donovan, P.C.
>1500 Main Street, 16th Floor
>Springfield, MA 01115
>(413) 732-2301

371198