UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.04-30070KPN

Peter K. Frei,            )
Plaintiff,                )
                          )
v.                        )
                          )
TOWN OF HOLLAND, et al,   )
Defendant(s)              )

## PLAINTIFF'S OPPOSITION WITH MEMORANDUM IN SUPPORT THEREOF TO DEFENDANTS' MOTION FOR LEAVE TO PROCEED ON THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, FILE THEIR ANSWER TO THE PLAINTIFF'S AMENDED COMPLAINT, AND CONVERT THE MOTION TO DISMISS TO ONE FOR JUDGMENT ON THE PLEADINGS

Defendants' counsel continues to cite cases that lack persuasive authority as they are distinguished both factually and legally from the present issue and citing them is therefore improper.

Defendants' counsel cites <u>Printing Plate Supply Co. v. Curtis Publishing</u>, 278 F.Supp. 642, 645 (E.D. Penn. 1968) in support of her argument, that her second pre-answer motion under Rule 12 would be proper and not in violation of procedural law.

In Printing Plate Supply, the defendant had already answered the complaint. Plaintiff filed his motion for a more definite statement in response to defendant's counterclaim, Rule 12(e). Plaintiff then filed his second pre-replay motion under Rule 12(b)(6), plaintiff's motion to dismiss counterclaim.

At the time plaintiff filed his second pre-replay motion, plaintiff's first pre-replay motion had not been considered or ruled on by the court. Plaintiff's motion to dismiss was <u>not in violation</u>

of Rule 12(g), mandating consolidation of defenses in one omnibus motion, as both motions could be considered by the court at the same time.

To cite Printing Plate Supply is improper, as DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT was denied 56 days before defendants' filed DEFENDANTS' MOTION TO DISMISS.

Only when a motion for a more definite statement is granted by the court, can a second pre-answer motion be filed. In such a situation, additional defenses are prompted by new pleadings.

Defendants' cited Printing Plate Supply case is concurring with rule 12(g) and the authority of Wright & Miller's Federal Practice, cited by plaintiff. Defendants' experienced counsel is in error. Defendants' counsel was unable to find case-law supporting her position because there are none.

The case Printing Plate Supply, cited by defendants' actually proffer Wright & Miller's Federal Practice interpretation of rule 12(g):

"[T]here is strong precedent against permitting a 12(e) Motion to be used only for the purpose of laying the groundwork for a Motion to Dismiss. See, Harrington v. Yellin, 158 F.Supp. 456, 459 (E.D.Pa., 1942); Leon v. Hotel and Club Employees Union Local 6, 26 F.R.D. 158, 159 (D.C.S.D.N.Y., 1960). Printing Plate Supply Co. v. Curtis Publishing, 278 F.Supp. 642, 645 (E.D. Penn. 1968).

In 1948, the language of rule 12(g) was amended to eliminate uncertainty in regards to the consolidation requirements and to consolidate all available defenses in one omnibus motion. The "two-motion" option was tolerated under specific circumstances before this amendment in 1948 of rule 12(g). There are therefore some pre 1948 cases in which two pre-answer motions under rule 12 where allowed.

"[R]ule providing that plaintiff be required to file a more definite

statement of claim has as its function the enablement of movant to prepare a responsive pleading, and rule may not serve as a forerunner for a motion to dismiss. Fed.Rules Civ.Proc. rule 12(e), 28 U.S.C.A." <u>Harrington v. Yellin</u>, 158 F.Supp. 456 (E.D. Penn. 1958)

Plaintiff hereby submits PLAINTIFF'S OPPOSITION WITH MEMORANDUM IN SUPPORT THEREOF TO DEFENDANTS' MOTION FOR LEAVE TO PROCEED ON THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, FILE THEIR ANSWER TO THE PLAINTIFF'S AMENDED COMPLAINT, AND CONVERT THE MOTION TO DISMISS TO ONE FOR JUDGMENT ON THE PLEADINGS.

Defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(6) is in violation of procedural law and therefore not proper.

Defendants' counsel conveys a sense of great importance to her improper frivolous pre-answer motions under Rule 12, and continuous to do so with her latest motion, DEFENDANTS' MOTION FOR LEAVE TO PROCEED ON THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, FILE THEIR ANSWER TO THE PLAINTIFF'S AMENDED COMPLAINT, AND CONVERT THE MOTION TO DISMISS TO ONE FOR JUDGMENT ON THE PLEADINGS, which is already defendant's third pre-answer motion.

Plaintiff rests on his argument presented to this court in PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT BY COURT and further states that defendants' are in default and culpable by willfully not commit them selfs to a full answer to plaintiff's amended complaint.

In her latest motion, DEFENDANTS' MOTION FOR LEAVE TO PROCEED, defendants' counsel asserts in the second paragraph, that she filed a "Motion for Extension of Time in Which to Provide a Responsive Pleading or, in the alternative, a Motion for a More Definite Statement.

This is simply not true, defendants' counsel filed on April 30, 2004, DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME. Defendants' motion for more

definite statement was denied by this court.

The idea to rename her motion for a more definite statement by switching titles, defendants' counsel must have gotten from the case she cited on page 2, of her latest motion, which provides:

"[M]otion for enlargement of time in which to file responsive pleading does not constitute waiver of venue. Fed.Rules Civ.Proc.Rules 12, 12(h)(1), 28 U.S.C.A." <u>Manchester Knitted Fashions, Inc. v. Amalgamated</u>, 967 F.2d 688 (1992).

