UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.04-30070KPN

Peter K. Frei,                  )
Plaintiff,                      )
                                )
v.                              )
                                )
TOWN OF HOLLAND, et al,         )
Defendant(s)                    )


**PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS**

**MOTION FOR DEFAULT JUDGMENT BY THE COURT (20 pages)**

OR, IN THE ALTERNATIVE, TO RECONSIDER

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A MEMORANDUM OF LAW IN EXCESS
OF 20 PAGES IN SUPPORT TO**

**PLAINTIFF'S MOTION TO AMEND HIS MOTION FOR DEFAULT JUDGEMENT BY
COURT OR, IN THE ALTERNATIVE,**

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT**

Plaintiff learned yesterday that his motion for leave to exceed the 20 page limitation was denied by this Court.

Let's assume that plaintiff would file a 20 page memorandum in support to his motion and this Court would deny his motion for a default judgement by the Court. This Court then, would consider plaintiff's motion in the alternative as a motion for partial summary judgement:

If plaintiff's condensed 20 page version would convince this Court but not defendants' counsel, the approval of plaintiff's motion for partial summary judgement by this Court would be subject to an immediate appeal by the defendants'.

This condensed 20 page version would then have to withstand the scrutiny of the District Court of Appeals.

Page 1 of 9 Pages

Plaintiff is not willing to take that risk, and neither should he expected to do so.

### Partial summary adjudications accelerate litigations:

Plaintiff is mindful about not wasting this Court's time and resources. For that reason plaintiff intended to offer PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENT BY COURT in the alternative as PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT.

Partial summary adjudications accelerate litigations by narrowing the triable issues and eliminating those matters involving no genuine issues of material fact before trial.

Plaintiff hereby moves this honorable Court to reconsider PLAINTIFF'S MOTION FOR LEAVE TO FILE A MEMORANDUM OF LAW IN EXCESS OF 20 PAGES in support of his motion.

If not, plaintiff will, with this Court's permission, amend PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT BY COURT by filing a 20 page motion with memorandum in one document, together with affidavits and exhibits in support.

### Federal Practice favors disposition of cases on their merits:

Plaintiff thought, "what's sauce for the goose is sauce for the gander."

Defendants' counsel attempted to have plaintiffs' case dismissed but failed to advance any legally tenable arguments and did so with her second pre-answer motion under rule 12 outside procedural law.

So far she fails to appreciate the distinction between plaintiff's Approval Not Required applications and Subdivision plan applications and notoriously cites cases which are factually and legally distinguishable from the issues here at bar, as they involve

permit and license applications in which the issuing authority has ample discretion in deciding whether or not to grant them and furthermore, the authority's actions where not "shocking to the conscience". In her latest bold stroke she cites Printing Plate Supply Co. v. Curtis Publishing, 278 F.Supp. 642, 645 (E.D. Penn. 1968). In this case the second pre-answer motion was filed before the Judge ruled on the first pre-answer motion and the second pre-answer motion was not in violation of Rule 12(g), mandating consolidation of defenses in one omnibus motion, as both motions could be considered by the court at the same time.

Plaintiff is not against an early disposition of his case, but would rather secure a final disposition by adjudicating the case on its merits and within the procedural law as he is rightfully entitled to under Fed.R.Civ.P., rule 1 and rule 54.

Instead of following honorable Judge Kenneth Neiman's order to answer plaintiff's complaint no later then June 30, 2004, defendants' counsel filed two more pre-answer motions. Plaintiff filed PLAINTIFF'S COMPLAINT four (4) months ago and is still waiting for an answer.

Plaintiff seeks to provide the proof of facts this Court needs, to enter a default judgment and dispose of the case on its merits, or in the alternative, enter partial summary judgement.

In order to be able to achieve this objective and move this case along, plaintiff moves for leave to amend PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BY COURT.

Plaintiff's case is not one of the cases, where a disgruntled permit applicant puts "constitutional labels" on questionable interpretations of local by-laws and/or state statutes by officials

acting with somehow "perverted motives" (in the eyes of the applicant).

This Court will realize as it familiarizes it self with this case, plaintiff had an absolute entitlement or property interest in all of his applications, whether in regards to applications submitted to the planning board, board of health, conservation commission, zoning board of appeals, or electrical inspector.

This Court will further realize, that the conduct by the defendants' meets the constitutional threshold of "shocking to the conscience".

