UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.04-30070MAP

Peter K. Frei,           )
Plaintiff,               )
                         )
v.                       )
                         )
                         )
TOWN OF HOLLAND, et al,  )
Defendant(s)             )
                         )


PLAINTIFF'S MEMORANDUM IN SUPPORT TO HIS MOTION TO STRIKE ANSWERS
AND AFFIRMATIVE DEFENSES OF THE DEFENDANTS ANSWER,
AND, IN THE ALTERNATIVE,
FOR A MORE DEFINITE STATEMENT ON AFFIRMATIVE DEFENSES.


TABLE OF CONTENTS:

I. INTRODUCTION:..................................................2

II. ARGUMENT:.....................................................4

    A. Defendants waived defenses enumerated
       under Fed.R.Civ.P. 12(h)(1)...............................4

    B. Defendants improper answers "document speaks for itself"....4

    C. Defendants improper answers "allegations call for
       a legal conclusion to which the defendants are not
       obligated to respond".....................................6

    D. Defendants improper answers "to the extent that
       an answer is required"....................................7

    E. Defendants failure to make a reasonable inquiry to
       inform themselves in order to be able to either admit
       or deny the allegations..................................10

    F. Defendants raised insufficient "bare bone"
       boilerplate affirmative defenses.........................11

III. CONCLUSION:..................................................14

IV. **APPENDIX**:................................................18

    Enumerated list of paragraphs in PLAINTIFF'S AMENDED
    COMPLAINT defendants failed to answer in DEFENDANTS' ANSWER
    TO PLAINTIFF'S AMENDED COMPLAINT AND CLAIM FOR JURY TRIAL.....18

V. **EXHIBITS**:

    A. Minutes to the meeting of the Holland Conservation
       Commission of October 22, 1996..............................19

    B. Minutes to the meeting of the Holland Conservation
       Commission of November 26, 1996.............................20

---

## MEMORANDUM AND POINTS OF AUTHORITIES

I. **INTRODUCTION**:

Despite the fact that it is usually not very productive to police pleadings by motion, defendants' gross violation of rule 8(b) necessitates filing of this motion under rule 12(f) and 12(e). (Unless otherwise noted, all rules referred to herein are Rules of the Federal Civil Procedure.)

Plaintiff filed his complaint on April 5, and his amended complaint on April 21, 2004.

Almost five (5) months later and after filing five (5) motions, two (2) of which in the alternative, defendants finally filed their answer on September 14, 2004.

Defendants dilatory motions were all either denied by this court or withdrawn by the defendants' counsel.

Plaintiff did not oppose defendants' alternative request for more time included in defendants' first pre-answer motion, defendants motion for a more definite statement, and this court allowed that request.

Instead of committing themselves to a full answer, defendants, through their counsel, keep up their dilatory tactic in disregard of procedural law.

The practice employed by defendants' counsel prevents a speedy administration of justice contemplated by the Federal Rules of Civil Procedure to which this court and the plaintiff are entitled.

Instead of a pleading that fleshes out the real issues in dispute, defendants' counsel's answer is an instrument of evasion, obfuscation, and delay.

> "[A]nswer asserting want of knowledge sufficient to form a belief as to truth of facts alleged in a complaint does not serve as a denial if assertion of ignorance is obviously sham, and, in such circumstances, facts alleged in complaint stand admitted." Harvey Aluminum (Inc.) v. National Labor Relations Board, 335 F.2d 749 (9th Cir. DCA 1964).

Plaintiff is entitled to an answer that informs plaintiff of the real issues in controversy and plaintiff insists to have his complaint answered in compliance with the Rules of Federal Civil Procedure.

Almost all of defendants' evasive answers fail to raise an issue of fact and are subject to be stricken by this motion.

Zealous advocacy does not mean ignoring the rules. Disregard of unambiguous rules diminishes respect for the legal system, in fact, it deprives it of the right to call itself such.

