UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-30070-MAP

| | |
|---|---|
| PETER K. FREI, | ) |
|     Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| TOWN OF HOLLAND, BOARD OF HEALTH, | ) |
| HOLLAND CONSERVATION COMMISSION, | ) |
| HOLLAND POLICE DEPARTMENT, | ) |
| PLANNING BOARD, ZONING BOARD OF | ) |
| APPEALS, Ronald Benoit, Debra Benveniste, | ) |
| Sally Blais, Richard Blease, Harold E. Congdon, | ) |
| Robert Dymon, Robert Ford, Kevin Gleason, | ) |
| Benjamin Haller, William Hardy, Earl Johnson, | ) |
| Helen Kreiger, Marilyn LaPlante, Joanne May, | ) |
| Vincent J. McCaughey, Dora Metrelis, | ) |
| Arthur A. Quinn, Brian Roche, John Stevens, | ) |
|     Defendants | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MEMORANDUM IN SUPPORT
OF HIS MOTION TO STRIKE ANSWERS AND AFFIRMATIVE DEFENSES
OF THE DEFENDANTS' ANSWER, AND, IN THE ALTERNATIVE, FOR
A MORE DEFINITE STATEMENT ON AFFIRMATIVE DEFENSES**

NOW COME the defendants and hereby oppose the Plaintiff's Motion to Strike Answers and Affirmative Defenses or in the Alternative for a more Definite Statement on Affirmative Defenses.[1] As reasons for this opposition, the defendants state as follows.

    **A.**     **The Defendants Raised None Of The Affirmative Defenses Precluded Under Fed. R. Civ. P. 12(h)(1) And Therefore The Plaintiff's Argument That Said Defenses Are Waived Is Superfluous, Merely Intended To Harass the Defendants and Wasteful of Judicial Resources.**

---

[1] The defendants are not aware of any Rule of this Court which provides for a Motion For a More Definite Statement on Affirmative Defenses. See Fed. R. Civ. P. 12(e).

379018

In Section 1 of the plaintiff's legal argument, he asserts that under Fed. R. Civ. P. 12(h)(1), the defendants are precluded from raising the affirmative defenses cited therein based on their failure to raise them in their original motion under Fed. R. Civ. P. 12(b)(6). Those affirmative defenses are: lack of personal jurisdiction, improper venue, insufficiency of process or insufficiency of service. First, this Court never ruled on the plaintiff's motion that the defendants violated Fed. R. Civ. P. 12(h) as the parties agreed to voluntary withdraw their respective motions. Notwithstanding this fact, the defendants have not raised any of the aforementioned affirmative defenses in their answer. More importantly, counsel for the defendants explicitly discussed with the plaintiff, pursuant to Local Rule 7.1(A)(2), that since none of these affirmative defenses was raised, there did not appear to be a need to move to strike. In spite of this discussion, the plaintiff moves to have paragraphs 3, 4, 5, 6, 7, 34 and 35 of the answer either stricken or that a more definite statement be provided. Paragraphs 3, 4, 5, 6 and 7, all pertain to the identification of certain defendants and, as far as the defendants can see, do not implicate any of the aforementioned affirmative defenses. The remaining paragraphs, 34 and 35, do address venue. The defendants, however, do not raise improper venue as an affirmative defense to these allegations but merely answer that they have insufficient information from which they can draw a conclusion that venue is proper in these cases.

Given the above, the defendants submit to this Court that the first argument in the plaintiff's motion is nothing more than harassment and intended only to burden the defendants with yet more expense in responding to what is arguably a non-issue.

**B.**    **The Plaintiff Provides No Authority From This Jurisdiction That The Response "Document Speaks For Itself" Is Inappropriate Or Not To Be Used In Answering His Complaint.**

379018

The plaintiff has suggested that the defendants have run afoul of the spirit and unambiguous language of Rule 8(b) by responding to several of the paragraphs in his complaint that "the document speaks for itself" and that they are not required to respond any further. There is some irony in the position that the defendants have answered contrary to the spirit and unambiguous language of the rules in light of the fact that the plaintiff filed a complaint containing over *830* paragraphs expounded in *95* pages in the face of a rule requiring simple and concise notice pleading.

