Westlaw.

Not Reported in N.E.2d
2002 WL 532686 (Mass.Super.)
(Cite as: 2002 WL 532686 (Mass.Super.))

Page 1

Only the Westlaw citation is currently available.

Superior Court of Massachusetts.

McCALL & ALMY, INC.,
v.
ARTHUR D. LITTLE, INC.

No. 014906BLS.

Jan. 22, 2002.

MEMORANDUM AND ORDER ON MOTION
FOR JUDGMENT ON THE PLEADINGS

ALLAN van GESTEL, Justice.

*1 This matter comes before the Court on a motion by the plaintiff, McCall & Almy, Inc. ("McCall & Almy"), for judgment on the pleadings pursuant to Mass.R.Civ.P. Rule 12(c). The defendant, Arthur D. Little, Inc. ("ADL"), opposes the motion.

BACKGROUND

McCall & Almy, a Massachusetts real estate advisory firm that specializes in assisting real estate users and investors in the sale and lease of corporate and institutional property, is suing for a broker's commission on the leasing of property (the "property") by ADL at Building 311, The Arsenal, Watertown, Massachusetts. ADL is the tenant of the property, and it sought to sub-lease a portion thereof. McCall & Almy served as the broker for the sub-tenant, Primix Solutions, Inc. ("Primix").

Section 13 of the sub-lease between ADL and Primix reads as follows:
> Each of Sublessee [Primix] and Sublessor [ADL] hereby represents and warrants to the other that it has not dealt with any broker or agent in connection with this Sublease other than McCall & Almy and Trammell Crow Company.

Sublessor shall be responsible for the payment of fees to such brokers. Sublessor agrees that McCall & Almy's fee, equal to $4.00 per rentable square foot of the Subleased Premises, shall be paid as follows: 50% upon the execution of this Sublease and 50% on the Rent Commencement Date ...

On September 11, 2000, ADL paid McCall & Almy $145,390.00 as the first installment of its fee in connection with the sub-lease from ADL to Primix. By the time of the Rent Commencement Date there was a dispute between ADL and Primix over what that date was, and other matters, concerning the sub-lease. Thus, ADL has refused to pay the second 50% of the fee to McCall & Almy.

On July 16, 2001, ADL brought suit against Primix in the Waltham Division of the District Court seeking summary process relief for eviction and for "base rent, subtenant's share of base building operating expenses and operating expenses of the complex and taxes due and payable on July 1, 2001, and use and occupancy, plus default interest and sublessor's costs and expenses, all as defined in and specified in the sublease ..." *Arthur D. Little, Inc. v. Primix Solutions, Inc.*, District Court Department, Waltham Division, Docket No. O1CUSP 594.

In its answer to the complaint of McCall & Almy herein, ADL has pled that it "denies" many of the allegations of the complaint, but has then gone on to state that the **document** alleged "**speaks for itself**" or that it admits the basic allegations to which it is responding. Further, ADL has included affirmative defenses to the effect, among other things, that the sublease was terminated or that Primix failed to comply with the terms thereof.

The principal aspect of the opposition to the motion by McCall & Almy for judgment on the pleadings is that the pleadings demonstrate that material facts and issues are in dispute and, therefore, judgment on the pleadings is not warranted.

DISCUSSION

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in N.E.2d  
2002 WL 532686 (Mass.Super.)  
**(Cite as: 2002 WL 532686 (Mass.Super.))**

Page 2

*2 A Rule 12(c) motion admits all well-pleaded allegations of the answer, and the Court must accept as true such inferences as may be drawn in the defendant's favor. *Sampson v. Lynn,* 405 Mass. 29, 30 (1989); *Natick Auto Sales, Inc. v. Department of Procurement and General Services,* 47 Mass.App.Ct. 625, 630 (1999). The Rule is "designed to cover the rare case where the answer admits all the material allegations of the complaint ... so that no material issue of fact remains for adjudication." Mass.R.Civ.P. Rule 12(c), Reporter's Notes. "If the [nonmovant] pleads by denial or by affirmative defense so as to put in question a material allegation of the complaint, judgment on the pleadings is not appropriate." *Tanner v. Board of Appeals of Belmont,* 27 Mass.App.Ct. 1181, 1182 (1989). Of course, conclusions of law from the facts alleged, are open for review on a Rule 12(c) motion. The answer here, however, is sufficient unless it shows beyond doubt that no provable set of facts would entitle the defendant to relief. *Harvard Law School Coalition for Civil Rights v. President & Fellows of Harvard College,* 413 Mass. 66, 68 (1992). The defendant bears a "relatively light burden," *Warner Lambert Co. v. Execuquest Corp.,* 427 Mass. 46, 47 (1998), and must be given the benefit of any doubt. *Kipp v. Keuker,* 7 Mass.App.Ct. 206, 210 (1979). These are "generous principles," and the Court will apply them in the way they are intended. *Connerty v. Metropolitan District Commission,* 398 Mass. 140, 143 (1986).

Among other things, ADL argues that McCall & Almy, insofar as it is proceeding against ADL pursuant to the sublease, is effectively a third-party beneficiary of the ADL/Primix sublease. McCall & Almy is not a party to the sublease, nor was it ADL's broker.

There is a dispute between ADL and Primix over whether the sublease was terminated. As a third-party beneficiary McCall & Almy cannot succeed against ADL to enforce a contract that has been terminated. See *Bain v. Pioneer Plaza Shopping Center LLC,* 894 P.2d 47, 50 (Colo.Ct.App.1995).

McCall & Almy had its contract for broker's services with Primix. Primix, apparently worked out an arrangement whereby ADL would pay its broker, McCall & Almy. However, there are no allegations in the complaint, admitted to by ADL, that ADL--as opposed to Primix--had an agreement with McCall & Almy regarding the broker's fees.

ADL's cryptic allegations in the Waltham District Court summary process proceeding come close to providing the admissions necessary for success by McCall & Almy here. See G.L.c. 231, Sec. 87. To this Court, however, under a Rule 12(c) motion, they are not close enough. "If the answer denies any material allegation in the complaint, or raises at least one legally sufficient affirmative defense, judgment on the pleadings will not lie, although summary judgment may." Smith and Zobel, *Rules of Practice,* 6 Mass. Prac. Series, Sec. 12.16.

*3 It appears, therefore, that given the underlying dispute between ADL and Primix, McCall & Almy should bring its complaint for the balance of its broker's fee against Primix--by whom it was engaged--and include ADL as a co-or third-party defendant through the ADL/Primix sublease. And while there may, on a generous reading of the present complaint, be enough pleaded to go forward here without Primix as a party, there is not enough to succeed against ADL on a Rule 12(c) motion; summary judgment is undoubtedly a better vehicle.

ORDER

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is *DENIED,* without prejudice to filing under Rule 56 after some discovery or supported by affidavit or other proof.

2002 WL 532686 (Mass.Super.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.