UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.04-30070MAP

Peter K. Frei,                    )
Plaintiff,                        )
                                  )
v.                                )
                                  )
TOWN OF HOLLAND, et al,           )
Defendant(s)                      )

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS EMERGENCY MOTION TO DENY DEFENDANTS' MOTION FOR JUDGEMENT ON THE PLEADINGS, OR, IN THE ALTERNATIVE, TO CONVERT MOTION FOR JUDGEMENT ON THE PLEADINGS INTO RULE 56 MOTION AND ALLOW BOTH PARTIES MORE TIME

Defendants' violated procedural law and prejudiced plaintiff.

Defendants' attorney, Nancy Frankel Pelletier, Esq., certified with her signature that she served plaintiff the motion on January 14, 2005 when in fact she served me four (4) days later, January 18, 2005.

This is a clear violation of Fed.R.Civ.P., Rule 5(d) which provides:

"All papers after the complaint required to be served upon a party...must be filed with the court....after service"

Defendants' also violated Local Rules of the District Court. Rule 5.2(b)(1) provides:

"All pleadings and other papers required to be served shall be filed in the office of the clerk promptly after service has been made"

The 14 day period allowed to file an opposition to a 38 page motion and/or memorandum is a short time considering that plaintiff is pro se, to allow defendants' to shorten this time by violating

Page 1 of 3 Pages

the procedural law would be prejudicial to plaintiff.

Defendants' attorney processed envelope containing motion to be served internally on Monday January 17, 2005 (Martin Luther King day). The envelope then was processed by the US Mail on Tuesday January 18, 2005, (see attached copy of envelope).

Plaintiff has also not been served by the defendants et all with a copy of a motion for leave to file a motion in excess of 20 pages. Such a motion is required under local rule 7.1(b)(4) prior to filing a motion in excess of 20 pages.

<u>To convert defendants' motion for judgement on the pleadings into rule 56 motion would move case forward in a constructive way and conserve judicial resources.</u>

Defendants' Motion for Judgement on the pleadings has "EXHIBIT ONE" attached. This court at its discretion can consider extrinsic material attached to such a motion. This court then, needs to convert defendants' motion for judgement on the pleadings into motion for summary judgement, see <u>Robert-Torres v. Hospital San Pablo, Inc.</u>, 205 F.3d 472, 475 (1st. Cir. 2000).

Plaintiff moves this court to convert the motion into a motion for Summary Judgement as such a rule 56 motion would move the case forward and the time spent by the District Court Judge, honorable Judge Michael A. Ponsor, would be better spent.

Plaintiff also moves to allow defendants' to amend their motion and plaintiff to prepare his cross motion for summary judgement.

Plaintiff pro se has also other briefs and papers to research and write in connection with the upcoming appeal in his action pending in Superior Court.

**WHEREFORE,** plaintiff respectfully motions this Court for an order which, (1) denies defendants' motion for judgement on the pleadings as defendants' failed to serve motion pursuant to Fed.R.Civ.P., Rule 5(d) and local Rule 5.2(b)(1); (2) in the alternative allow plaintiff more time to file an opposition to defendants 38 page motion/memorandum; (3) in the alternative, convert defendants motion for judgement on the pleadings into a motion under Rule 56 and allow both parties more time.

Respectfully submitted by the plaintiff pro se

Peter K. Frei
P.O. Box 500
BRIMFIELD, MA 01010-0500
phone: 413 245 4660

**CERTIFICATE OF SERVICE:**

On this 21st day of January 2005, I certify that I mailed a true copy of the above document with attachment, postage prepaid to:

Nancy Frankel Pelletier, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, MA 01115

Peter K. Frei

(http://www.01521.com/fed/fmemor02.htm)

