UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:  04-30070-MAP

PETER K. FREI,                                              )
     Plaintiff                                       )
                                                     )
vs.                                                        )
                                                     )
TOWN OF HOLLAND, BOARD OF HEALTH,                          )
HOLLAND CONSERVATION COMMISSION,                           )
HOLLAND POLICE DEPARTMENT,                                 )
PLANNING BOARD, ZONING BOARD OF                            )
APPEALS, Ronald Benoit, Debra Benveniste,                  )
Sally Blais, Richard Blease, Harold E. Congdon,            )
Robert Dymon, Robert Ford, Kevin Gleason,                  )
Benjamin Haller, William Hardy, Earl Johnson,              )
Helen Kreiger, Marilyn LaPlante, Joanne May,               )
Vincent J. McCaughey, Dora Metrelis,                       )
Arthur A. Quinn, Brian Roche, John Stevens,                )
     Defendants                                      )

### DEFENDANTS, TOWN OF HOLLAND'S ET. AL., OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO DENY THE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

NOW COME the defendants, Town of Holland, et. al., (the "Town"), and hereby oppose the Plaintiff's Emergency Motion to Deny the Defendants' Motion for Judgment on the Pleadings (the "Motion").  The Town states as an initial matter that the plaintiff has failed to conform with Local Rule 7.1A(2) which requires a good faith attempt to resolve or narrow issues prior to filing motions.  The plaintiff made no attempt to contact the Town to do so in this case.  As further reasons for this opposition, the Town states as follows.

**1. Defendants' Failure to File A Motion for Leave To File A Brief In Excess of 20 Pages.**

On or about January 14, 2005, the Town electronically filed a Motion for Judgment on the Pleadings (the "Motion").  The Memorandum of Law attached to the Motion was in excess of

389767

20 pages. A Motion to Dismiss and Memorandum of Law, essentially identical to the Motion and Memorandum at issue now, were filed by the Town on or about June 30, 2004 along with a Motion for Leave To File a Brief in Excess of 20 Pages ("Motion for Leave"). Due to procedural issues not relevant here, the Town agreed to withdraw its Motion to Dismiss. After those procedural matters were resolved, the Town filed its Motion and Memorandum of Law, and inadvertently failed to re-file another Motion for Leave. The Town therefore, asks this Court to accept its original Motion for Leave or, in the alternative, to allow the Town to re-file same.

**2. Certificate of Service Date Discrepancy**

The Town states further, that to the extent the Certificate of Service indicated January 14, 2005 as the date of service but the actual mailing date was January 17, 2005, the Town states that said discrepancy was a clerical oversight and that the Town would have no objection to the plaintiff being provided with any equivalent amount of extra time in which to respond to the Motion. Inasmuch as the plaintiff has indicated that he did receive the Motion and that there will be no prejudice to the plaintiff if he is provided with this additional time, the Town respectfully asks this Court to deny the plaintiff's Motion to Strike the Motion for failure to serve. Had the plaintiff conferred with the Town prior to filing this Motion, which the Rules require him to do, *see* Local Rule 7.1, and simply requested more time in which to respond, counsel would have certainly agreed.

**3. Conversion of Motion For Judgment on the Pleadings Into Summary Judgment Motion**

The Town also opposes the plaintiff's motion to convert its Motion for Judgment on the Pleadings into a summary judgment motion on the basis that the Town attached an Exhibit to its motion. Exhibit 1, a partial docket sheet, was provided to inform the Court that Hampden County Superior Court Docket No. HDCV2002-01196 referred to in the plaintiff's Complaint

has been decided in favor of the Town.  To the extent that the plaintiff referenced this action in

his complaint, the Town merely attached the exhibit to support its assertion that the matter had

been resolved at trial in favor of the Town. The Town submits that the Court can take judicial

notice of such a matter and that the request to convert the Motion for Judgment on the Pleadings

into a summary judgment motion on this basis is legally untenable.  The Town states further that

the plaintiff's complaint is 95 pages long and that no discovery has yet been done pending the

outcome of the Motion for Judgment on the Pleadings.  The Town would be severely prejudiced

if it were not permitted to do discovery on this matter for any count that remains after the Motion

for Judgment on the Pleadings is ruled upon.

## CONCLUSION

For the aforementioned reasons, the Town requests the Court deny the plaintiff's Motion

to Strike the Town's Motion for Judgment on the Pleadings as well as deny the plaintiff's Motion

to convert this into a Motion for summary judgment.

<div style="margin-left:40%">

THE DEFENDANTS
TOWN OF HOLLAND, ET AL.

By____*/s/Dorothy Varon*_____
Dorothy Varon, Esq., both of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.:  629609

</div>

## CERTIFICATE OF SERVICE

I, Dorothy Varon, Esq., hereby certify that on this 24th day of January, 2005, I served a copy
of the above upon the parties in the action by mailing, postage prepaid, to Peter K. Frei, Pro Se,
P.O. Box 500, Brimfield, MA 01010-0500.

Subscribed under the penalties of perjury.

<div style="margin-left:40%">

_____*/s/ Dorothy Varon*_____
Dorothy Varon, Esq.

</div>

389767