UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30070MAP

Peter K. Frei,                )
Plaintiff,                    )
                              )
v.                            )
                              )
TOWN OF HOLLAND, et al,       )
Defendant(s)                  )

**PLAINTIFF'S MEMORANDUM IN SUPPORT TO HIS MOTION TO AMEND HIS COMPLAINT FOR THE SECOND TIME AND ALSO TO SUPPLEMENT HIS COMPLAINT**

This court will agree with plaintiff, that this case is a complex case, especially for a plaintiff pro se who is a layman.

Even for experienced lawyers, it is not unusual to amend complex civil rights cases.

Plaintiff will litigate this case to the end regardless of what it takes. Plaintiff assures this court that this court's time will not be wasted as plaintiff will never give up and the case will never be dismissed for failure to litigate.

At the present time, DEFENDANTS' MOTION FOR JUDGEMENT ON THE PLEADINGS is pending before this court. Plaintiff was waiting to include amendments to cure deficiencies this court may notice and allow plaintiff to cure. Plaintiff intended to cure such deficiencies together with the deficiencies plaintiff found while preparing PLAINTIFF'S OPPOSITION WITH MEMORANDUM TO DEFENDANTS' MOTION FOR JUDGEMENT ON THE PLEADINGS.

Some of the allegations plaintiff intends to amend fall under

the equitable exception of the "continuing violation doctrine," other allegations will still fall within the three year statute of limitations if filed before June 18, 2005 and/or July 2, 2005 (dates of meetings with the planning board during which plaintiff submitted his 1st Approval Not Required, ANR, application for a division of his parcel of land.

## WHAT THE SECOND AMENDMENT INCLUDES

The second amendment pursuant to Fed.R.Civ.P., rule 15(a), includes the following additional COUNTS and allegations etc.:

**COUNT LXII**, (refusing or neglecting to prevent policy to discriminate class of persons with different national origin), page 95;

**COUNT LXIII**, (constructive taking of property), page 96; combining allegations for "intentional interference with prospective contractual relations" previously included in count **XLIX** and LV into count XLIX and changing count LV to a count for "intentional interference with advantageous business relationship," page 86 and page 89;

particular allegation that defendants Dymon and Congdon knew of plaintiff's contract to buy dwelling, § 59, page 7;

particular allegation that defendant Blease knew of contractual relations between plaintiff's electrician and plaintiff, §§ 311-313, page 28;

particular allegations how defendants treated plaintiff different in support of plaintiff's counts for violations of

"equal protection of the laws," §§ 63, 72, 73, 86, 97, 117, 144, 151, 182, 237, 306, 506 an 514;

elements "reckless" and "negligent" in COUNT LX (infliction of mental and emotional distress), § 837, page 93;

conclusory allegation "defendants' conduct was extreme and outrageous" in COUNT LX (infliction of mental and emotional distress)," see § 838, page 93;

particular dates plaintiff was treated for mental and emotional distress, §§ 486, 496, 501, 518, 524, 577 and 578;

particular allegations how defendants failed to perform their ministerial duty, §§ 60-61, 66-70, 112-113, 129-130, 149, 180-181, 191-194, 251-151, 195-196, 299, 374, 409, 410, 460, 493, 498 and 506;

particular allegations that plaintiff has a constitutional protected property interest in a "constructive endorsement" of his 1st and 2nd Approval Not Required application, §§ 475 and 500;

correction from "mounted" to "mounded" subsurface sewage disposal system, § 147, page 15, and § 166, page 16.

correction from "reviews" to "revises," § 369, page 33.

Plaintiff removed duplicate paragraphs and other redundant phrases; plaintiff also made changes to clarify and amplify allegations defendants' referred to as "vague, unlimited in time, and incomprehensible" in their answer to PLAINTIFF'S AMENDED

COMPLAINT; plaintiff clarified allegations and named defendants' individually in relevant allegations defendants' are seeking a judgement on the pleadings in their favor for allegedly not naming them individually; plaintiff also added "jointly and severally" in § 1 and § 11 of his prayer for relief.

Plaintiff also added claim that this court has diversity jurisdiction under 28 U.S.C., s.1332(a)(2) over defendants residing out of state, Benjamin Haller and Robert Ford, to avoid lack of jurisdiction by this court over this two defendants on state law claims. Right to amend complaint to cure jurisdictional issues is afforded by 28 U.S.C., s.1653 in addition to Fed.R.Civ.P., rule 15(a).

