UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:  04-30070-MAP

| | |
|---|---|
| PETER K. FREI, | ) |
|     Plaintiff | ) |
| vs. | ) |
| | ) |
| TOWN OF HOLLAND, BOARD OF HEALTH, | ) |
| HOLLAND CONSERVATION COMMISSION, | ) |
| HOLLAND POLICE DEPARTMENT, | ) |
| PLANNING BOARD, ZONING BOARD OF | ) |
| APPEALS, Ronald Benoit, Debra Benveniste, | ) |
| Sally Blais, Richard Blease, Harold E. Congdon, | ) |
| Robert Dymon, Robert Ford, Kevin Gleason, | ) |
| Benjamin Haller, William Hardy, Earl Johnson, | ) |
| Helen Kreiger, Marilyn LaPlante, Joanne May, | ) |
| Vincent J. McCaughey, Dora Metrelis, | ) |
| Arthur A. Quinn, Brian Roche, John Stevens, | ) |
|     Defendants | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO
AMEND COMPLAINT AND SUPPLEMENT HIS COMPLAINT**

**PROCEDURAL HISTORY**

The plaintiff initially filed a complaint it the above-captioned matter on or about April 5, 2004.  He filed an Amended Complaint on or about April 21, 2004.  The defendants filed a Motion to Dismiss on or about June 30, 2004 and, after a Scheduling Conference, ultimately filed an Answer and Motion for Judgment on the Pleadings on January 14, 2005.  Further, the defendants filed a Motion to Stay Proceedings until the Court rules upon the defendants' Motion for Judgment on the Pleadings on or about February 24, 2005.  That motion was allowed in part on or about February 28, 2005.  No action has been taken on the defendants' Motion for Judgment on the Pleadings nor has a hearing date thereon been set.

On or about June 17, 2005, some six months after the filing of the Motion for Judgment on the Pleadings, the plaintiff filed a Motion to Amend and Supplement the Complaint for the Second Time.

403272

It is the position of the defendants that the filing of the motion is in violation of the spirit of the Court's order staying certain proceedings until a determination as to the Motion for Judgment on the Pleadings could be made. The defendants should not be put to responding to another inordinately large pleading, again, in excess of 878 paragraphs, until this Court has had the opportunity to determine which, if any, of the claims of the plaintiff will be allowed to proceed.

The defendants recognize that the plaintiff is attempting to correct deficiencies in his initial complaint raised by the defendants' Motion for Judgment on the Pleadings. While the defendants, again, submit that they should not be put to the task of specifically identifying the deficiencies in the proposed amendments, suffice it to say that it their position that the bulk of the proposed amendments suffer from the same deficiencies and would, therefore, be subject to the same arguments as set forth in the original motion.

To the extent that the plaintiff now seeks to add additional counts with new causes of action, the defendants vehemently object to the same.

As the First Circuit has recently noted, a "motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed." *Steir v. Girl Scouts of the USA, et al*, 2004 WL 1949063 (1st Cir.). The Court further noted that leave to amend is to be:

> 'freely given when justice so requires,' *id.,* unless the amendment 'would be futile, or reward, *inter alia,* undue or intended delay.' *Resolution Trust Corp. v. Gold,* 30 F.3d 251, 253 (1st Cir. 1994). As a case progresses and the issues are joined, the burden on a plaintiff seeking to amend a complaint becomes more exacting.

*Id.*

Here, the plaintiff, as noted above, has proffered no reason whatsoever for the delay in raising new allegations in this case and/or moving to amend at so late a date. As noted above, it is the plaintiff's burden to prove to this Court that amendment at this late date is appropriate and the plaintiff's motion fails entirely in this regard.

403272

In short, the defendants object to the plaintiff's Motion to Amend as it is in violation of the spirit of this Court's order staying further actions until a decision on the defendants' Motion for Judgment on the Pleadings and/or based upon the doctrine of futility of amendment. See *Vargas v. McNamara,* 608 F.2d 15, 17 (1st Cir. 1979). To the extent that the Court wishes further detail and argument on the futility of amendment issue, the defendants respectfully request leave to further brief the same. Because, however, they do not believe they should be put to this task in light of this Court's prior order, the defendants do not go into great detail on this issue at present.

## CONCLUSION

WHEREFORE, based upon the foregoing, the defendants respectfully request that the plaintiff's Motion to Amend be denied.

> THE DEFENDANTS
> TOWN OF HOLLAND, ET AL.
>
> By    */s/ Nancy Frankel Pelletier*
> Nancy Frankel Pelletier, Esq., of
> Robinson Donovan, P.C.
> 1500 Main Street, Suite 1600
> Springfield, Massachusetts 01115
> Phone (413) 732-2301  Fax (413) 785-4658
> BBO No.:  544402

## CERTIFICATE OF SERVICE

I, Nancy Frankel Pelletier, Esq., hereby certify that on this 29th day of June, 2005, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to Peter K. Frei, Pro Se, P.O. Box 500, Brimfield, MA 01010-0500.

Subscribed under the penalties of perjury.

> */s/ Nancy Frankel Pelletier*
> Nancy Frankel Pelletier, Esq.

403272