In Manchester, the defendant waived defense of improper venue by failure to plead an affirmative defense of improper venue in defendant's answer, Fed.R.Civ.P. 12(h)(1).

Defendants' counsel errs with her statement "literal reading of Rule 12, as articulated by the plaintiff, would elevate form over substance, particularly in a case like this."

Plaintiff's arguments and facts are based on real authority and not fictions of his imagination. The fact that DEFENDANTS' MOTION TO DISMISS is in violation of procedural law is evidenced by the authority of Wright & Miller, Federal Practice and Procedure, the most cited source by Federal District Court Judges.

As a matter of fact, <u>Wright & Miller describes the very situation of filing a motion to dismiss under Rule 12(b)(6) after a denied motion for a more definite statement under Rule 12(e) as a violation of procedural law.</u> Wright & Miller, Federal Practice & Procedure: Civil 2d, § 1388 at 738 (1989).

It is difficult to belive, that defendants' experienced counsel does not know better. She has 19 years of practice in the Federal Court System, she lectures others in the legal profession with seminars such as "Ending a case before it starts" (title of her contribution to a seminar conducted by Massachusetts Continuing Legal Education).

Defendants' counsel is trying to convince this court to follow her misconceived interpretation of rule 12(g), to unwittingly assist her in violating procedural law.

In a time where the court system and its serving Judges are overloaded with work, Judges should be able to trust that lawyers actually follow the oath of office they are mandated to take to became "officers of the court," see M.G.L., c.221,s.38.

Plaintiff urges this court to give this matter its attention, the rules and pertinent case-law are binding-precedent and very clear on this issue.

Plaintiff also opposes strongly defendants' counsel's request for additional time.

Defendants' counsel asserts in her latest motion, her motion for leave to proceed, quote:

"To require that a motion to dismiss under Rule 12(b)(6) be filed simultaneously with a motion for a more definite statement, would, in effect, put the cart before the horse. Further, it would be a tremendous waste of judicial economy."

The very idea of rule 12(g) and its companion provision under rule 12(h)(2) is, to conserve judicial time by preventing a defendant from serially raising objections the plaintiff might well be able to meet, the very conduct defendants' counsel is engaging in. Rule 12(g) provides in part:

"A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party."

If defendants counsel's motion to dismiss would not be in violation of Fed.R.Civ.P 12(g), it still would have to be denied.

Defendants' counsel has not included one single legally or factually tenable argument in her motion to dismiss. And even if plaintiff's complaint would be faulty, Federal practice would call

for allowing plaintiff to amend his complaint instead of dismissing the action.

There are times, when certain legal maneuvers do not work and, furthermore, are inappropriate because they violate procedural law.

Court's consistently held, that a rule 12(c) motion is premature if made before an answer is filed, see <u>Progressive Cas. Ins. Co. v. Estate of Crone</u>, 894 F.Supp. 383 (D. Kan. 1995).

Defendants' counsel also cites Luis C. Forteza e Hijos, Inc. v. Mills. In Luis the Court actually affirmed the default judgement:

"[W]hile we affirm, it is apparent that the judgment must be revised so as to conform to current dates. In addition, as the further provisions in the judgment for a $3,000 accelerated penalty payment seem to us excessive and unnecessary, we direct that these be eliminated." <u>Luis C. Forteza e Hijos, Inc. v. Mills</u>, 534 F.2d 415 419 (1st Cir. 1976).

Defendants' counsel also cites, (last citation in her motion for leave to proceed), <u>Richman v. General Motors Corp.</u>, 437 F.2d 196, 199 (1st Cir. 1971), providing: The primary reason for a court's reluctance to default a party is the "policy of the law favoring the disposition of the case on their merits."

Plaintiff will provide this Court what it needs to enter the default and dispose of the case on its merits and not on a procedural technicality. Plaintiff will file PLAINTIFF'S MOTION FOR LEAVE TO FILE A MEMORANDUM OF LAW IN EXCESS OF 20 PAGES IN SUPPORT TO PLAINTIFF'S MOTION TO AMEND HIS MOTION FOR DEFAULT JUDGMENT BY THE COURT OR, IN THE ALTERNATIVE, PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT.

The argument, that the pending resolution of the state court case would have "a substantive effect on this case" is ludicrous, as the single question the jury will decide in state court, is the question if the planning board took final action on plaintiff's 2nd

Approval Not Required application, thereafter ANR, for a division of a tract of land.

The case in state court does not involve any civil rights violations or constitutional questions or federal law. Furthermore, the issue of Plaintiff's 1st ANR application is not part of the case awaiting trial in state court.

**WHEREFORE,** plaintiff respectfully requests that this honorable Court deny DEFENDANTS' MOTION FOR LEAVE TO PROCEED ON THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, FILE THEIR ANSWER TO THE PLAINTIFF'S AMENDED COMPLAINT, AND CONVERT THE MOTION TO DISMISS TO ONE FOR JUDGMENT ON THE PLEADINGS, based upon all the foregoing.

Respectfully submitted by the
Plaintiff pro se

Peter K. Frei
P.O. Box 500
BRIMFIELD, MA 01010-0500
phone: 413 245 4660

**CERTIFICATE OF SERVICE:**

On this 31st day of July 2004, I certify that I mailed a true copy of the above document, postage prepaid to:

Nancy Frankel Pelletier, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, MA 01115

Peter K. Frei

(http://www.01521.com/fed/foppos03.htm)