Plaintiff read hundreds of cases and is aware of the fact, that the legal conscience is not shocked easily.

Plaintiff put his life on hold two years ago and knows what he is doing even so he is "just a layman." Plaintiff will not rest until justice is done and will fight for his rights all the way while still mindful not to waste this honorable Court's or any other Court's time and resources.

With all due respect, plaintiff would like to point out that the convoluted present issue is a direct consequence of defendants failure to follow procedural law, while plaintiff just does what he has to, and does so within procedural law.

### District Courts has authority to enter default judgment for failure to prosecute where the court finds no excusable neglect:

"[I]t is well established that the district court has the authority to dismiss or to enter default judgment, depending on which party is at fault, for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure. [FN2] While the authority is reiterated in some of the Federal Rules of Civil Procedure for particular situations, the power is one inherent in the courts 'in the interest of the orderly administration of justice'." Flaksa v. Little River Marine Const. Co., 389 F.2d 885 (5th Cir. 1968). (This case was cited by defendants' counsel in DEFENDANTS' OPPOSITION TO THE PLAINTIFF'S MOTION FOR DEFAULT).

Defendants' counsel knew or should have known that her second and her third pre-answer motion are in violation of procedural law as she is specialized in "Ending a case before it starts".

After plaintiff pointed it out to her, she still refused to obey the law and proceeded with filing another pre-answer motion in violation of procedural law.

In US v. York, the default judgement was upheld do to failure to show excusable neglect and failure to show a meritorious defense.

"[R]ule 6(b) of the F.R.Civ.P. 28 U.S.C.A., provides that '* * * the court for cause shown may * * * in its discretion * * * permit the act (filing of answer, etc.) to be done where the failure to act was the result of excusable neglect * * *.' The law is well established that a filing may be allowed, even after default, where the court finds excusable neglect. Therefore, it is apparent that the within motions are addressed to the sound judicial discretion of this court. It is incumbent upon the moving party, York Electric, to establish such excusable neglect. This it has attempted to do in its affidavit in support of the motions. See: Jim's Trailer Sales, Inc. v. Shutok, D.C., 153 F.Supp. 274. Excusable neglect is generally understood to be that course of action taken by a reasonably prudent person under the same or similar circumstances. Further definitions and annotations of that term are found in 15A Words and Phrases, p. 224." U. S. for Use and Benefit of Davison v. York, (1960). See also Breuer Elec. Mfg. Co. v. Toronado Systems of America Inc., 687 F.2d 182 (7th DCA 1982); (must have meritorious defense to reopen default).

As plaintiff had not the advantage to rely on defendants' answer to PLAINTIFF'S AMENDED COMPLAINT or disclosure by the defendants' under Fed.R.Civ.P. 26, and furthermore could not take the deposition of any defendants or witnesses yet, plaintiff will not be able to prove all claims.

Plaintiff would also need more time to argue and prove the rest of the unending violations by the defendants, meticulously alleged in PLAINTIFF'S AMENDED COMPLAINT.

<u>**If this Court waives the 20 page limitation, plaintiff is able to file his motion for partial summary judgement:**</u>

Plaintiff trusts this honorable Court, that he will be allowed

to file a second partial summary judgment motion addressing the rest of the issues, after close of the discovery, if necessary.

Rule 56(c), Fed.R.Civ.P., mandates that judgement as to all or part of the relief sought be granted by summary judgment,

"if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

In the proposed motion, plaintiff will show that there are no genuine issues as to all of the relief sought in the proposed motion requiring a trial, and that he is entitled to judgment in his favor as a matter of law.

Plaintiff needs to be allowed to file a memorandum in exess of 20 pages to keep any "guess work" out of the proposed motion.

### Statute of Limitations:

All issues addressed in the proposed motion are within the statute of limitations without invoking the protection of the "continuing violation doctrine", as the question whether this equitable exception to the timely filing requirement is applicable or not is still an issue for the defendants' counsel at this point

### Evidentiary questions:

Plaintiff would present Affidavits and Exhibits in support of his proposed motion and would rely on deposition-transcripts of depositions filed with the Superior Court in the civil action HDCV2002-1196.

The action in Superior Court involves some of the same subject matter and the same parties or their privies. See also Fed.R.Civ.P. 56(c).