> "[I]t is a breach of counsel's obligation to court to file an answer creating issues that counsel does not affirmatively believe have a basis.  Fed.Rules Civ.Proc. Rule 11, 28 U.S.C.A." Arena v. Luckenbach S. S. Co., 279 F.2d 186 (1st Cir. DCA, 1960).

## II. ARGUMENT:

### A. Defendants waived defenses enumerated under Fed.R.Civ.P. 12(h)(1)

Defendants first pre-answer motion was a motion for a more definite statement under rule 12(e). Defendants failed to include all defenses in that motion then available to the defendants.

Rule 12(g) provides in part:

> "A party who makes a motion under this rule may <u>join</u> with it <u>any</u> <u>other</u> <u>motions</u> herein provided for and <u>then</u> <u>available</u> to the party."

This omission by the defendants is a waiver of the defenses enumerated under rule 12(h)(1).

> "[U]nder Federal Rule of Civil Procedure 12(h) the defenses of lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process are waived if they are not included in a preliminary motion under rule 12, or if no such motion is made, they are not included in the first responsive pleading. Fed.R.Civ.P. 12(h); see also 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure 2d § 1391 (1990). Rule 12(h) waiver is mandatory, not discretionary, and the First Circuit has consistently applied a strict waiver rule to such cases. See Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment and Allied Indus. Fund, 967 F.2d 688, 691-92 (1st Cir.1992)." <u>Polaroid Corp. v. Feely</u>, 889 F.Supp. 21 (D.Mass.1995).

Therefore, the answers to the allegations contained in the following paragraphs must be stricken and this honorable Court needs to order all allegations concerning issues enumerated under rule 12(h)(1) and not disputed in defendants' pre-answer motion for a more definite statement, as admitted:

Paragraphs 3, 4, 5, 6, 7, 34, 35.

### B. Defendants improper answers "document speaks for itself"

By its terms, rule 8(b) offers pleader only three options. A

defendant can either admit, deny, or claim not to have sufficient information or knowledge to form a belief as to the truth of an averment.

Defendants' counsel is seeking to devise impermissible alternative answers to PLAINTIFF'S AMENDED COMPLAINT, contrary to the spirit and unambiguous language of rule 8(b).

This court granted defendants' counsel twice an extension of time, affording her plenty of opportunity to give the matter appropriate thought.

Defendants failed to deny one-hundred-nine-teen (119) allegations by pleading the irresponsive and insufficient answer containing the following statement:

> "The defendants say that they need not respond to the allegations contained in paragraph (n) of the plaintiff's complaint as the document speaks for itself."

Many practicing lawyers seem to preserve some of the philosophy that characterized practice under the codes and therefore utilize answers inconsistent with the spirit of the Federal Rules.

However, under modern pleading rules, an allegation not properly denied by the defendant is deemed to be admitted, rule 8(d), Effect of Failure to Deny, provides in part:

> "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the responsive pleading."

Federal District Court Judge, honorable Judge Milton Shadur, issued an attached Appendix as a compendium of the most frequently encountered pleading errors in his sua sponte memorandum opinion and order in the matter State Farm Mutual Automobile Insurance Company v. Riley.

Judge Milton Shadur's opinion is very clear on this issue, and as the issue concerns Federal procedural law, the precedent should be strongly persuasive:

> "[4] Another unacceptable device, used by lawyers who would prefer not to admit something that is alleged about a document in a complaint (or who may perhaps be too lazy to craft an appropriate response to such an allegation), is to say instead that the document "speaks for itself." This Court has been attempting to listen to such written materials for years (in the forlorn hope that one will indeed give voice)--but until some such writing does break its silence, this Court will continue to require pleaders to employ one of the three alternatives that are permitted by Rule 8(b) in response to all allegations about the contents of documents (or statutes or regulations)." <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276 (N.D.Ill. 2001).