Nevertheless, to support his argument, the plaintiff relies on non-binding authority from the Northern District of Illinois authored by Judge Milton Shadur. *See, e.g. State Farm Mut. Auto. Ins. Co. v. Reilly,* 199 F.R.D. 276 (N.D. Ill. 2001). The defendants respectfully ask this Court to reject Judge Shadur's position and consider the specific paragraphs to which they responded in this way. As examples, the defendants ask the Court to consider paragraphs 107, 110, 111, 115, 132,162, 249, 260, 295, 313, 341, 354, 420, 421 and 481. These are only selected paragraphs of the complaint but in each of them, actual quotations are taken from documents or testimony and placed into the complaint. The defendants submit to this Court that this form of pleading is so violative of the simple and concise pleading requirement so as to make the corresponding answer requirement burdensome, onerous and prejudicial to the defendants. The plaintiff seems to suggest that the defendants have an obligation at this stage of pleading to gather all relevant documents, some going back over 10 years, if they still exist, review each and every one of them and essentially litigate the matter in the answer stage of the proceeding. Furthermore, in over 20 years of practice, defendants' counsel has never seen a motion to strike the response that "a document speaks for itself" and, in fact, is aware that such a response is common practice. See e.g., *McCall & Almy, Inc. v. Arthur D. Little, Inc.,* 2002 WL 432686

379018

(Mass. Super.). Exhibit 1. Finally, the defendants note that many of the documents to which the plaintiff refers were lost in a fire at the Holland Town Hall and that the plaintiff is well aware of this. For these reasons, the defendants ask this Court to deny the plaintiff's motion and to allow the response that the document speaks for itself.

      **C.**     **The Case Law To Which The Plaintiff Cites For The Position That It Is Improper To Answer That An Allegation Calls For A Legal Conclusion Are Inapposite.**

The plaintiff asks this Court to deem as admitted those paragraphs to which the defendants have answered that the allegation calls for a legal conclusion to which they an answer is not required. To support this position, the plaintiff cites two Supreme Court cases: *Neitzke v. Williams,* 490 U.S. 319 (1989) and *U.S. v. Employing Plasterers Ass'n of Chicago,* 347 U.S. 186. Neither of these cases is on point and neither suggests that the plaintiff is entitled to an admission or denial of allegations such as those contained (as examples) in paragraphs 71, 74, 85, 86, 99, 100, 102, 106, 112, 118, etc. This is just this short list of paragraphs to which the plaintiff would have the defendant admit or deny, however, these kinds of allegations are merely the plaintiff's method of trying to litigate his entire case through his complaint. For example, whether or not the plaintiff has a constitutional right to certain protections which specific defendants have violated or whether specific defendants have violated certain statutes or regulations are not answers the defendants can reasonably give but rather are allegations which go to the heart of the claims being made against the defendants and to the plaintiff's burden of proof. The defendants ask this Court to allow the response that an allegation calls for a legal conclusion to which they are not required to respond.

379018

**D.     It Is Not Improper For The Defendants To Further Answer That To The Extent An Answer Is Required, The Defendants Deny.**

The defendants incorporate herein their argument from section C above. Further, the plaintiff objects to the defendants answering that "to the extent an answer is required, the defendants deny." This language is intended to deny the allegations contained in each of these paragraphs should the Court determine that the objection to the allegations is not a sufficient answer. The plaintiff's argument that this response should not be allowed simply places form over substance and the defendants ask this Court to deny the plaintiff's motion.

**E.     Counsel For The Defendants Spent Over 30 Hours Preparing The Answer And There Is No Basis For The Plaintiff's Allegation That The Defendants Did Not Answer In Good Faith.**

The plaintiff alleges in Section E of his legal argument that the defendants failed to make reasonable inquiry to inform themselves as to how to respond to the allegations in the complaint. Attached hereto and marked as Exhibit 2 is defendants' counsel's Affidavit indicating the amount of hours spent preparing an answer to this complaint. As the Court can see by the Affidavit over 30 hours were spent in an attempt to answer this complaint as accurately as is humanly possible at this point in time. In addition to the fact that some of the allegations in this complaint are over 15 years old, that the Town Hall suffered a major fire in which documents were lost that are relevant this matter and that certain defendants are deceased or unavailable, the plaintiff nevertheless suggests that a good faith effort was not made to answer. The defendants state further that the plaintiff and defense counsel, pursuant to Local Rule 7.1(A)(2) also discussed this issue and that counsel indicated the enormous number of hours spent in preparing this answer and counsel's attempt to find and review certain public documents with respect to

379018

certain allegations. Despite this, the plaintiff makes these baseless assertions and the defendants ask the Court to reject this part of the plaintiff's motion as well.