The second amendment pursuant to Fed.R.Civ.P., rule 15(d), includes the following supplemental allegations:

> particular allegation that defendants' counsel McCaughey made a deliberate false statement of law in DEFENDANTS' CLOSING BRIEF, dated September 13, 2004, to win the related case in Superior Court, §§ 579-585, page 56;

### STANDARD TO GRANT LEAVE TO AMEND:

Fed.R.Civ.P. 15(a) provides: "and leave shall be freely given when justice so requires."

Plaintiff's first amended complaint was filed as "a matter of course" and not with leave by this court and does not count as amendment, see Bryant v. DuPree, 252 F3d 1161 (11th Cir. 2001).

Liberal approach to leave to amend "applies with particular force to pro se litigants," Pangburn v. Culbertson, 200 F3d 65,70 (2nd Cir. 1999).

Even for non "pro se" litigants, "Rule 15(a) creates strong presumption in favor of permitting amendment," Lowrey v. Texas A & M University System, 117 F3d 242 (5th Cir. 1997).

The decisive factor whether to grant leave to amend or not is whether the defendants' would be prejudiced by granting leave to amend.

Clearly, the defendants will not be prejudiced by the second amended complaint as neither party has yet complied with the mandatory disclosure requirement of Fed.R.Civ.P. 26(a)(1) and absolutely no discovery took place yet on either side.

As a matter of fact, this court granted DEFENDANTS' MOTION TO STAY PROCEEDINGS UNTIL THIS COURT RULES ON THE DEFENDANTS' MOTION FOR JUDGEMENT ON THE PLEADINGS and precluded plaintiff from starting with the discovery process.

The DCA of the 3rd District found:

"Absent a showing by the party opposing the motion to amend that the motion will seriously prejudice the presentation of this claim or defense, the court's failure to allow the motion will constitute an abuse of discretion and will warrant reversal," Deakyne v. Commisioner of Lewes, 416 F2d 290 (3rd Cir. 1969).

True, this case did not get far yet, plaintiff's amended complaint was filed more than 13 month ago (April 21, 2004). However, plaintiff does think that it is imperative to have deficiencies in the pleadings cured as plaintiff wants to built his case on a solid foundation as he will have to "live with it" for the coming years and expects this litigation to be very contentious and to be fought zealously.

Even so this motion to amend comes more than a year after plaintiff filed his amended complaint, "Untimeliness alone is insufficient ground to deny leave to amend," Viernow v. Euripides

Development Corp., 157 F3d 785, 799 (10 Cir. 1998).

All new claims and allegations are intimately related to the claims already pleaded.

WHEREFORE, plaintiff respectfully motions this court to allow the plaintiff to amend his complaint pursuant to Fed.R.Civ.P., rule 15(a), and to supplement his complaint pursuant to Fed.R.Civ.P., rule 15(d).

June 17, 2005                                  Peter K. Frei, plaintiff pro se

                                               *[signature]*

                                               P.O.Box 500
                                               Brimfield, MA 01010-0500
                                               phone:    413 245 4660
                                               cell:     413 626 3519

---

**CERTIFICATE OF CONSULTATION** pursuant to local rule 7.1A(2):

I. Peter K. Frei plaintiff pro se, hereby certify that on June 7, 2005, I conversed with defendants' counsel Nancy Pelletier in person, and with defendants' counsel Dorothy Varon by telephone on June 14, 2005, in a good faith effort to resolve or narrow the issues herein.

                                               *[signature]*

June 17, 2005                                  Peter K. Frei, plaintiff pro se

---

CERTIFICATE OF SERVICE:

On this 17th day of June 2005, I certify that I mailed a true copy of the above document, PLAINTIFF'S MOTION TO AMEND COMPLAINT, and also a copy of PLAINTIFF'S CERTIFIED SECOND AMENDED COMPLAINT, postage prepaid to:

> Nancy Frankel Pelletier, Esq., of
> Robinson Donovan, P.C.
> 1500 Main Street, Suite 1600
> Springfield, MA 01115

Peter K. Frei

(http://www.01521.com/fed/f14memor.htm)