"[D]epositions lawfully taken and duly filed in a former action that involved the same subject matter and the same parties or their privies as the principal action may be used in a summary judgement

proceeding." <u>Western Land Corp. v. Crawford-Merz Co.</u>, 62 F.R.D. 550 (D.Minn.1973).

Minutes to meetings would be admissible at trial under Fed.R.Evid. 902(4).

Relevant minutes and letters are authenticated by board members under Fed.R.Evid. 1005 within the depositions plaintiff would rely on.

Court document of prior action in state court, and court transcripts of hearings plaintiff intends to use, would be admissible in trial under Fed.R.Evid. 902(1).

The rest of the documents would be admissible either under Fed.R.Evid. 1002 or rule 1003.

### Doctrines of res judicata and collateral estoppel and Rooker-Feldman:

No conflict with any issues addressed in this motion exists as to the protection of any claims under either of the doctrines protecting finality of judgements.

Defendants' counsel made the following statement in DEFENDANTS' MOTION FOR LEAVE TO PROCEED ON THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, FILE THEIR ANSWER TO THE PLAINTIFF'S AMENDED COMPLAINT, AND CONVERT THE MOTION TO DISMISS TO ONE FOR JUDGEMENT ON THE PLEADINGS, on page 2, line 4:

"Furthermore, defendants' counsel understood that this Court was mindful that a trial scheduled in the Hampden County Superior Court with respect to certain allegations in the Amended Complaint which would have had a substantive effect on the defendants' Answer and/or other pleadings."

It should not, and here is why:

Pending action in state court, docket no. HDCV2002-1196 will adjudicate sole question, whether plaintiff's 2nd ANR application became constructively endorsed by the PBH's failure to take final

action.

Plaintiff did not join any officials in their individual capacity in his state action. Filing an action against a party in his official capacity does not preclude a plaintiff to file a later action against the same party in his individual capacity, see <u>Andres v. Daw</u>, 201 F.3d 521, 524-526 (4th Cir. 2000).

Rooker-Feldman doctrine would not preclude plaintiff from perusing any claims in this action:

"[R]ooker - Feldman doctrine did not bar federal district court from entertaining personal care home's suit challenging denial of zoning permit as violative of federal and state anti-discrimination statutes, even though state courts had affirmed denial of permit; home had not presented its disability- based discrimination claims to state courts, and federal district court would not have had to review state courts' determinations that denial was supported by substantial evidence in record. 28 U.S.C.A. s.1257." <u>Parkview Associates Partnership v. City of Lebanon</u>, 225 F.3d 321 (3rd DCA 2000).

To bring plaintiff's claims up in this Court is proper:

"[A]pplying that test to this case, we consider first whether Parkview's disability-based discrimination claims were actually litigated by the state court. We conclude that they were not. The record makes plain, and the City does not dispute, that Parkview did not present its disability- based discrimination claims to the state courts on appeal from the Board's decisions. Parkview neither cited the relevant statutes nor argued that the Board's decisions violated federal or state law prohibiting discrimination on the basis of disability." <u>Parkview Associates Partnership v. City of Lebanon</u>, 225 F.3d 321 (3rd DCA 2000).

In regards to collateral estoppel it is essential to raise claims in Federal Court before state action is adjudicated. Plaintiff has done so.

### Conclusion:

For the reasons stated herein, plaintiff moves this honorable Court to allow PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS MOTION FOR DEFAULT JUDGMENT BY THE COURT (20 pages) OR, IN THE ALTERNATIVE, TO RECONSIDER PLAINTIFF'S MOTION FOR LEAVE TO FILE A MEMORANDUM OF LAW

IN EXCESS OF 20 PAGES IN SUPPORT TO PLAINTIFF'S MOTION TO AMEND HIS MOTION FOR DEFAULT JUDGEMENT BY COURT OR, IN THE ALTERNATIVE, PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT.

August 4, 2004                    Peter K. Frei, plaintiff pro se

                                  *[signature]*

                                  P.O.Box 500
                                  Brimfield, MA 01010-0500
                                  phone:    413 245 4660
                                  cell:     413 626 3519

**CERTIFICATE OF SERVICE:**

On this 4th day of August 2004, I certify that I mailed a true copy of the above document, postage prepaid to:

> Nancy Frankel Pelletier, Esq., of
> Robinson Donovan, P.C.
> 1500 Main Street, Suite 1600
> Springfield, MA 01115

                                  *[signature]*

                                  Peter K. Frei

(http://www.01521.com/fed/fmolea07.htm)