Wright & Miller, Federal Practice and Procedure: Civil 3d § 1264 provides in part:

> "The third sentence of Federal Rule 8(b) requires that denials fairly meet the substance of the averments they purport to deny. Answers that neither admit nor deny but simply demand proof of the plaintiff's allegations, FN1 or pleadings that allege that averments in an earlier pleading are immaterial and do not require an answer are insufficient to constitute a denial. FN2 It also is insufficient to require the district court to peruse the documents to figure out which allegations are denied, FN3 or to claim that "the documents speak for themselves. FN4"

C. <u>Defendants improper answers "allegations call for a legal conclusion to which the defendants are not obligated to respond"</u>

Defendants denied ninety-three (93) allegations by pleading the following improper answer:

> "The defendants state that the allegations contained in paragraph (n) of the plaintiff's complaint call for a legal conclusion to which the defendants are not obligated to respond. To the extent that an answer is required, the

Page 6 of 18 Pages

> defendants deny the allegations contained in paragraph (n) of the plaintiff's complaint."

Defendants' counsel errs; she is obligated to respond to legal conclusions:

> "[3] Another regular offender is the lawyer who takes it on himself or herself to decline to respond to an allegation because it "states a legal conclusion." That of course violates the express Rule 8(b) requirement that all allegations must be responded to. But perhaps even more importantly, it disregards established law from the highest authority on down that legal conclusions are an integral part of the federal notice pleading regime (Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); and relatedly, see the opinion of our Court of Appeals in Jackson v. Marion County, 66 F.3d 151, 153-54 (7th Cir.1995))." <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276 (N.D.Ill. 2001).
>
> "[T]he complaint plainly charged several times that the effect of all these local restraints was to restrain interstate commerce. Whether these charges be called 'allegations of fact' or 'mere conclusions of the pleader,' we hold that they must be taken into account in deciding whether the Government is entitled to have its case tried." <u>U.S. v. Employing Plasterers Ass'n of Chicago</u>, 347 U.S. 186 (1954).

Neitzke v. Williams, 490 U.S. 319 (1989), and U.S. v. Employing Plasterers Ass'n of Chicago, 347 U.S. 186, are binding precedents.

See also Wright & Miller, Federal Practice and Procedure: Civil 3d § 1218, which provides in part:

> "It should be clear from an examination of the Official Forms that the federal rules do not prohibit the pleading of facts or legal conclusions as long as fair notice is given to the parties."

D. <u>Defendants improper answers "to the extent that an answer is required"</u>

Defendants failed to deny allegations of PLAINTIFF'S AMENDED

COMPLAINT by combining improper answers as described under paragraph II.B, C and E with the following improper sentence:

> "...to the extent that paragraph (n) is read to allege wrongdoing on the part of the defendants, the same is denied."

The following precedent is unpublished but nevertheless very clear and persuasive on this issue:

> "[M]oreover, each of those paragraphs compounds the problem by denying Safety's allegations "to the extent" that they pose some stated problem. That assertion is entirely uninformative, leaving it to the reader to guess what the pleader has in mind in that conditional denial." <u>Safety Nat. Cas. Corp. v. Dominick's Finer Foods, Inc. of Illinois</u>, 2003 WL 22872114 (N.D.Ill. 2003).

Here is another improper irresponsive answer. Defendants pleaded this answer many times to allegations which were clear and unambiguous:

> "The defendants say that they can neither admit nor deny the allegation contained in paragraph (n) of plaintiff's complaint as they are vague, unlimited in time, and incomprehensible. To the extent that an answer is required, the defendants neither admit nor deny the allegations contained in paragraph of plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegation contained therein and leave the plaintiff to his burden of proof."

As an example, this answer was given in response to plaintiff's allegations under paragraph 284. Defendants claim the allegations to be "vague" and "unlimited in time." Plaintiff's allegations under paragraph 284 begin with a date, the date of this meeting by the Holland Conservation Commission (HCC), the meeting of November 26, 1996.

The official written record, the minutes to this meeting, see EXHIBIT B, give an account to all allegations raised in paragraph

284.

The most revealing fact is the account in the official written record of the illegal vote the members took on the work proposed by plaintiff's Notice Of Intent (NOI).