### F. Affirmative Defenses.

Finally, the plaintiff has asked this Court to strike affirmative defenses 6, 7, 8, 11, 13, 14, 15, 16, 17, 18 and 19 because none of these defenses raises an issue not already addressed in the answer and that each is mere "surplusage." Inasmuch as the plaintiff is effectively acknowledging the defendants' right to assert these defenses during litigation, the defendants fail to understand what purpose, other than harassment, is served by filing a motion to strike these affirmative defenses. On top of being onerous and burdensome to the defendants, such a motion uses judicial resources cavalierly.

The plaintiff seeks to have this Court strike affirmative defenses 2, 3, 4, 5, 9 and 15 as either failing to state sufficient facts or is improper, immaterial or impertinent. The Court must reject these assertions.

Affirmative defense No. 2 raises the issue of statute of limitation and laches. The crux of the defendants' position is that well over half of the facts alleged in this complaint fall outside of the relevant statute of limitations. Further, while the defendants have not fully explored the possibility of filing a motion under the doctrine of laches, they reserve the right to do so further into the discovery phase. There is simply no basis upon which this affirmative defense should be stricken.

Affirmative defense No. 3 states that the plaintiff is not entitled to recover as the complaint does not set forth a claim upon which relief can be granted. Again, the defendants intend to argue that none of the counts alleged against the defendants state a claim upon which

379018

relief can be granted. The defendants will file a motion for judgment on the pleadings to support this assertion. There is no basis upon which affirmative defense No. 3 should be stricken.

The fourth affirmative defense is that the plaintiff has waived or should be estopped from asserting some or all of the claims set forth in his complaint. The defendants seek to reserve the right to make this argument after discovery has proceeded if discovery supports a waiver or estoppel argument. Inasmuch as the plaintiff waited more than 15 years to assert some of his claims, it is entirely reasonable that the defendants might assert a waiver or estoppel argument and ask that the Court not take away their right to do so.

The fifth defense is that the plaintiff's claims are barred by the doctrine of *res judicata* or collateral estoppel. As this Court is aware, there is a Superior Court action which is pending that deals with at least some part of the subject matter of the instant action. To that extent, the fifth affirmative defense contemplates a potential *res judicata* defense once (and if) final judgment enters in superior court while this claim is pending.

The ninth affirmative defense appears to have been included in error and the defendants have no objection to this defense being stricken.

The final affirmative defense to which the plaintiff objects is No. 15 which states that the defendants cannot be held liable under the theory of *respondeat superior*. As is argued in the defendants' motion for judgment on the pleading, supervisory liability and municipal liability cannot be found to exist on a theory of *respondeat superior*. This is an appropriate affirmative defense and should not be stricken.

## CONCLUSION

The defendants state in conclusion that for the reasons provided herein, the plaintiff's motion should be denied except as to the striking of the ninth affirmative defense. In the

379018

alternative, the defendants respectfully submit that if they are to answer with any more specificity than they already have done, that the plaintiff be made to refashion his complaint so that the pleading is simple and concise.

THE DEFENDANTS
TOWN OF HOLLAND, ET AL.


By  */s/Nancy Frankel Pelletier*
Nancy Frankel Pelletier, Esq., and


By  */s/Dorothy Varon*
Dorothy Varon, Esq., both of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
NFP BBO No.:  544402
DV BBO No.:  629609

## CERTIFICATE OF SERVICE

I, Nancy Frankel Pelletier, Esq., hereby certify that on this 15th day of October, 2004, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to Peter K. Frei, Pro Se, P.O. Box 500, Brimfield, MA 01010-0500.

Subscribed under the penalties of perjury.

*/s/Nancy Frankel Pelletier*
Nancy Frankel Pelletier, Esq.

379018