With their illegal vote, the members of the HCC denied two proposed activities of plaintiff's NOI (propane tank foundation and underwater utility lines). These two (2) proposed activities were previously approved during the public hearing at the meeting of October 22, 1996, see HCC minutes of October 22, 1996, EXHIBIT A.

The minutes to the meeting of October 22, 1996, give a clear account of the decision by the members of the HCC:

> "The propane foundation is in place and we do not envision any problem with it.......Bruce, Helen and Paul agreed to this. Brian against underground work."

The minutes also give an account that the public meeting was closed that day, October 22, 1996.

A public hearing can only be closed after the end of deliberation and after the HCC makes a final decision on an NOI.

The decision reached during the public hearing at the meeting of October 22, 1996, was final.

The vote of November 26, 1996, on plaintiff's NOI therefore is a fiction and unlawful.

Plaintiff's allegations in paragraph 284 fall short of alleging that the members of the HCC took an illegal vote. All the alleged facts are part of the official record, still, the defendants claim not to have sufficient information or knowledge.

The defendants' are obligated to answer this and all other allegations to which they can obtain the necessary information

"needed to form a belief as to the truth of the allegations" by an inquiry into the public record, which is mandatory.

### E. Defendants failed to make a reasonable inquiry to inform themselves so they could either admit or deny plaintiff's allegations

Defendants are obligated to keep a record of minutes, letters, and other documents according to provisions under M.G.L., c.66.

These documents under the control of the different municipal boards and the town of Holland constitute the official written public record.

For instance, all facts as alleged by plaintiff under paragraph 282 of PLAINTIFF'S AMENDED COMPLAINT are established in the official written record, the minutes to the meeting of October 22, 1996, see EXHIBIT A.

The defendants categorically denied the facts as alleged under paragraph 282 based on lack of knowledge or information.

The defendants are obligated to make a reasonable inquiry and inform themselves about the facts contained in the public record in order to either admit or deny plaintiff's allegations.

> "[A]nswer to paragraph of complaint was not sufficient to constitute a denial where the information as to the allegations in that particular paragraph were reflected by a public record, and the defendants could have obtained definite information as to the truth of the allegations in the paragraph." U.S. v. Bartholomew, 137 F.Supp. 700 (W. D. Arkansas 1956).

Defendants claimed not to have sufficient information and knowledge and improperly denied one-hundred and six (106) allegations of PLAINTIFF'S AMENDED COMPLAIN. All these on-hundred and six (106) allegations can be proven by statements contained in the public record.

> "[A] defendant may not assert in his pleadings lack of knowledge or information as to matters of public record." <u>Porto Transport, Inc. v. Consolidated Diesel Elec. Corp.</u>, 20 F.R.D. 1 (S.D. New York 1956).

Wright & Miller, Federal Practice and Procedure: Civil 3d § 1261, provides in part:

> "However, a denial contradicted by the records of the court, information in a public record, or by other matters of which the district judge can take judicial notice is insufficient to raise an issue."

Federal Procedure, Lawyers Edition, provides in part:

> "Where a defendant's denial of facts alleged in a complaint indicates, not that the defendant is without knowledge or information sufficient to form a belief as to the truth of the averments, but rather that the defendant has no actual, firsthand knowledge of the facts averred, the denial is insufficient under FRCP 8(b) and the facts alleged will be taken as admitted. [FN5] Such is the case where a defendant states that he is without information sufficient to form a belief as to the truth of averments which are matters of public record. [FN6]" 27 Fed. Proc., L. Ed. § 62:71.

Some of the answers include two or more inappropriate forms as described under II. B, C, D, or E.

### F. Defendants raised insufficient "bare bone" boilerplate affirmative defenses

The purpose of pleading Affirmative Defenses, (ADs), under rule 8(c) in an answer is to inform and give opposing party notice of issue not raised in pleading and allready put at controversy by defendants' denial, and to prevent surprise.

> [P]urpose of rules pertaining to contents of answers and requiring matters constituting avoidance or affirmative defense to be affirmatively pleaded is to prevent surprise. Fed.Rules Civ.Proc. rules 8(b, e, f), 12(b, h), 28 U.S.C.A." <u>Lopez v. U. S. Fidelity & Guaranty Co.</u>, 18 F.R.D. 59 (1955).

Plaintiff moves to strike all ADs pursuant to rule 12(f), as they fail to meet the standard for pleadings under rule 8.

The following ADs included in defendants' answer fail to raise new issues and are surplusage (AD 5, 6, 7, 8, 11, 13, 14, 15, 16, 17, 18, and 19).

> "[M]atters which are in issue from complaint's inception need not be pleaded as affirmative defenses, because such matters will not surprise plaintiff if later raised by defendant. Fed. Rules Civ. Proc. Rule 8(c), 28 U.S.C.A." <u>FDIC v. Haines</u>, 3 F.Supp.2d 155 (D.C.Conn.1997).

Defendants <u>AD 6</u> is surplusage as plaintiff raised this issue in his complaint in the following paragraphs, 522, 545, 587, 600, 687, 725, 761, 785 (immunity or liability), 519, 541, 584, 599, 686, 719, 721, 813, 822 (good faith or malice), 525, 547, 563, 569, 603, 683, 684, 729, 794, 811, 825 (disregard of settled principles of law or not); <u>AD 7</u> in paragraphs 41, 85, 108, 109, 117, 126, 181, 297, 406, 421, 426, 438, 450, 518, 523, 544, 546, 586, 651, 659, 676, 677, 688, 708, 728, 779, 815; <u>AD 8</u> in paragraphs 522, 545, 587, 600, 687, 725, 761, 785; <u>AD 11</u> in paragraph 373, 761, 785; <u>AD 13</u> in paragraph 109, 117, 181, 406, 426, 438, 450, 518, 522, 544, 545, 566, 587, 600, 687, 724, 725; <u>AD 14</u> in paragraph 539, 717; <u>AD 15</u> in paragraph 131, 517, 532, 535, 538, 554, 558, 576, 579, 583, 610, 613, 617, 620, 624, 628, 632, 635, 639, 642, 649, 652, 656, 660, 664, 667, 670, 673, 681, 695, 698, 702, 706, 709, 713, 716, 747, 751, 755, 762, 765, 768, 780, 782, 786, 803; <u>AD 16</u> in allmost all paragraphs; <u>AD 17</u> in paragraph 400, 519, 541, 584, 599, 686, 719, 721, 813, 822; <u>AD 18</u> in most of the forementioned paragraphs; <u>AD 19</u> in paragraph 571, 605, 685, 733, 812, 826;

> If a "matter is so plainly put into issue by being embraced by the existing pleadings, the

> responsive pleader is not justified in inserting a putative [affirmative defense] out of some super abundance of caution." <u>Gwin v. Curry</u>, 161 F.R.D. 70 (N.D.Ill.1995).

The following ADs included in defendants' answer raise a new issue but fail to meet the notice requirement as they do not state facts sufficient to constitute a defense and/or are improper, immaterial, and/or impertinent (AD 2, 3, 4, 5, 9, and 15).

> "[A]ffirmative defense asserted in answer must apprise opposing counsel and court of its predicate; mere assertion of affirmative defenses by name, in formula-like fashion, will be stricken. Fed.Rules Civ.Proc.Rule 8(c), 28 U.S.C.A.
>
> (a) Where a claimed AD is inconsistent with a complaint's allegation, it will be stricken (nothing is lost by defendant in that situation, because the denial of that allegation in the answer has already put the matter at issue).
> (b) It is unacceptable for a party's attorney simply to mouth ADs in formula-like fashion ("laches," "estoppel," "statute of limitations" or what have you), for that does not do the job of apprising opposing counsel and this Court of the predicate for the claimed defense--which is after all the goal of notice pleading. Any such AD will also be stricken, but with leave often granted to advance a properly fleshed-out AD to the same effect the next time around." <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276 (N.D.Ill. 2001).

For instance, defendants in their AD 9 list a defense for an alleged accident.

Unless defendants' counsel can advance some specific allegations in regards to an accident, this AD proves that defendants' counsel just used "boilerplate" defenses which fail to apprise this Court and the plaintiff.

Plaintiff nowhere in his entire complaint claimed an accident had happened.

Defendants AD 10 must be stricken for several reasons.

M.G.L., c.231,s.6F Costs, expenses and interest for insubstantial, frivolous or bad faith claims or defenses provides in part:

> "Upon motion of any party in any civil action in which a finding, ...has been made.....the court may determine.....that all or substantially all of the claims.......made by any <u>party</u> who was <u>represented by counsel</u> during most or all of the proceeding, were wholly insubstantial, frivolous and not advanced in good faith......."

Defendants AD 10 must be stricken as plaintiff is not represented by counsel. If plaintiff would seek representation, defendants could then raise this AD at that time, with the argument that this defense was not available at the time defendants answered plaintiff's complaint, rule 12(g).

But this issue will not reach that question, as defendants' AD 10 must also be stricken as s.6F does not apply to Federal District Courts. The District Court is not enumerated in s.6E, definitions applicable to section 6E to 6G.

> "[t]he authority found in G.L. c.231,s.6F for the award of attorney's fees where claims are "wholly insubstantial, frivolous and not advanced in good faith" has not been extended to the district courts. G.L. c.231,s.6E. See Nissenbaum v. McGovern, 1995 Mass.App. Div. 153," <u>Isaacson v. Isaacson</u>, 2000 WL 1273590 (Mass.App.Div.).

Defendants' request for dissmissal disguised as AD (AD 12), is not an AD. The McGowan court includes a test whether an objection is an AD or not:

> "[T]he test seems to be whether the objection can be taken on a motion to dismiss. If not, then it must be taken by way of an affirmative defense." <u>McGowan v. Lehigh Valley R. Co.</u>, 3 F.R.D. 479 (D.C.N.Y.1942).

III. **CONCLUSION:**

Defendants' pre-answer motion for a more definite statement under rule 12(e) failed to include all defenses in that motion then available to the defendants. This omission by the defendants is a waiver under rule 12(g) of the defenses enumerated under rule 12(h)(1), and answers denying pertinent allegtations must be stricken pursuant to rule 12(g).

Defendants' answers are irresponsive and in violation of rule 8(b). Defendants' evasive answers fail to narrow the issues. This court needs to intervene and strike answers to paragraphs as specified in the APPENDIX to this memorandum. Enumerated allegations in the APPENIDIX are deemed admitted under rule 8(d), as they do not constitute proper-denials under rule 8(c).

All of defendants' affirmative defenses must be stricken, as they either fail raise new issues and are surplusage, or raise a new issue but fail to meet the notice requirement as they fail utterly to allege any facts supporting the defenses, or, are not proper, as a request for dissmissal is not an AD, or lack simply any base in law or equity.

Defendants answer is also in clear violation of rule 11. Rule 11, Representations to Court, provides:

> (b) "By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances,-"
>
> (b)(4) "the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief."

Defendants' answer is deficient and is not drafted in good

faith. Plaintiff urges this court to give this matter its attention, the rules are very clear and unambiguous and pertinent common law is persuasive precedent and also very clear on this issue.

Defendants' counsel skillfully delays, obfuscates and evades litigation of this matter for lack of a legally tenable defense.

Defendants' counsel filed previously a dispositive second pre-answer motion in violation of procedural law (rule 12(g) knowing (or she should have known) that assigned Magistrate Judge Neiman did not have the authority to rule on her dispositive motion as she failed to submitt the form to consent as required under rule 73(a), 28 U.S.C., s.636(c).

As this Court can sanction defendants' counsel under rule 11 on its own initiative, plaintiff will not burden this Court with an additional motion, a motion under rule 11.

Plaintiff complied with local rule 7(1)(a)(2) and called defendants' counsel, Nancy Pelletier, on September 21, to narrow issues. The attempt to narrow issues failed as Ms. Pelletier did not agree on any points outlined in the forgoing memorandum.

> "[O]ne who 'demurs generally' nowadays must be understood to do so, not only on what complainant shows, but also after having had his own conscience purged. Thus only is avoided the old and bad habit of trying everything else before stating facts." Boyd v. New York & H.R. Co., 220 F. 174 (1915).

What happened since those days back in 1915?

**WHEREFORE,** plaintiff respectfully motions this Court for an order which, (1) deems as waived defenses as outlined under II.A, (2) commands to strike certain paragraphs of defendants' answer and declares that the corresponding allegations set forth in the

complaint are admitted on the grounds that the answers are evasive, inadequate and uninformative, are not made in good faith and are not in accordance with rules 8(c) and 11, (3) commands to strike defendants' affirmative defenses on the grounds as outlined under II.F, and/or (4) will require defendants to submitt a more definite statment on defendants' affirmative defenses.

        Respectfully submitted by the plaintiff pro se

Peter K. Frei
P.O. Box 500
BRIMFIELD, MA 01010-0500
phone: 413 245 4660

**CERTIFICATE OF SERVICE:**

On this 4th day of October 2004, I certify that I mailed a true copy of the above document, postage prepaid to:

    Nancy Frankel Pelletier, Esq., of
        Robinson Donovan, P.C.
    1500 Main Street, Suite 1600
        Springfield, MA 01115

Peter K. Frei

IV. **APPENDIX:**

<u>Enumerated list of paragraphs in PLAINTIFF'S AMENDED COMPLAINT defendants failed to answer in DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND CLAIM FOR JURY TRIAL</u>

The following paragraphs of defendants answer include the improper statement "document speaks for itself" (argument under paragraph II.B of this memorandum):

52, 56, 69, 70, 82, 83, 87, 88, 92, 104, 105, 107, 110, 111, 115, 123, 124, 132, 134, 137, 144, 145, 147, 151, 154, 160, 162, 174, 184, 186, 187, 188, 195, 197, 203, 210, 215, 217, 222, 223, 224, 225, 226, 228, 236, 237, 238, 242, 245, 246, 249, 253, 260, 265, 278, 289, 291, 295, 300, 302, 303, 304, 305, 307, 311, 312, 313, 314, 315, 317, 318, 320, 321, 328, 330, 333, 341, 343, 344, 345, 346, 348, 349, 350, 354, 355, 369, 371, 372, 391, 402, 403, 404, 411, 418, 419, 420, 421, 425, 434, 435, 440, 441, 455, 458, 459, 460, 470, 481, 484, 487, 495, 502, 504, 509, 510, 511, 512, 829.

The following paragraphs of defendants answer include the improper statement "allegations call for a legal conclusion to which the defendants are not obligated to respond" (argument under paragraph II.C of this memorandum):

40, 44, 45, 46, 55, 67, 68, 71, 74, 85, 86, 96, 98, 99, 102, 106, 112, 113, 114, 117, 118, 126, 131, 133, 134, 135, 139, 140, 142, 143, 148, 150, 156, 158, 161, 163, 164, 175, 181, 189, 191, 194, 196, 200, 204, 205, 219, 220, 251, 252, 255, 283, 290, 297, 301, 325, 326, 327, 332, 373, 395, 398, 405, 406, 407, 408, 410, 415, 416, 417, 418, 419, 420, 421, 426, 427, 429, 434, 436, 437, 438, 439, 441, 442, 443, 449, 450, 451, 453, 456, 465, 503, 682.

The public record contains the information necessary to form a belive as to the truth of the allegations raised in the following paragraphs of PLAINTIFF'S AMENDED COMPLAINT (argument under paragraph II.E of this memorandum):

36, 40, 47, 48, 64, 65, 66, 72, 73, 75, 79, 81, 84, 89, 90 (minutes to meeting of July 13 instead of June 30), 91, 94, 95, 96, 100, 101, 103, 109, 111, 112, 116, 120, 125, 127, 128, 129, 130, 137, 138, 140, 141, 146, 153, 155, 157, 165, 166, 167, 168, 169, 170, 176, 177, 178, 180, 182, 183, 185, 193, 198, 201, 202, 216, 218, 229, 230, 241, 257, 258, 282, 284, 288, 294, 296, 299, 308, 316, 323, 324, 331, 347, 355, 362, 367, 370, 380, 385, 410, 414, 419, 420, 421, 424, 433, 434, 437, 441, 442, 443, 448, 449, 456, 467, 469, 484, 485, 486, 505, 507.

# Holland Conservation Commission

EXHIBIT A

Box 170  Holland  MA 01521

October 22, 1996

Meeting called to order at 8:00 p.m. by Paul Castonguay, Chairman. Paul was elected chairman of the HCC at this meeting. Present were: Paul, Brian, Helen and Bruce Shanbaum, our new member who was sworn in after our unofficial meeting on Oct. 15, 1996.

Paul checked the property of Mike Wrona on Lake Shore Dr. who erected a shed and did other work within 100' of the lake without a permit. He was notified thru his wife that he was to come to this meeting.

Andy Truax has two permits for wells. He wants permission to build on lots #3 and #4 on Polly Road. We have a letter of delineation showing that there are no wetlands on these lots. After an extensive discussion lot #3 was signed off. We need an engineered drawing from Andy Truax on all other lots.

Public Hearing for Donald Cantwell on Application for Determination of Applicability. He is having an artesian well put in by Charlton Well Co. HCC issued a Negative Determination. Gave instructions to Mr. Cantwell, silt fence and for no material to get into the lake. Hearing Closed.

Because we did not have a quorum last week, we continued the Public Hearing of Stanley Kaufman. We issued a Negative Determination allowing Mr. Kaufman to add 2, 3 or 4 tiles to deepen his shallow well. He will need a container to take away the extra material. Hearing closed.

Peter Frei - We checked his Soil Delineation Map. O.K. Hearing closed on proposed garage, retaining wall, steps and cobblestone driveway. Paul, Bruce and Brian checked Peter's place. Paul said that as long as Peter follows directions about silt fence, etc. there will be no trouble. The propane foundation is in place and we do not envision any problems with it. Do not disturb while doing any construction. We are to leave it up to the State Electrical Inspector to make a decision on these tubes. If anything goes wrong, Peter would put in overhead service and remove the underwater work. Bruce, Helen and Paul agreed to this. Brian against underground work. Peter wants to copy tapes of the last 3 or 4 meetings in which he was involved. HCC says that he cannot take the tapes from our office. We must now issue and Order of Conditions for the whole project. We closed Peter Frei's continued Public Hearing.

Adjouned 9:40 p.m.

*Helen E. Kreiger*
Helen E. Kreiger, Acting Secretary

approved 10/29/96
pc

HOLLAND CONSERVATION COMMISSION
Nov. 26, 1996

EXHIBIT B

Meeting called to order at 7:45 p.m. Present were Brian Roche, Bruce Shanbaum and Helen Kreiger.

Minutes of last meeting were read and approved.

Public Hearing for Raymond and Mona Lisa LaBonte. Conn. Valley Well Co. are installing an artesian well on their property at 151 Mashpaug Rd. We issued a Negative Determination, warning them of use of hay bales and silt fence.

We discussed Peter Frei's Order of Conditions. At the last meeting that Paul Castonguay attended, he took home Frei's material to complete the Order of Conditions. Since Paul's stroke we have been trying to get this material but to no avail. Thus we are starting from scratch. Taking a vote, we three members agreed to pass all work with the exception of foundation work for the propane tank and underwater utility lines that have not been approved by a licensed electrical engineer. Frei has no permits for this work.

Procedure Sheet #1369 issued to Mr. Murray of Shore Drive. He is to put in a sewer system approximately 200 feet from the lake Signed off by Brian Roche.

Next meeting, Dec. 2, 1996 will be a workshop.

Meeting adjourned at 8:45 p.m.

Respectfully submitted,

Helen Kreiger

*Helen Kreiger*